```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x
Jane Doe 1, Individually and
on behalf of all others
similarly situated,

                Plaintiffs,

        v.                          18 Civ. 10018 (JSR)

Deutsche Bank
Aktiengesellschaft, Deutsche
Bank AG New York Branch,
Deutsche Bank Trust Company
Americas,
                Defendants.
------------------------------x
Jane Doe 1, Individually and
on behalf of all others
similarly situated,

                Plaintiffs,

        v.                          18 Civ. 10019 (JSR)

JP Morgan Chase & Co.,

                Defendants.
------------------------------x


                                    New York, N.Y.
                                    December 5, 2022
                                    9:30 a.m.

Before:

                HON. JED S. RAKOFF,

                                    District Judge
```

APPEARANCES

BOISE SCHILLER & FLEXNER LLP
    Attorneys for Plaintiffs
BY:  DAVID BOIES
    SIGRID S. McCAWLEY

EDWARDS POTTINGER LLC
    Attorneys for Plaintiffs
BY:  BRADLEY J. EDWARDS
    BRITTANY HENDERSON

ROPES & GRAY LLP
    Attorneys for Defendant Deutsche Bank Aktiengesellschaft
BY:  JAMES P. DOWDEN
    LISA H. BEBCHICK

WILMER CUTLER PICKERING HALE AND DORR LLP
    Attorneys for Defendant JP Morgan Chase & Co.
BY:  FELICIA ELLSWORTH
    HILLARY CHUTTER-AMES
    ROBERT L. BOONE
    BOYD JOHNSON

1          (Case called)

2          (Appearances noted)

3          THE COURT: So, a couple of housekeeping matters. I received just now, apparently it was handed to my law clerk, two proposed orders, permission *pro hac vice*, one from Felicia Ellsworth, the other from Hillary Chutter-Ames. Are any of them here?

8          MS. ELLSWORTH: Yes, your Honor. Felicia Ellsworth and Ms. Chutter-Ames.

10         THE COURT: So, under the rules of the Southern District of New York, you were supposed to provide a certificate of good standing from your state court admission. I don't see them.

14         MS. ELLSWORTH: No, your Honor. The reason for the oral motion is we were just brought into this case on Wednesday of last week and I could not obtain a certificate of good standing from Massachusetts before today's conference. So, in order to appear today, wanted to make an oral motion. Happy to follow up. We have the certificate on order.

20         THE COURT: You're admitted in Massachusetts?

21         MS. ELLSWORTH: That's correct, your Honor.

22         THE COURT: When you were admitted?

23         MS. ELLSWORTH: June 2006, your Honor.

24         THE COURT: 2006. You don't look more than 13.

25         MS. ELLSWORTH: Thank you, your Honor.

1               THE COURT:  Let me turn to Ms. Chutter-Ames.

2               When were you admitted and to what bar?

3               MS. CHUTTER-AMES:  In 2019 to the bar of the State of

4     Illinois.

5               THE COURT:  And do both of you represent that you are

6     still in good standing and have not been the subject of any

7     disciplinary activity?

8               MS. ELLSWORTH:  Yes, your Honor.

9               MS. CHUTTER-AMES:  Yes, your Honor.

10              THE COURT:  So I should note for the record that

11    Ms. Chutter-Ames is my former law clerk.  I never recuse myself

12    when a former law clerk appears before me, but I always give

13    them a very hard time.  So if you are prepared for that, we

14    will proceed and I will approve both of these motions and give

15    them to my courtroom deputy.

16              MS. ELLSWORTH:  Thank you, your Honor.

17              THE COURT:  Now, is either defendant planning on

18    bringing a motion to dismiss?

19              MS. ELLSWORTH:  Yes, your Honor.  JP Morgan Chase is

20    intending to file a motion to dismiss.  We have an agreed

21    schedule for that motion that's been submitted --

22              THE COURT:  When is your time to answer?

23              MS. ELLSWORTH:  We have not yet been served, so we

24    don't have a time to answer.

25              THE COURT:  You haven't been served?

MC5CdoeC

MS. ELLSWORTH:  We haven't, your Honor.

MR. DOWDEN:  Neither have the Deutsche Bank defendants, your Honor.

THE COURT:  Can plaintiff counsel please explain -- I know it must be extremely difficult to serve JP Morgan Chase, they only have about 95 branches in the City of New York.

MR. BOIES:  Your Honor, I apologize.  We have had an issue on service with respect to some of the foreign entities that are named, which I had anticipated they would accept service on.  I was not aware that we had not completed service on JP Morgan and Deutsche Bank, which, as the Court says, would be incredibly easy to do.

THE COURT:  Let me ask counsel for the defendants, are you prepared to accept service?

MR. DOWDEN:  Your Honor, we're prepared to accept on behalf of our --

MS. ELLSWORTH:  Yes, your Honor, we're prepared to accept service.

THE COURT:  Let's make sure that service is accomplished by noon today.

MR. BOIES:  Thank you, your Honor.

THE COURT:  Now, you had a proposed schedule for JP Morgan's motion to dismiss?

MS. ELLSWORTH:  Yes, your Honor.  We proposed that it would be filed by January 17th, with --

1          THE COURT:  January 17th?  What is your ground for
2  moving to dismiss?
3          MS. ELLSWORTH:  So it's a 12(b)(6) motion, your Honor.
4  There are claims under the TDPA as well as under the Adult
5  Youth Survivors Act.  It's the failure to state a claim under
6  both counts, which will -- there is also classic claims in this
7  case, although class certification at least on the schedule the
8  parties have agreed to would have to have been later.  But,
9  your Honor, we submit that we can put together a motion that
10 would be on all claims in the case filed by January 17th.
11         THE COURT:  All that makes sense, but since you
12 already know what grounds you're going to move on, why do you
13 want to wait until January 17th?
14         MS. ELLSWORTH:  It's a combination of factors, your
15 Honor.  We're happy to move on whatever schedule the Court
16 sets, but we had set January 17th to allow sufficient time,
17 both with the intervening holidays as well as for a client
18 review and all of that.
19         It is a pretty substantial motion, I would say it's a
20 lengthy complaint with various allegations, so we want to make
21 sure we bring the best arguments forward to the Court, but
22 again, we're happy to proceed on whatever schedule the Court
23 sets.
24         THE COURT:  I think on a more expedited schedule,
25 we're going to have discovery begin promptly.  So I presume you

MC5CdoeC

1    would like to have that motion resolved sooner rather than
2    later.
3             MS. ELLSWORTH:  That's correct, your Honor.
4             THE COURT:  Can you file that motion next week?
5             MS. ELLSWORTH:  Your Honor, if we can have until the
6    end of December, that would certainly allow sufficient time to
7    make sure that we fully ventilate all the issues we would want
8    to raise.  As I said it's a lengthy --
9             THE COURT:  Of course, the end of December means that
10   your young associates will have to spend the holiday week doing
11   the work that needs to be done and checking citations and
12   things like that while you're off with your partners in your
13   undoubtedly wonderful holiday vacation.  Why not before?
14            MS. ELLSWORTH:  Your Honor, again, we're happy to
15   proceed on whatever schedule you submit.  I would suggest
16   December 30th would allow us sufficient time to put together
17   the motion to dismiss, but I'm happy to proceed on whatever
18   schedule the Court sets.
19            THE COURT:  It sounds excessive to me, but all right.
20   The motion to dismiss in JP Morgan Chase, moving papers
21   December 30th.
22            How long does plaintiffs' counsel want for answering
23   papers?  I'll give you the choice of two weeks or two weeks.
24            MR. BOIES:  We'll take two weeks, your Honor.
25            THE COURT:  So answering papers, that will be

MC5CdoeC

1  January 13th.
2           Reply papers, you want January 20th, don't you?
3           MS. ELLSWORTH:  If it's available, your Honor.
4           THE COURT:  Now, I don't know that I'll need oral
5  argument, but let's set it.  So for January 25th.
6           THE DEPUTY CLERK:  January 25th, a Wednesday, two
7  trials, and you leave for Columbia at 3:45.
8           THE COURT:  Okay.  You got me.  How about Friday?
9           THE DEPUTY CLERK:  Friday the 27th, you are in
10 San Diego speaking.
11          THE COURT:  How about Thursday?
12          THE DEPUTY CLERK:  Thursday the 26th, that's when you
13 leave for San Diego.
14          THE COURT:  Well, let's put it down for the morning of
15 the 26th at 9:00 a.m.
16          THE DEPUTY CLERK:  If you don't leave till the
17 afternoon, you have a 9:30 trial, two of them, actually.
18          THE COURT:  Yes, so this is 9:00 a.m.  Is that a
19 problem?
20          MS. ELLSWORTH:  Your Honor, I have a summary judgment
21 argument in the District of Massachusetts on Wednesday the 25th
22 in the afternoon.  If it would be possible to push this
23 argument to the following Monday, that would be most
24 appreciated.
25          THE COURT:  I'm going to be sitting on the Ninth

1     Circuit.  My inclination is we won't need oral argument on this
2     motion, they seem to be familiar issues.  So why don't we don't
3     put it down for oral argument now.  If I change my mind and
4     think oral argument is necessary, we'll work out the date.
5              MS. ELLSWORTH:  That's fine, your Honor.  Thank you.
6              THE COURT:  Now, is Deutsche Bank also planning to
7     bring a motion to dismiss?
8              MR. DOWDEN:  Yes, your Honor, we are planning to bring
9     a motion to dismiss.
10             THE COURT:  Would you like the same schedule?
11             MR. DOWDEN:  Your Honor, we're expecting a little bit
12    of a longer case scheduled because of one additional claims
13    that we had brought against us.  We have a civil Rico claim in
14    addition to the other cases.
15             THE COURT:  A civil Rico claim, I never heard of that
16    before.
17             MR. DOWDEN:  Exactly, your Honor.  So we still haven't
18    received a Rico case statement, which we think would be very
19    helpful for us to file the motion.
20             THE COURT:  I don't know that that is still required.
21    It's not required under my rules.
22             MR. DOWDEN:  I believe under the local rules, 20
23    days --
24             THE COURT:  I know what you're saying.  The good thing
25    about civil Rico is, to paraphrase Oscar Wilde, it's the last

MC5CdoeC

refuge of the scoundrel.  Nevertheless, can you get defense counsel a Rico case statement by the end of this week?

MR. BOIES:  Yes, your Honor, I think we can.

THE COURT:  So given that, same schedule, yes?

MR. DOWDEN:  Yes, your Honor, we'll agree to the same schedule.

MR. BOIES:  Your Honor, can we have until Monday to do a -- I'm reminded our firm meeting is at the end of this week.

THE COURT:  All right.  Now, with respect to the case management plan -- by the way, these two cases are consolidated for all pretrial purposes.  I'm more skeptical about trial, but pretrial purposes, they're all consolidated.

And I thank all of you for your parallel case management plans.

Now, the only question I had is you had first requests for documents to be served by December 16th, that makes perfect sense.  Then you had interrogatories, very, very limited interrogatories permitted by local Rule 33.3(a) not to be served by anyone until February 9th.  Why the delay?

MR. BOIES:  Our view, I think, is we're going to serve them earlier.  That's the last date they had to be served by.

THE COURT:  I'm sorry?

MR. BOIES:  We planned to serve them earlier, your Honor.  That was just the last date they had to be served by that date.  In other words, we weren't going to wait until that

1    date necessarily to serve them.
2             THE COURT:  I assume you keep the local rules under
3    your pillow, so you know that local Rule 33.3(a) is very
4    limited, and particularly since initial disclosures duplicate a
5    lot of it, it's even more limited.  So I would have thought
6    maybe December 30.
7             MR. BOIES:  That would be fine, your Honor.
8             THE COURT:  That work for defense counsel?
9             MR. DOWDEN:  Yes, your Honor.
10            MS. ELLSWORTH:  That's fine, your Honor.  Thank you.
11            THE COURT:  Everything else looks fine.  Thank you for
12   including the proposed schedule, which looks fine on class
13   certification.  I'll hold oral argument on class certification.
14   Let's look at May 12th.
15            THE DEPUTY CLERK:  May 12th, a Friday, we have two
16   trials, nothing after.
17            THE COURT:  So 4:00 p.m. on May 12th.  Let me ask with
18   respect to plaintiff's counsel, how long a trial is your
19   individual cases going to take?
20            MR. BOIES:  Having in mind what I know is the Court's
21   approach to trials, I think is in the range of eight or nine
22   trial days.
23            THE COURT:  And co-plaintiff or plaintiff in the other
24   case?
25            MR. EDWARDS:  Yes, your Honor.  I would agree.  I

Case 1:22-cv-10018-JSR   Document 34   Filed 12/16/22   Page 12 of 13      12
         MC5CdoeC

1   would think two weeks for trial.

2              THE COURT:  Any disagreement with that from defense
3   counsel?

4              MS. ELLSWORTH:  Your Honor, that seems about right.
5   We don't know a lot of the case yet, but that seems reasonable.

6              MR. DOWDEN:  We're in the same position, your Honor.
7   We don't know yet, but it seems reasonable.

8              THE COURT:  So what I think we ought to do, because
9   you're all very busy and accomplished lawyers, is set two trial
10  dates now, one for one case, one or the other case.  If it
11  turns out that everyone wants a single combined trial, we can
12  deal with that on whatever turns out to be the earlier of the
13  two dates, but for now, it looks to me it will probably be
14  separate cases for trial.

15             So, what days in August and September are counsel not
16  available for trial?

17             MS. ELLSWORTH:  Your Honor, we have availability
18  throughout August and September, no restrictions.

19             MR. BOIES:  We have no restrictions either, your
20  Honor.

21             MR. DOWDEN:  Your Honor, we're amenable to the Court's
22  schedule.

23             THE COURT:  So, my thought was that we would try
24  the -- if it's two separate trials, try the Deutsche Bank case,
25  beginning August 7th, and the JP Morgan case beginning

                      SOUTHERN DISTRICT REPORTERS, P.C.
                                (212) 805-0300

MC5CdoeC

1    September 5th.  That allows, if it does go a little bit more
2    than two weeks, we still have time.  The reason I'm putting
3    JP Morgan second is because I'm so intimidated by the Rico
4    claim.  So, in any event, any problems with either of those
5    situations?
6              MS. ELLSWORTH:  No, your Honor.
7              MR. BOIES:  No problem with us, your Honor.
8              MR. DOWDEN:  No, your Honor.
9              MR. EDWARDS:  It's fine, your Honor.
10             THE COURT:  Very good.  I think that's all on my list.
11             Anything else anyone wants to take up now?
12             MR. BOIES:  Not from the plaintiffs, your Honor.
13             MR. EDWARDS:  No, your Honor.
14             THE COURT:  Anything from defense?
15             MS. ELLSWORTH:  No, your Honor.
16             MR. DOWDEN:  Nothing, your Honor.
17             THE COURT:  Very good.  Much appreciated.  Looking
18   forward.
19                            * * *