**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JANE DOE 1, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>            v.<br><br>DEUTSCHE BANK AKTIENGESELLSCHAFT, et al.,<br><br>    Defendants. | Case No. 1:22-CV-10018 (JSR) |
| JANE DOE 1, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>            v.<br><br>JP MORGAN CHASE & CO.,<br><br>    Defendant. | Case No. 1:22-CV-10019 (JSR) |

Defendants Deutsche Bank Aktiengesellschaft, Deutsche Bank AG New York Branch, and Deutsche Bank Trust Company Americas (collectively, "Deutsche Bank"), by and through their undersigned attorneys, hereby respond to the First Amended Complaint (the "Complaint") filed by Plaintiff Jane Doe, individually and putatively on behalf of all others similarly situated ("Plaintiff"), as set forth below.

**DEUTSCHE BANK'S ANSWER TO PLAINTIFF'S**
**FIRST AMENDED CLASS ACTION COMPLAINT**

By Order dated March 20, 2023 (the "March 20 Order"), the Court dismissed the majority of the claims asserted in the Complaint (the Second, Third, Fourth, Fifth, Seventh, Eighth, Ninth, and Tenth counts). As such, the allegations in the Complaint that were pled in support of those dismissed claims require no response. With respect to the allegations that were

pled in support of the remaining claims in the Complaint (the First, Sixth, Eleventh and Twelfth counts), or any other allegations set forth in the Complaint that require a response, Deutsche Bank denies each and every allegation, except for those allegations expressly and specifically admitted below.  Further, Deutsche Bank specifically denies that Plaintiff is entitled to the relief sought in the prayer for relief.  To the extent that the headings and non-numbered statements in the Complaint contain any allegations, Deutsche Bank denies each and every such allegation. Deutsche Bank reserves the right to amend and/or supplement this Answer.

1.      The allegations in Paragraph 1 state legal conclusions, and therefore no response is required.  To the extent a response is required, denied.

2.      The allegations in Paragraph 2 state legal conclusions, and therefore no response is required.  To the extent a response is required, denied.

3.      The allegations in Paragraph 3 state legal conclusions, and therefore no response is required.  To the extent a response is required, denied.

4.      Deutsche Bank lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 4, and accordingly denies the same.

5.      Deutsche Bank lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 5, and accordingly denies the same.

6.      The allegations in Paragraph 6 related to the Racketeer Influenced and Corrupt Organization Act ("RICO") were pled in support of claims that the Court dismissed in its March 20 Order, and therefore no response is required.  The rest of the allegations in Paragraph 6 state legal conclusions, and therefore no response is required.  To the extent a response is required, denied.

7.      Deutsche Bank lacks knowledge or information sufficient to admit or deny the allegation in Paragraph 7 that Jane Doe 1 is presently a United States citizen, and accordingly

denies the same.  Deutsche Bank denies the remaining allegations in Paragraph 7.

8.      Deutsche Bank admits that Jane Doe 1 is using a pseudonym.  The rest of the allegations in Paragraph 8 state legal conclusions, and therefore no response is required.  To the extent a response is required, denied.

9.      Deutsche Bank lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 9, and accordingly denies the same.

10.     The allegations in Paragraph 10 state legal conclusions, and therefore no response is required.  Deutsche Bank further states that it consented to Jane Doe's request to proceed anonymously in this action.

11.     The allegations in Paragraph 11 state legal conclusions, and therefore no response is required.  Deutsche Bank further states that it consented to Jane Doe's request to proceed anonymously in this action.

12.     Deutsche Bank respectfully refers the Court to the filings and other materials in the other proceedings referenced in Paragraph 12 for a true and complete statement of what they purport to say, and denies any allegations regarding such contents that are inconsistent therewith.  Deutsche Bank denies the allegations that it knows the identities of the "other women" referenced in Paragraph 12.  Deutsche Bank lacks knowledge or information sufficient to admit or deny the allegation that these "other women" are "similarly situated to Jane Doe 1," and accordingly denies the same.  The rest of the allegations in Paragraph 12 state legal conclusions, and therefore no response is required.  To the extent a response is required, denied.

13.     Admitted.

14.     Admitted.

15.     The allegations in Paragraph 15 merely provide a shorthand designation, and therefore no response is required.

16.     Denied, except that Deutsche Bank admits that it conducts and conducted business in this District.

17.     Admitted.

18.     Denied.

19.     The allegations in the first sentence of Paragraph 19 state legal conclusions, and therefore no response is required.  To the extent a response is required, Deutsche Bank denies the first sentence of Paragraph 19.  As to the remaining allegations in Paragraph 19, denied.

20.     Deutsche Bank admits that Paul Morris, Charles Packard, and Patrick Harris were involved in onboarding Epstein and Epstein-related entities to Deutsche Bank.  Deutsche Bank denies the remaining allegations of Paragraph 20.

21.     Deutsche Bank admits the first sentence of Paragraph 21 and that Paul Morris was involved in Deutsche Bank's client relationship with Epstein.  Deutsche Bank denies the remaining allegations of Paragraph 21.

22.     Deutsche Bank admits that Charles Packard was co-head of Deutsche Bank's Wealth Management Americas Group when Epstein became a client and was involved in the onboarding process for Epstein.  Deutsche Bank denies the remaining allegations of Paragraph 22.

23.     Deutsche Bank admits that Patrick Harris was the Chief Operating Officer of Wealth Management Americas for Deutsche Bank and was involved in the onboarding process for Epstein.  Deutsche Bank denies the remaining allegations of Paragraph 23.

24.     Deutsche Bank denies the first sentence of Paragraph 24.  Deutsche Bank lacks knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 24, and accordingly denies the same.

25.     Deutsche Bank lacks knowledge or information sufficient to admit or deny the

allegations in Paragraph 25, and accordingly denies the same.

26.     Deutsche Bank lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 26, and accordingly denies the same.

27.     Deutsche Bank lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 27, and accordingly denies the same.

28.     Deutsche Bank admits that Epstein was known to have close personal relationships with a number of influential people as alleged in Paragraph 28.  Deutsche Bank lacks knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 28, and accordingly denies the same.

29.     Deutsche Bank lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 29, and accordingly denies the same.

30.     Deutsche Bank lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 30, and accordingly denies the same.

31.     Deutsche Bank lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 31, and accordingly denies the same.

32.     Denied.

33.     Deutsche Bank lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 33, and accordingly denies the same.

34.     Denied.

35.     Deutsche Bank lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 35, and accordingly denies the same.

36.     Deutsche Bank lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 36, and accordingly denies the same.

37.     Denied.

38.     Deutsche Bank lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 38, and accordingly denies the same.

39.     Deutsche Bank lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 39, and accordingly denies the same.

40.     Deutsche Bank lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 40, and accordingly denies the same.

41.     Deutsche Bank lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 41, and accordingly denies the same.

42.     To the extent Paragraph 42 purports to describe the contents of materials from (a) the 2006 investigations by the City of Palm Beach Police Department, the Florida State Attorney's Office for the 15th Judicial Circuit, the United States Attorney's Office, and the Federal Bureau of Investigation into Epstein' conduct (the "2006 Investigations") or (b) the criminal proceeding against Epstein initiated in 2006 (the "2006 Proceeding"), such materials speak for themselves.  Deutsche Bank respectfully refers the Court to such materials for a true and complete statement of what they purport to say, and denies any allegations regarding such contents that are inconsistent therewith.

43.     Deutsche Bank respectfully refers the Court to the filings and other materials from the 2006 Investigations and the 2006 Proceeding for a true and complete statement of what they purport to say, and denies any allegations regarding such contents that are inconsistent therewith.

44.     Deutsche Bank denies the allegation in the first sentence of Paragraph 44 regarding a purported "mountain" of public evidence.  As to the remaining allegations of Paragraph 44, Deutsche Bank respectfully refers the Court to the filings and other materials from the 2006 Investigations and the 2006 Proceeding for a true and complete statement of what they

purport to say, and denies any allegations regarding such contents that are inconsistent therewith.

45.     Deutsche Bank denies the first two sentences of Paragraph 45.  Deutsche Bank lacks knowledge or information sufficient to admit or deny the third sentence of Paragraph 45, and accordingly denies the same.

46.     Deutsche Bank denies the first sentence of Paragraph 46.  Deutsche Bank lacks knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 46, and accordingly denies the same.

47.     Deutsche Bank denies the first two sentences of Paragraph 47.  Deutsche Bank lacks knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 47, and accordingly denies the same.

48.     Deutsche Bank lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 48, and accordingly denies the same.

49.     Deutsche Bank lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 49, and accordingly denies the same.

50.     Deutsche Bank respectfully refers the Court to the filings and other materials from the 2006 Investigations and the 2006 Proceeding for a true and complete statement of what they purport to say, and denies any allegations regarding such contents that are inconsistent therewith.

51.     Denied.

52.     Deutsche Bank lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 52, and accordingly denies the same.

53.     Deutsche Bank lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 53, and accordingly denies the same.

54.     Denied.

55.     Denied.

56.     Denied.

57.     Denied.

58.     Deutsche Bank lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 58, and accordingly denies the same.

59.     Deutsche Bank lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 59, and accordingly denies the same.

60.     Denied.

61.     Denied.

62.     Deutsche Bank lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 62, and accordingly denies the same.

63.     Deutsche Bank lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 63, and accordingly denies the same.

64.     Deutsche Bank lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 64, and accordingly denies the same.

65.     Denied.

66.     Denied.

67.     Denied.

68.     Deutsche Bank lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 68, and accordingly denies the same.

69.     Deutsche Bank lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 69, and accordingly denies the same.

70.     Deutsche Bank lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 70 concerning Staley's knowledge about and relationship with Epstein,

and accordingly denies the same.  Deutsche Bank denies the remaining allegations in Paragraph 70.

71.     Deutsche Bank lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 71, and accordingly denies the same.

72.     Denied.

73.     Denied.

74.     Deutsche Bank lacks knowledge or information sufficient to admit or deny the reasons for decisions made by JP Morgan as alleged in Paragraph 74, and accordingly denies the same.  Deutsche Bank denies the remaining allegations in Paragraph 74.

75.     Denied.

76.     Denied.

77.     Denied.

78.     Denied.

79.     Denied.

80.     Denied.

81.     Denied.

82.     Denied.

83.     Denied.

84.     Deutsche Bank admits that it began a banking relationship with Epstein in or around August 2013 and that Morris worked with Epstein while Morris was employed by JP Morgan.  Deutsche Bank denies the remaining allegations of Paragraph 84.

85.     Denied.

86.     Deutsche Bank admits that it is subject to certain regulations concerning anti-money laundering controls, but denies that the allegations in Paragraph 86 represent a full or

accurate description of those regulations.  Deutsche Bank otherwise denies the allegations in Paragraph 86.

87.     Deutsche Bank admits that it is subject to certain regulations concerning anti-money laundering controls, but denies that the allegations in Paragraph 87 represent a full or accurate description of those regulations.  Deutsche Bank otherwise denies the allegations in Paragraph 87.

88.     Denied.

89.     Denied.

90.     Deutsche Bank admits that, in connection with a July 6, 2020 Consent Order between the New York Department of Financial Services and Deutsche Bank (the "Consent Order"), Deutsche Bank agreed to pay a fine of $150 million to the New York State Department of Financial Services.  As to the remaining allegations of Paragraph 90, denied.

91.     The allegations in Paragraph 91 state legal conclusions, and therefore no response is required.  To the extent a response is required, Deutsche Bank denies Paragraph 91.

92.     Deutsche Bank respectfully refers the Court to 18 U.S.C. § 1591(a) for its true and complete contents, and denies any allegations inconsistent therewith.

93.     Deutsche Bank respectfully refers the Court to 18 U.S.C. § 1591 for its true and complete contents, and denies any allegations inconsistent therewith.

94.     Deutsche Bank respectfully refers the Court to 18 U.S.C. §§ 1591-1595, and in particular § 1595(a), for their true and complete contents, denies any allegations inconsistent therewith.

95.     Deutsche Bank respectfully refers the Court to 18 U.S.C. § 1595(a) for its true and complete contents, denies any allegations inconsistent therewith, and specifically denies Paragraph 95's purported characterizations thereof.

96.     Denied.

97.     Denied.

98.     The allegations in Paragraph 98 were pled in support of a claim that the Court dismissed in its March 20 Order, and therefore no response is required.   Moreover, the allegations in Paragraph 98 state legal conclusions, and therefore no response is required.  To the extent a response is required, Deutsche Bank respectfully refers the Court to RICO for its true and complete contents, and denies any allegations inconsistent therewith.

99.     The allegations in Paragraph 99 were pled in support of a claim that the Court dismissed in its March 20 Order, and therefore no response is required.   Moreover, the allegations in Paragraph 99 state legal conclusions, and therefore no response is required.  To the extent a response is required, Deutsche Bank respectfully refers the Court to the Trafficking Victims Protection Act ("TVPA") and to RICO for their true and complete contents, and denies any allegations inconsistent therewith.

100.    The allegations in Paragraph 100 were pled in support of a claim that the Court dismissed in its March 20 Order, and therefore no response is required.  To the extent a response is required, Deutsche Bank respectfully refers the Court to RICO for its true and complete contents, and denies any allegations inconsistent therewith.

101.    The allegations in Paragraph 101 were pled in support of a claim that the Court dismissed in its March 20 Order, and therefore no response is required.   Moreover, the allegations in Paragraph 101 state legal conclusions, and therefore no response is required.  To the extent a response is required, Deutsche Bank respectfully refers the Court to 18 U.S.C. § 1962(d) for its true and complete contents, and denies any allegations inconsistent therewith.

102.    The allegations in Paragraph 102 were pled in support of a claim that the Court dismissed in its March 20 Order, and therefore no response is required.   Moreover, the

allegations in Paragraph 102 state legal conclusions, and therefore no response is required.  To the extent a response is required, Deutsche Bank respectfully refers the Court to 18 U.S.C. § 1964(c) for its true and complete contents, and denies any allegations inconsistent therewith.

103.    The allegations in Paragraph 103 were pled in support of a claim that the Court dismissed in its March 20 Order, and therefore no response is required.  Moreover, the allegations in Paragraph 102 state legal conclusions, and therefore no response is required.  To the extent a response is required, denied.

104.    Deutsche Bank lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 104, and accordingly denies the same.

105.    Deutsche Bank lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 105, and accordingly denies the same.

106.    Deutsche Bank lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 106, and accordingly denies the same.

107.    Deutsche Bank lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 107, and accordingly denies the same.

108.    Deutsche Bank lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 108, and accordingly denies the same.

109.    Deutsche Bank lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 109, and accordingly denies the same.

110.    Deutsche Bank lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 110, and accordingly denies the same.

111.    Deutsche Bank lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 111, and accordingly denies the same.

112.    Deutsche Bank lacks knowledge or information sufficient to admit or deny the

allegations in Paragraph 112, and accordingly denies the same.

113.    Deutsche Bank lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 113, and accordingly denies the same.

114.    Deutsche Bank lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 114, and accordingly denies the same.

115.    Deutsche Bank lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 115, and accordingly denies the same.

116.    Deutsche Bank lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 116, and accordingly denies the same.

117.    Deutsche Bank lacks knowledge or information sufficient to admit or deny the allegations in the first sentence of Paragraph 117, and accordingly denies the same.   The allegations in the second sentence of Paragraph 117 were pled in support of a claim that the Court dismissed in its March 20 Order, and therefore no response is required.   To the extent a response is required, denied.

118.    Deutsche Bank lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 118, and accordingly denies the same.

119.    Deutsche Bank lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 119, and accordingly denies the same.

120.    Deutsche Bank lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 120, and accordingly denies the same.

121.    The allegations in Paragraph 121 were pled in support of a claim that the Court dismissed in its March 20 Order, and therefore no response is required.   To the extent a response is required, Deutsche Bank lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 121, and accordingly denies the same.

122.     Deutsche Bank respectfully refers the Court to the filings and other materials from *United States v. Jeffrey Epstein*, Case No. 1:19-cr-00490 (S.D.N.Y.) ("*U.S. v. Epstein*") for a true and complete statement of what they purport to say, and denies any allegations regarding such contents that are inconsistent therewith.

123.     Deutsche Bank respectfully refers the Court to the filings and other materials from *U.S. v. Epstein* for a true and complete statement of what they purport to say, and denies any allegations regarding such contents that are inconsistent therewith.

124.     Admitted.

125.     Deutsche Bank respectfully refers the Court to the filings and other materials from *United States v. Maxwell*, Case No. 1:20-cr-00330 (S.D.N.Y.) ("*U.S. v. Maxwell*") for a true and complete statement of what they purport to say, and denies any allegations regarding such contents that are inconsistent therewith.

126.     Deutsche Bank respectfully refers the Court to the filings and other materials from *U.S. v. Maxwell* for a true and complete statement of what they purport to say, and denies any allegations regarding such contents that are inconsistent therewith.

127.     Deutsche Bank lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 127, and accordingly denies the same.

128.     Deutsche Bank lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 128, and accordingly denies the same.

129.     Deutsche Bank lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 129, and accordingly denies the same.

130.     Deutsche Bank lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 130, and accordingly denies the same.

131.     Deutsche Bank lacks knowledge or information sufficient to admit or deny the

allegations in Paragraph 131, and accordingly denies the same.

132.    Deutsche Bank denies that it was aware of any sex abuse by Epstein.  Deutsche Bank lacks knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 132, and accordingly denies the same.

133.    Deutsche Bank lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 133, and accordingly denies the same.

134.    Deutsche Bank lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 134, and accordingly denies the same.

135.    Deutsche Bank lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 135, and accordingly denies the same.

136.    Deutsche Bank lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 136, and accordingly denies the same.

137.    Deutsche Bank lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 137, and accordingly denies the same.

138.    Deutsche Bank lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 138, and accordingly denies the same.

139.    Deutsche Bank lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 139, and accordingly denies the same.

140.    Deutsche Bank lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 140, and accordingly denies the same.

141.    Deutsche Bank lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 141, and accordingly denies the same.

142.    Deutsche Bank lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 142, and accordingly denies the same.

143.     Deutsche Bank lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 143, and accordingly denies the same.

144.     Deutsche Bank lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 144, and accordingly denies the same.

145.     Deutsche Bank lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 145, and accordingly denies the same.

146.     Deutsche Bank lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 146, and accordingly denies the same.

147.     Deutsche Bank lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 147, and accordingly denies the same.

148.     Deutsche Bank lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 148, and accordingly denies the same.

149.     Deutsche Bank lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 149, and accordingly denies the same.

150.     Deutsche Bank lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 150, and accordingly denies the same.

151.     Deutsche Bank lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 151, and accordingly denies the same.

152.     Deutsche Bank lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 152, and accordingly denies the same.

153.     Deutsche Bank lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 153, and accordingly denies the same.

154.     Denied.

155.     Denied.

156.    Denied.

157.    Denied.

158.    Denied

159.    Denied.

160.    Denied.

161.    Denied.

162.    Denied.

163.    Denied.

164.    Denied.

165.    Denied.

166.    Denied.

167.    Denied.

168.    Denied.

169.    Denied, except that Deutsche Bank lacks knowledge or information sufficient to admit or deny whether Epstein and his co-conspirators forced Jane Doe 1 to open an account at Deutsche Bank, and accordingly denies the same, and admits that Jane Doe 1 had an account at Deutsche Bank.

170.    Denied.

171.    Deutsche Bank denies Paragraph 171, and specifically denies that these accounts represent any example of profiting from the conduct alleged in Paragraph 170.

172.    Denied.

173.    Denied.

174.    Deutsche Bank respectfully refers the Court to the Consent Order for a true and complete statement of what it purports to say, and denies any allegations regarding such contents

that are inconsistent therewith.

175.     Deutsche Bank denies Paragraph 175, except that, with respect to the allegations therein regarding what the New York Banking Regulators found, Deutsche Bank respectfully refers the Court to the Consent Order for a true and complete statement of what it purports to say, and denies any allegations regarding such contents that are inconsistent therewith.

176.     Deutsche Bank denies Paragraph 176, except that, with respect to the allegations therein regarding what the New York Banking Regulators found, Deutsche Bank respectfully refers the Court to the Consent Order for a true and complete statement of what it purports to say, and denies any allegations regarding such contents that are inconsistent therewith.

177.     Denied.

178.     Deutsche Bank admits that it is subject to certain regulations concerning anti-money laundering controls and the reporting of suspicious activity, but denies that the allegations in Paragraph 178 represent a full or accurate description of those regulations.  Deutsche Bank otherwise denies the allegations in Paragraph 178.

179.     Deutsche Bank admits that it is subject to certain regulations concerning anti-money laundering controls and the reporting of suspicious activity, but denies that the allegations in Paragraph 179 represent a full or accurate description of those regulations.  Deutsche Bank otherwise denies the allegations in Paragraph 179.

180.     Deutsche Bank admits that it is subject to certain regulations concerning anti-money laundering controls and the reporting of suspicious activity, but denies that the allegations in Paragraph 180 represent a full or accurate description of those regulations.  Deutsche Bank otherwise denies the allegations in Paragraph 180.

181.     Deutsche Bank admits that it is subject to certain regulations concerning anti-money laundering controls and the reporting of suspicious activity, but denies that the allegations

in Paragraph 181 represent a full or accurate description of those regulations.  Deutsche Bank otherwise denies the allegations in Paragraph 181.

182.     Deutsche Bank admits that it is subject to certain regulations concerning anti-money laundering controls, but denies that the allegations in Paragraph 182 represent a full or accurate description of those regulations.  Deutsche Bank otherwise denies the allegations in Paragraph 182.

183.     Deutsche Bank admits that it is subject to certain regulations concerning the reporting of suspicious activity, but denies that the allegations in Paragraph 183 represent a full or accurate description of those regulations.  Deutsche Bank otherwise denies the allegations in Paragraph 183.

184.     Deutsche Bank admits that it is subject to certain regulations concerning anti-money laundering controls and the reporting of suspicious activity, but denies that the allegations in Paragraph 184 represent a full or accurate description of those regulations.  Deutsche Bank otherwise denies the allegations in Paragraph 184.

185.     Deutsche Bank denies Paragraph 185, except that, with respect to the allegations therein regarding what the New York Banking Regulators determined, Deutsche Bank respectfully refers the Court to the Consent Order for a true and complete statement of what it purports to say, and denies any allegations regarding such contents that are inconsistent therewith.

186.     Admitted.

187.     Denied.

188.     Paragraph 188 is based on and/or purports to describe the contents of the Consent Order; accordingly, Deutsche Bank respectfully refers the Court to the Consent Order for a true and complete statement of what it purports to say, and denies any allegations regarding

such contents that are inconsistent therewith.

189.     Paragraph 189 is based on and/or purports to describe the contents of the Consent Order; accordingly, Deutsche Bank respectfully refers the Court to the Consent Order for a true and complete statement of what it purports to say, and denies any allegations regarding such contents that are inconsistent therewith.

190.     Paragraph 190 is based on and/or purports to describe the contents of the Consent Order; accordingly, Deutsche Bank respectfully refers the Court to the Consent Order for a true and complete statement of what it purports to say, and denies any allegations regarding such contents that are inconsistent therewith.

191.     Paragraph 191 is based on and/or purports to describe the contents of the Consent Order; accordingly, Deutsche Bank respectfully refers the Court to the Consent Order for a true and complete statement of what it purports to say, and denies any allegations regarding such contents that are inconsistent therewith.

192.     Paragraph 192 is based on and/or purports to describe the contents of the Consent Order; accordingly, Deutsche Bank respectfully refers the Court to the Consent Order for a true and complete statement of what it purports to say, and denies any allegations regarding such contents that are inconsistent therewith.

193.     Denied.

194.     Paragraph 194 is based on and/or purports to describe the contents of the Consent Order; accordingly, Deutsche Bank respectfully refers the Court to the Consent Order for a true and complete statement of what it purports to say, and denies any allegations regarding such contents that are inconsistent therewith.

195.     Paragraph 195 is based on and/or purports to describe the contents of the Consent Order; accordingly, Deutsche Bank respectfully refers the Court to the Consent Order

for a true and complete statement of what it purports to say, and denies any allegations regarding such contents that are inconsistent therewith.

196.    Paragraph 196 is based on and/or purports to describe the contents of the Consent Order; accordingly, Deutsche Bank respectfully refers the Court to the Consent Order for a true and complete statement of what it purports to say, and denies any allegations regarding such contents that are inconsistent therewith.

197.    Denied.

198.    Denied.

199.    Denied.

200.    Paragraph 200 is based on and/or purports to describe the contents of the Consent Order; accordingly, Deutsche Bank respectfully refers the Court to the Consent Order for a true and complete statement of what it purports to say, and denies any allegations regarding such contents that are inconsistent therewith.

201.    Paragraph 201 is based on and/or purports to describe the contents of the Consent Order; accordingly, Deutsche Bank respectfully refers the Court to the Consent Order for a true and complete statement of what it purports to say, and denies any allegations regarding such contents that are inconsistent therewith.  Deutsche Bank denies that Morris was aware of JP Morgan's alleged role of facilitating Epstein's sex-trafficking venture and conspiracy.

202.    Paragraph 202 is based on and/or purports to describe the contents of the Consent Order; accordingly, Deutsche Bank respectfully refers the Court to the Consent Order for a true and complete statement of what it purports to say, and denies any allegations regarding such contents that are inconsistent therewith.  Deutsche Bank denies that Morris had knowledge of Epstein's sex-trafficking venture and conspiracy.

203.    Paragraph 203 is based on and/or purports to describe the contents of the

Consent Order; accordingly, Deutsche Bank respectfully refers the Court to the Consent Order for a true and complete statement of what it purports to say, and denies any allegations regarding such contents that are inconsistent therewith.

204.    Paragraph 204 is based on and/or purports to describe the contents of the Consent Order; accordingly, Deutsche Bank respectfully refers the Court to the Consent Order for a true and complete statement of what it purports to say, and denies any allegations regarding such contents that are inconsistent therewith.  Deutsche Bank denies that the Epstein prison sentence referenced in Paragraph 204 was for "sex-trafficking related crimes."

205.    Paragraph 205 is based on and/or purports to describe the contents of the Consent Order; accordingly, Deutsche Bank respectfully refers the Court to the Consent Order for a true and complete statement of what it purports to say, and denies any allegations regarding such contents that are inconsistent therewith.

206.    Paragraph 206 is based on and/or purports to describe the contents of the Consent Order; accordingly, Deutsche Bank respectfully refers the Court to the Consent Order for a true and complete statement of what it purports to say, and denies any allegations regarding such contents that are inconsistent therewith.

207.    Paragraph 207 is based on and/or purports to describe the contents of the Consent Order; accordingly, Deutsche Bank respectfully refers the Court to the Consent Order for a true and complete statement of what it purports to say, and denies any allegations regarding such contents that are inconsistent therewith.

208.    To the extent Paragraph 208 is based on and/or purports to paraphrase, summarize, or quote from public sources, such materials speak for themselves.  Deutsche Bank respectfully refers the Court to such sources for a true and complete statement of what they purport to say, and denies any allegations regarding such contents that are inconsistent therewith.

209.     Deutsche Bank lacks knowledge or information sufficient to admit or deny allegations concerning the alleged statements or beliefs of confidential witnesses, and accordingly denies the same.  As to the remaining allegations in Paragraph 209, denied.

210.     Paragraph 210 is based on and/or purports to describe the contents of the Consent Order; accordingly, Deutsche Bank respectfully refers the Court to the Consent Order for a true and complete statement of what it purports to say, and denies any allegations regarding such contents that are inconsistent therewith.

211.     Paragraph 211 is based on and/or purports to describe the contents of the Consent Order; accordingly, Deutsche Bank respectfully refers the Court to the Consent Order for a true and complete statement of what it purports to say, and denies any allegations regarding such contents that are inconsistent therewith.  Deutsche Bank denies the fifth sentence of Paragraph 211.

212.     Paragraph 212 is based on and/or purports to describe the contents of the Consent Order; accordingly, Deutsche Bank respectfully refers the Court to the Consent Order for a true and complete statement of what it purports to say, and denies any allegations regarding such contents that are inconsistent therewith.  Deutsche Bank denies that it was aware that any of the wire transfers referenced in Paragraph 212 were to facilitate an alleged sex-trafficking venture or that the recipients were co-conspirators in such a sex-trafficking venture.

213.     With respect to the allegations in the first sentence of Paragraph 213 regarding supposed awareness concerning the identities of the recipients of certain wire transfers, which are based on and/or purport to describe the contents of the Consent Order, Deutsche Bank respectfully refers the Court to the Consent Order for a true and complete statement of what it purports to say, and denies any allegations regarding such contents that are inconsistent therewith.  Deutsche Bank denies the remaining allegations of Paragraph 213.

214.    Paragraph 214 is based on and/or purports to describe the contents of the Consent Order; accordingly, Deutsche Bank respectfully refers the Court to the Consent Order for a true and complete statement of what it purports to say, and denies any allegations regarding such contents that are inconsistent therewith.

215.    With respect to the allegations in the first sentence of Paragraph 215, which are based on and/or purport to describe the contents of the Consent Order, Deutsche Bank respectfully refers the Court to the Consent Order for a true and complete statement of what it purports to say, and denies any allegations regarding such contents that are inconsistent therewith.  As to the remaining allegations in Paragraph 215, denied.

216.    Deutsche Bank denies the first and last sentences of Paragraph 216.  As for the second through fifth sentences of Paragraph 216, Deutsche Bank respectfully refers the Court to the materials referenced therein for a true and complete statement of what they purport to say, and denies any allegations regarding such contents that are inconsistent therewith.

217.    With respect to the first sentence of Paragraph 217, which is based on and/or purports to describe the contents of the Consent Order, Deutsche Bank respectfully refers the Court to the Consent Order for a true and complete statement of what it purports to say, and denies any allegations regarding such contents that are inconsistent therewith.   As to the remaining allegations in Paragraph 217, Deutsche Bank lacks knowledge or information sufficient to admit or deny, and accordingly denies the same.

218.    Deutsche Bank denies the allegations of Paragraph 218, except that Deutsche Bank lacks knowledge or information sufficient to admit or deny whether Epstein paid for coerced commercial sex acts by Jane Doe 1, and accordingly denies the same.

219.    Denied.

220.    Deutsche Bank lacks knowledge or information sufficient to admit or deny the

allegations in Paragraph 220, and accordingly denies the same.

221.    Deutsche Bank denies that it coached Epstein's personal attorney regarding purportedly circumventing reporting requirements in violation of federal structuring laws. Deutsche Bank lacks knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 221, and accordingly denies the same.

222.    Deutsche Bank lacks knowledge or information sufficient to admit or deny the first sentence of Paragraph 222, and accordingly denies the same.  Deutsche Bank denies the remaining allegations of Paragraph 222.

223.    Deutsche Bank lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 223, and accordingly denies the same.

224.    Deutsche Bank lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 224, and accordingly denies the same.

225.    Denied.

226.    Denied.

227.    Denied.

228.    Denied.

229.    Denied.

230.    Denied.

231.    With respect to the first sentence of Paragraph 231, which is based on and/or purports to describe the contents of the Consent Order, Deutsche Bank respectfully refers the Court to the Consent Order for a true and complete statement of what it purports to say, and denies any allegations regarding such contents that are inconsistent therewith, including the allegation that Deutsche Bank knew of or had discussions concerning "Epstein's sex trafficking." Deutsche Bank denies the second sentence of Paragraph 231.

232.    Deutsche Bank denies the first sentence of Paragraph 232.  As for the remaining allegations of Paragraph 232, which are based on and/or purport to describe the contents of the Consent Order, Deutsche Bank respectfully refers the Court to the Consent Order for a true and complete statement of what it purports to say, and denies any allegations regarding such contents that are inconsistent therewith.

233.    Paragraph 233 is based on and/or purports to describe the contents of the Consent Order; accordingly, Deutsche Bank respectfully refers the Court to the Consent Order for a true and complete statement of what it purports to say, and denies any allegations regarding such contents that are inconsistent therewith.

234.    Paragraph 234 is based on and/or purports to describe the contents of the Consent Order; accordingly, Deutsche Bank respectfully refers the Court to the Consent Order for a true and complete statement of what it purports to say, and denies any allegations regarding such contents that are inconsistent therewith.

235.    With respect to the allegations in the first sentence of Paragraph 235, which are based on and/or purport to describe the contents of the Consent Order, Deutsche Bank respectfully refers the Court to the Consent Order for a true and complete statement of what it purports to say, and denies any allegations regarding such contents that are inconsistent therewith.  Deutsche Bank admits that Charles Packard and Paul Morris met with Epstein.  As to the remaining allegations in Paragraph 235, denied.

236.    Denied.

237.    With respect to the allegation that Packard and Morris did not make a contemporaneous record of their meeting with Epstein, which is based on and/or purports to describe the contents of the Consent Order, Deutsche Bank respectfully refers the Court to the Consent Order for a true and complete statement of what it purports to say, and denies any

allegations regarding such contents that are inconsistent therewith.   As to the remaining allegations in Paragraph 237, denied.

238.   Denied.

239.   Denied.

240.   With respect to the first two sentences of Paragraph 240, which are based on and/or purport to describe the contents of the Consent Order, Deutsche Bank respectfully refers the Court to the Consent Order for a true and complete statement of what it purports to say, and denies any allegations regarding such contents that are inconsistent therewith.  Deutsche Bank denies the remaining allegations of Paragraph 240.

241.   Deutsche Bank lacks knowledge or information sufficient to admit or deny allegations concerning the alleged statements or beliefs of confidential witnesses, and accordingly denies the same.

242.   Denied.

243.   With respect to the allegations in the first sentence of Paragraph 243, which are based on and/or purport to describe the contents of the Consent Order, Deutsche Bank respectfully refers the Court to the Consent Order for a true and complete statement of what it purports to say, and denies any allegations regarding such contents that are inconsistent therewith.  Deutsche Bank denies the remaining allegations of Paragraph 243.

244.   With respect to the allegations in the first sentence of Paragraph 244, which are based on and/or purport to describe the contents of the Consent Order, Deutsche Bank respectfully refers the Court to the Consent Order for a true and complete statement of what it purports to say, and denies any allegations regarding such contents that are inconsistent therewith.  Deutsche Bank denies the remaining allegations of Paragraph 244.

245.   With respect to the allegations in the first sentence of Paragraph 245, which are

based on and/or purport to describe the contents of the Consent Order, Deutsche Bank respectfully refers the Court to the Consent Order for a true and complete statement of what it purports to say, and denies any allegations regarding such contents that are inconsistent therewith.  Deutsche Bank denies the remaining allegations of Paragraph 245.

246.   Denied.

247.   With respect to the first three sentences of Paragraph 247, which are based on and/or purport to describe the contents of the Consent Order, Deutsche Bank respectfully refers the Court to the Consent Order for a true and complete statement of what it purports to say, and denies any allegations regarding such contents that are inconsistent therewith.  Deutsche Bank denies the last sentence of Paragraph 247.

248.   Paragraph 248 is based on and/or purports to describe the contents of the Consent Order; accordingly, Deutsche Bank respectfully refers the Court to the Consent Order for a true and complete statement of what it purports to say, and denies any allegations regarding such contents that are inconsistent therewith.

249.   All but the last two lines of Paragraph 249 are based on and/or purport to describe the contents of the Consent Order; accordingly, Deutsche Bank respectfully refers the Court to the Consent Order for a true and complete statement of what it purports to say, and denies any allegations regarding such contents that are inconsistent therewith.  As to the remaining allegations of Paragraph 249, specifically that this standard had little if any effect on Deutsche Bank's furthering Epstein's sex abuse and his sex trafficking venture, denied.

250.   Paragraph 250 is based on and/or purports to describe the contents of the Consent Order; accordingly, Deutsche Bank respectfully refers the Court to the Consent Order for a true and complete statement of what it purports to say, and denies any allegations regarding such contents that are inconsistent therewith.

251.    Denied.

252.    Paragraph 252 is based on and/or purports to describe the contents of the Consent Order; accordingly, Deutsche Bank respectfully refers the Court to the Consent Order for a true and complete statement of what it purports to say, and denies any allegations regarding such contents that are inconsistent therewith.

253.    Denied.

254.    Paragraph 254 is based on and/or purports to describe the contents of the Consent Order; accordingly, Deutsche Bank respectfully refers the Court to the Consent Order for a true and complete statement of what it purports to say, and denies any allegations regarding such contents that are inconsistent therewith.

255.    Paragraph 255 is based on and/or purports to describe the contents of the Consent Order; accordingly, Deutsche Bank respectfully refers the Court to the Consent Order for a true and complete statement of what it purports to say, and denies any allegations regarding such contents that are inconsistent therewith.

256.    With respect to the first sentence of Paragraph 256, which is based on and/or purports to describe the contents of the Consent Order, Deutsche Bank respectfully refers the Court to the Consent Order for a true and complete statement of what it purports to say, and denies any allegations regarding such contents that are inconsistent therewith. Deutsche Bank denies the remaining allegations of Paragraph 256.

257.    Paragraph 257 is based on and/or purports to describe the contents of the Consent Order; accordingly, Deutsche Bank respectfully refers the Court to the Consent Order for a true and complete statement of what it purports to say, and denies any allegations regarding such contents that are inconsistent therewith.

258.    Deutsche Bank admits the first sentence of Paragraph 258.   As to the remaining

allegations of Paragraph 258, which are based on and/or purport to describe the contents of the Consent Order, Deutsche Bank respectfully refers the Court to the Consent Order for a true and complete statement of what it purports to say, and denies any allegations regarding such contents that are inconsistent therewith.

259.    Paragraph 259 is based on and/or purports to describe the contents of the Consent Order; accordingly, Deutsche Bank respectfully refers the Court to the Consent Order for a true and complete statement of what it purports to say, and denies any allegations regarding such contents that are inconsistent therewith.

260.    Paragraph 260 is based on and/or purports to describe the contents of the Consent Order; accordingly, Deutsche Bank respectfully refers the Court to the Consent Order for a true and complete statement of what it purports to say, and denies any allegations regarding such contents that are inconsistent therewith.

261.    Paragraph 261 is based on and/or purports to describe the contents of the Consent Order; accordingly, Deutsche Bank respectfully refers the Court to the Consent Order for a true and complete statement of what it purports to say, and denies any allegations regarding such contents that are inconsistent therewith.

262.    With respect to the first two sentences of Paragraph 262, which are based on and/or purport to describe the contents of the Consent Order, Deutsche Bank respectfully refers the Court to the Consent Order for a true and complete statement of what it purports to say, and denies any allegations regarding such contents that are inconsistent therewith.  Deutsche Bank denies the remaining allegations in Paragraph 262.

263.    Deutsche admits the first sentence of Paragraph 263.  Deutsche Bank lacks knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 263, and accordingly denies the same.

264.    Denied.

265.    Deutsche Bank lacks knowledge or information sufficient to admit or deny allegations concerning the alleged statements or beliefs of confidential witnesses, and accordingly denies the same.

266.    Deutsche Bank lacks knowledge or information sufficient to admit or deny allegations concerning the alleged statements or beliefs of confidential witnesses, and accordingly denies the same.  As to the remaining allegations in Paragraph 266, denied.

267.    Deutsche Bank lacks knowledge or information sufficient to admit or deny allegations concerning the alleged statements or beliefs of confidential witnesses, and accordingly denies the same.

268.    Deutsche Bank lacks knowledge or information sufficient to admit or deny allegations concerning the alleged statements or beliefs of confidential witnesses, and accordingly denies the same.  As to the remaining allegations in Paragraph 268, denied.

269.    Deutsche Bank respectfully refers the Court to the journalistic report referenced in Paragraph 269 for a true and complete statement of what it purports to say, and denies any allegations regarding such contents that are inconsistent therewith.  Deutsche Bank denies the remaining allegations of Paragraph 269.

270.    Denied.

271.    Deutsche Bank admits that, on or about December 21, 2018, Deutsche Bank informed Epstein by letter that it would be exiting their banking relationship.  Deutsche Bank denies the remaining allegations in the first sentence of Paragraph 271, and denies the second and third sentence of Paragraph 271.

272.    Deutsche Bank denies the first sentence of Paragraph 272.  As to the remaining allegations, which are based on and/or purport to describe the contents of the Consent Order,

Deutsche Bank respectfully refers the Court to the Consent Order for a true and complete statement of what it purports to say, and denies any allegations regarding such contents that are inconsistent therewith.

273.    Denied.

274.    Deutsche Bank denies the first and third sentence of Paragraph 274.   The allegations in the second sentence of Paragraph 274 state legal conclusions, and therefore no response is required.  To the extent a response is required, denied.

275.    The allegations in Paragraph 275 state legal conclusions, and therefore no response is required.  To the extent a response is required, denied.

276.    Denied.

277.    With respect to the first sentence of Paragraph 277, which is based on and/or purports to describe the contents of the Consent Order, Deutsche Bank respectfully refers the Court to the Consent Order for a true and complete statement of what it purports to say, and denies any allegations regarding such contents that are inconsistent therewith.  Deutsche Bank denies the second sentence of Paragraph 277.

278.    Paragraph 278 is based on and/or purports to describe the contents of the Consent Order; accordingly, Deutsche Bank respectfully refers the Court to the Consent Order for a true and complete statement of what it purports to say, and denies any allegations regarding such contents that are inconsistent therewith.

279.    Paragraph 279 is based on and/or purports to describe the contents of the Consent Order; accordingly, Deutsche Bank respectfully refers the Court to the Consent Order for a true and complete statement of what it purports to say, and denies any allegations regarding such contents that are inconsistent therewith.

280.    Paragraph 280 is based on and/or purports to describe the contents of the

Consent Order; accordingly, Deutsche Bank respectfully refers the Court to the Consent Order for a true and complete statement of what it purports to say, and denies any allegations regarding such contents that are inconsistent therewith.

281.    Deutsche Bank lacks knowledge or information sufficient to admit or deny the allegations in the first sentence of Paragraph 281, and accordingly denies the same.  With respect to the allegations in the second sentence of Paragraph 281, which are based on and/or purport to describe the contents of the Consent Order, Deutsche Bank respectfully refers the Court to the Consent Order for a true and complete statement of what it purports to say, and denies any allegations regarding such contents that are inconsistent therewith.  Deutsche Bank denies the third sentence of Paragraph 281.

282.    Deutsche Bank denies the first sentence of Paragraph 282.  With respect to the remaining allegations in Paragraph 282, which are based on and/or purport to describe the contents of the Consent Order, Deutsche Bank respectfully refers the Court to the Consent Order for a true and complete statement of what it purports to say, and denies any allegations regarding such contents that are inconsistent therewith.

283.    Paragraph 283 is based on and/or purports to describe the contents of the Consent Order; accordingly, Deutsche Bank respectfully refers the Court to the Consent Order for a true and complete statement of what it purports to say, and denies any allegations regarding such contents that are inconsistent therewith.

284.    Paragraph 284 is based on and/or purports to describe the contents of the Consent Order; accordingly, Deutsche Bank respectfully refers the Court to the Consent Order for a true and complete statement of what it purports to say, and denies any allegations regarding such contents that are inconsistent therewith.

285.    Denied.

286.   Denied.

287.   Denied.

288.   Denied.

289.   Denied.

290.   Denied.

291.   Denied.

292.   Denied.

293.   Denied.

294.   Denied.

295.   Deutsche Bank respectfully refers the Court to the relevant filings in the referenced proceedings for their true and complete contents, denies any allegations inconsistent therewith, and denies the remaining allegations of Paragraph 295.

296.   Deutsche Bank respectfully refers the Court to the relevant filings in the referenced proceedings for their true and complete contents, denies any allegations inconsistent therewith, and denies the remaining allegations of Paragraph 296.

297.   Deutsche Bank respectfully refers the Court to the relevant filings in the referenced proceedings for their true and complete contents, denies any allegations inconsistent therewith, and denies the remaining allegations of Paragraph 297.

298.   Deutsche Bank respectfully refers the Court to the relevant filings in the referenced proceedings for their true and complete contents, denies any allegations inconsistent therewith, and denies the remaining allegations of Paragraph 298.

299.   Denied.

300.   The allegations in Paragraph 300 state legal conclusions, and therefore no response is required.  To the extent a response is required, Deutsche Bank respectfully refers the

Court to 18 U.S.C. § 1595(c)(1), (2) for their true and complete contents, denies any allegations inconsistent therewith, and denies the remaining allegations of Paragraph 300.

301.    The allegations in Paragraph 301 state legal conclusions, and therefore no response is required.  To the extent a response is required, Deutsche Bank respectfully refers the Court to the New York Adult Survivors Act for its true and complete contents, denies any allegations inconsistent therewith, and denies the remaining allegations of Paragraph 301.

302.    The allegations in Paragraph 302 were pled in support of claims that the Court dismissed in its March 20 Order, and therefore no response is required.  Moreover, the allegations in Paragraph 302 state legal conclusions, and therefore no response is required.  To the extent a response is required, denied.

303.    With respect to the allegations in the first sentence of Paragraph 303 regarding a settlement with the New York Banking Regulators, Deutsche Bank respectfully refers the Court to the Consent Order for a true and complete statement of what it purports to say, and denies any allegations regarding such contents that are inconsistent therewith.   As to the remaining allegations in Paragraph 303, denied.

304.    Denied.

305.    Denied.

306.    Deutsche Bank admits that Plaintiff purports to bring this action as a class action, but denies that Plaintiff or the proposed class satisfies the requirements of the Federal Rules of Civil Procedure.

307.    Denied.

308.    Denied.

309.    Denied.

310.    Denied.

311.    Denied.

312.    Denied.

313.    Denied.

314.    Denied.

315.    Deutsche Bank repeats and re-alleges its responses to Paragraphs 1 to 314 as if set forth fully herein.

316.    The allegations in Paragraph 316 state legal conclusions, and therefore no response is required.  To the extent a response is required, denied.

317.    Denied.

318.    Denied.

319.    Denied.

320.    Denied.

321.    Denied.

322.    Denied.

323.    Denied.

324.    Denied.

325.    Denied.

326.    Denied.

327.    Denied.

328.    Denied.

329.    Denied.

330.    Denied.

331.    Denied.

332.    Denied.

333.    Denied.

334.    Denied.

335.    Denied.

336.    Denied.

337.    Denied.

338.    Denied.

339.    Denied.

340.    Denied.

341.    Denied.

342.    Denied.

343.    Denied.

344.    Denied.

345.    Denied.

346.    The allegations in Paragraph 346 state legal conclusions, and therefore no response is required.  To the extent a response is required, denied.

347.    Denied.

348.    Denied.

349.    Denied.

350.    Denied.

351.    Denied.

352.    Denied.

353.    Denied

354.    The allegations in Paragraph 354 state legal conclusions, and therefore no response is required.  To the extent a response is required, denied.

355.     The allegations in Paragraph 355 state legal conclusions, and therefore no response is required.  To the extent a response is required, denied.

356.     The allegations in Paragraph 356 were pled in support of a claim that the Court dismissed in its March 20 Order, and therefore no response is required.  To the extent a response is required, Deutsche Bank repeats and re-alleges its responses to Paragraphs 1 to 355 as if set forth fully herein.

357.     The allegations in Paragraph 357 were pled in support of a claim that the Court dismissed in its March 20 Order, and therefore no response is required.  Moreover, the allegations in Paragraph 357 state legal conclusions, and therefore no response is required.  To the extent a response is required, denied.

358.     The allegations in Paragraph 358 were pled in support of a claim that the Court dismissed in its March 20 Order, and therefore no response is required.  To the extent a response is required, denied.

359.     The allegations in Paragraph 359 were pled in support of a claim that the Court dismissed in its March 20 Order, and therefore no response is required.  To the extent a response is required, denied.

360.     The allegations in Paragraph 360 were pled in support of a claim that the Court dismissed in its March 20 Order, and therefore no response is required.  To the extent a response is required, denied.

361.     The allegations in Paragraph 361 were pled in support of a claim that the Court dismissed in its March 20 Order, and therefore no response is required.  To the extent a response is required, denied.

362.     The allegations in Paragraph 362 were pled in support of a claim that the Court dismissed in its March 20 Order, and therefore no response is required.  Moreover, the

allegations in Paragraph 362 state legal conclusions, and therefore no response is required.  To the extent a response is required, denied.

363.    The allegations in Paragraph 363 were pled in support of a claim that the Court dismissed in its March 20 Order, and therefore no response is required.  To the extent a response is required, denied.

364.    The allegations in Paragraph 364 were pled in support of a claim that the Court dismissed in its March 20 Order, and therefore no response is required.  To the extent a response is required, denied.

365.    The allegations in Paragraph 365 were pled in support of a claim that the Court dismissed in its March 20 Order, and therefore no response is required.  To the extent a response is required, denied.

366.    The allegations in Paragraph 366 were pled in support of a claim that the Court dismissed in its March 20 Order, and therefore no response is required.  To the extent a response is required, denied.

367.    The allegations in Paragraph 367 were pled in support of a claim that the Court dismissed in its March 20 Order, and therefore no response is required.  To the extent a response is required, denied.

368.    The allegations in Paragraph 368 were pled in support of a claim that the Court dismissed in its March 20 Order, and therefore no response is required.  To the extent a response is required, denied.

369.    The allegations in Paragraph 369 were pled in support of a claim that the Court dismissed in its March 20 Order, and therefore no response is required.  To the extent a response is required, denied.

370.    The allegations in Paragraph 370 were pled in support of a claim that the Court

dismissed in its March 20 Order, and therefore no response is required.  To the extent a response is required, denied.

371.    The allegations in Paragraph 371 were pled in support of a claim that the Court dismissed in its March 20 Order, and therefore no response is required.  Moreover, the allegations in Paragraph 371 state legal conclusions, and therefore no response is required.  To the extent a response is required, denied.

372.    The allegations in Paragraph 372 were pled in support of a claim that the Court dismissed in its March 20 Order, and therefore no response is required.  Moreover, the allegations in Paragraph 372 state legal conclusions, and therefore no response is required.  To the extent a response is required, denied.

373.    The allegations in Paragraph 373 were pled in support of a claim that the Court dismissed in its March 20 Order, and therefore no response is required.  To the extent a response is required, Deutsche Bank repeats and re-alleges its responses to Paragraphs 1 to 372 as if set forth fully herein.

374.    The allegations in Paragraph 374 were pled in support of a claim that the Court dismissed in its March 20 Order, and therefore no response is required.  Moreover, the allegations in Paragraph 374 state legal conclusions, and therefore no response is required.  To the extent a response is required, denied.

375.    The allegations in Paragraph 375 were pled in support of a claim that the Court dismissed in its March 20 Order, and therefore no response is required.  Moreover, the allegations in Paragraph 375 state legal conclusions, and therefore no response is required.  To the extent a response is required, denied.

376.    The allegations in Paragraph 376 were pled in support of a claim that the Court dismissed in its March 20 Order, and therefore no response is required.  Moreover, the

allegations in Paragraph 376 state legal conclusions, and therefore no response is required.  To the extent a response is required, denied.

377.    The allegations in Paragraph 377 were pled in support of a claim that the Court dismissed in its March 20 Order, and therefore no response is required.  To the extent a response is required, Deutsche Bank lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 377, and accordingly denies the same.

378.    The allegations in Paragraph 378 were pled in support of a claim that the Court dismissed in its March 20 Order, and therefore no response is required.  Moreover, the allegations in Paragraph 378 state legal conclusions, and therefore no response is required.  To the extent a response is required, denied.

379.    The allegations in Paragraph 379 were pled in support of a claim that the Court dismissed in its March 20 Order, and therefore no response is required.  Moreover, the allegations in Paragraph 379 state legal conclusions, and therefore no response is required.  To the extent a response is required, denied.

380.    The allegations in Paragraph 380 were pled in support of a claim that the Court dismissed in its March 20 Order, and therefore no response is required.  Moreover, the allegations in Paragraph 380 state legal conclusions, and therefore no response is required.  To the extent a response is required, denied.

381.    The allegations in Paragraph 381 were pled in support of a claim that the Court dismissed in its March 20 Order, and therefore no response is required.  To the extent a response is required, denied.

382.    The allegations in Paragraph 382 were pled in support of a claim that the Court dismissed in its March 20 Order, and therefore no response is required.  To the extent a response is required, denied.

383.     The allegations in Paragraph 383 were pled in support of a claim that the Court dismissed in its March 20 Order, and therefore no response is required.  To the extent a response is required, denied.

384.     The allegations in Paragraph 384 were pled in support of a claim that the Court dismissed in its March 20 Order, and therefore no response is required.  Moreover, the allegations in Paragraph 384 state legal conclusions, and therefore no response is required.  To the extent a response is required, denied.

385.     The allegations in Paragraph 385 were pled in support of a claim that the Court dismissed in its March 20 Order, and therefore no response is required.  To the extent a response is required, denied.

386.     The allegations in Paragraph 386 were pled in support of a claim that the Court dismissed in its March 20 Order, and therefore no response is required.  To the extent a response is required, denied.

387.     The allegations in Paragraph 387 were pled in support of a claim that the Court dismissed in its March 20 Order, and therefore no response is required.  To the extent a response is required, denied.

388.     The allegations in Paragraph 388 were pled in support of a claim that the Court dismissed in its March 20 Order, and therefore no response is required.  To the extent a response is required, denied.

389.     The allegations in Paragraph 389 were pled in support of a claim that the Court dismissed in its March 20 Order, and therefore no response is required.  To the extent a response is required, denied.

390.     The allegations in Paragraph 390 were pled in support of a claim that the Court dismissed in its March 20 Order, and therefore no response is required.  Moreover, the

allegations in Paragraph 390 state legal conclusions, and therefore no response is required.  To the extent a response is required, denied.

391.     The allegations in Paragraph 391 were pled in support of a claim that the Court dismissed in its March 20 Order, and therefore no response is required.  Moreover, the allegations in Paragraph 391 state legal conclusions, and therefore no response is required.  To the extent a response is required, denied.

392.     The allegations in Paragraph 392 were pled in support of a claim that the Court dismissed in its March 20 Order, and therefore no response is required.  To the extent a response is required, Deutsche Bank repeats and re-alleges its responses to Paragraphs 1 to 391 as if set forth fully herein.

393.     The allegations in Paragraph 393 were pled in support of a claim that the Court dismissed in its March 20 Order, and therefore no response is required.  Moreover, the allegations in Paragraph 393 state legal conclusions, and therefore no response is required.  To the extent a response is required, denied.

394.     The allegations in Paragraph 394 were pled in support of a claim that the Court dismissed in its March 20 Order, and therefore no response is required.  Moreover, the allegations in Paragraph 394 state legal conclusions, and therefore no response is required.  To the extent a response is required, denied.

395.     The allegations in Paragraph 395 were pled in support of a claim that the Court dismissed in its March 20 Order, and therefore no response is required.  Moreover, the allegations in Paragraph 395 state legal conclusions, and therefore no response is required.  To the extent a response is required, denied.

396.     The allegations in Paragraph 396 were pled in support of a claim that the Court dismissed in its March 20 Order, and therefore no response is required.  Moreover, the

allegations in Paragraph 396 state legal conclusions, and therefore no response is required.  To the extent a response is required, denied.

397.     The allegations in Paragraph 397 were pled in support of a claim that the Court dismissed in its March 20 Order, and therefore no response is required.  Moreover, the allegations in Paragraph 397 state legal conclusions, and therefore no response is required.  To the extent a response is required, denied.

398.     The allegations in Paragraph 398 were pled in support of a claim that the Court dismissed in its March 20 Order, and therefore no response is required.  To the extent a response is required, denied.

399.     The allegations in Paragraph 399 were pled in support of a claim that the Court dismissed in its March 20 Order, and therefore no response is required.  To the extent a response is required, denied.

400.     The allegations in Paragraph 400 were pled in support of a claim that the Court dismissed in its March 20 Order, and therefore no response is required.  To the extent a response is required, denied.

401.     The allegations in Paragraph 401 were pled in support of a claim that the Court dismissed in its March 20 Order, and therefore no response is required.  To the extent a response is required, denied.

402.     The allegations in Paragraph 402 were pled in support of a claim that the Court dismissed in its March 20 Order, and therefore no response is required.  Moreover, the allegations in Paragraph 402 state legal conclusions, and therefore no response is required.  To the extent a response is required, denied.

403.     The allegations in Paragraph 403 were pled in support of a claim that the Court dismissed in its March 20 Order, and therefore no response is required.  To the extent a response

is required, Deutsche Bank denies Paragraph 403, and denies the Paragraphs that Paragraph 403 purports to incorporate by reference.

404.    The allegations in Paragraph 404 were pled in support of a claim that the Court dismissed in its March 20 Order, and therefore no response is required.   Moreover, the allegations in Paragraph 404 state legal conclusions, and therefore no response is required.   To the extent a response is required, denied.

405.    The allegations in Paragraph 405 were pled in support of a claim that the Court dismissed in its March 20 Order, and therefore no response is required.   To the extent a response is required, denied.

406.    The allegations in Paragraph 406 were pled in support of a claim that the Court dismissed in its March 20 Order, and therefore no response is required.   To the extent a response is required, denied.

407.    The allegations in Paragraph 407 were pled in support of a claim that the Court dismissed in its March 20 Order, and therefore no response is required.   To the extent a response is required, denied.

408.    The allegations in Paragraph 408 were pled in support of a claim that the Court dismissed in its March 20 Order, and therefore no response is required.   To the extent a response is required, denied.

409.    The allegations in Paragraph 409 were pled in support of a claim that the Court dismissed in its March 20 Order, and therefore no response is required.   To the extent a response is required, Deutsche Bank respectfully refers the Court to the Consent Order for a true and complete statement of what it purports to say, and denies any allegations regarding such contents that are inconsistent therewith.   As to the remaining allegations in Paragraph 409, denied.

410.    The allegations in Paragraph 410 were pled in support of a claim that the Court

dismissed in its March 20 Order, and therefore no response is required.  To the extent a response is required, denied.

411.    The allegations in Paragraph 411 were pled in support of a claim that the Court dismissed in its March 20 Order, and therefore no response is required.  To the extent a response is required, denied.

412.    The allegations in Paragraph 412 were pled in support of a claim that the Court dismissed in its March 20 Order, and therefore no response is required.  To the extent a response is required, denied.

413.    The allegations in Paragraph 413 were pled in support of a claim that the Court dismissed in its March 20 Order, and therefore no response is required.  To the extent a response is required, denied.

414.    The allegations in Paragraph 414 were pled in support of a claim that the Court dismissed in its March 20 Order, and therefore no response is required.  To the extent a response is required, denied.

415.    The allegations in Paragraph 415 were pled in support of a claim that the Court dismissed in its March 20 Order, and therefore no response is required.  To the extent a response is required, denied.

416.    The allegations in Paragraph 416 were pled in support of a claim that the Court dismissed in its March 20 Order, and therefore no response is required.  To the extent a response is required, denied.

417.    The allegations in Paragraph 417 were pled in support of a claim that the Court dismissed in its March 20 Order, and therefore no response is required.  Moreover, the allegations in Paragraph 417 state legal conclusions, and therefore no response is required.  To the extent a response is required, denied.

418.     The allegations in Paragraph 418 were pled in support of a claim that the Court dismissed in its March 20 Order, and therefore no response is required.   Moreover, the allegations in Paragraph 418 state legal conclusions, and therefore no response is required.  To the extent a response is required, denied.

419.     The allegations in Paragraph 419 were pled in support of a claim that the Court dismissed in its March 20 Order, and therefore no response is required.  To the extent a response is required, denied.

420.     The allegations in Paragraph 420 were pled in support of a claim that the Court dismissed in its March 20 Order, and therefore no response is required.   Moreover, the allegations in Paragraph 420 state legal conclusions, and therefore no response is required.  To the extent a response is required, denied.

421.     The allegations in Paragraph 421 were pled in support of a claim that the Court dismissed in its March 20 Order, and therefore no response is required.  To the extent a response is required, denied.

422.     The allegations in Paragraph 422 were pled in support of a claim that the Court dismissed in its March 20 Order, and therefore no response is required.   Moreover, the allegations in Paragraph 422 state legal conclusions, and therefore no response is required.  To the extent a response is required, denied.

423.     The allegations in Paragraph 423 were pled in support of a claim that the Court dismissed in its March 20 Order, and therefore no response is required.   Moreover, the allegations in Paragraph 423 state legal conclusions, and therefore no response is required.  To the extent a response is required, denied.

424.     The allegations in Paragraph 424 were pled in support of a claim that the Court dismissed in its March 20 Order, and therefore no response is required.  To the extent a response

is required, Deutsche Bank repeats and re-alleges its responses to Paragraphs 1 to 423 as if set forth fully herein.

425.     The allegations in Paragraph 425 were pled in support of a claim that the Court dismissed in its March 20 Order, and therefore no response is required.   Moreover, the allegations in Paragraph 425 state legal conclusions, and therefore no response is required.  To the extent a response is required, denied.

426.     The allegations in Paragraph 426 were pled in support of a claim that the Court dismissed in its March 20 Order, and therefore no response is required.   Moreover, the allegations in Paragraph 426 state legal conclusions, and therefore no response is required.  To the extent a response is required, denied.

427.     The allegations in Paragraph 427 were pled in support of a claim that the Court dismissed in its March 20 Order, and therefore no response is required.   Moreover, the allegations in Paragraph 427 state legal conclusions, and therefore no response is required.  To the extent a response is required, denied.

428.     The allegations in Paragraph 428 were pled in support of a claim that the Court dismissed in its March 20 Order, and therefore no response is required.   Moreover, the allegations in Paragraph 428 state legal conclusions, and therefore no response is required.  To the extent a response is required, denied.

429.     The allegations in Paragraph 429 were pled in support of a claim that the Court dismissed in its March 20 Order, and therefore no response is required.   Moreover, the allegations in Paragraph 429 state legal conclusions, and therefore no response is required.  To the extent a response is required, denied.

430.     The allegations in Paragraph 430 were pled in support of a claim that the Court dismissed in its March 20 Order, and therefore no response is required.   Moreover, the

allegations in Paragraph 430 state legal conclusions, and therefore no response is required. To the extent a response is required, denied.

431.    The allegations in Paragraph 431 were pled in support of a claim that the Court dismissed in its March 20 Order, and therefore no response is required. Moreover, the allegations in Paragraph 431 state legal conclusions, and therefore no response is required. To the extent a response is required, denied.

432.    The allegations in Paragraph 432 were pled in support of a claim that the Court dismissed in its March 20 Order, and therefore no response is required. To the extent a response is required, denied.

433.    The allegations in Paragraph 433 were pled in support of a claim that the Court dismissed in its March 20 Order, and therefore no response is required. Moreover, the allegations in Paragraph 433 state legal conclusions, and therefore no response is required. To the extent a response is required, denied.

434.    The allegations in Paragraph 434 were pled in support of a claim that the Court dismissed in its March 20 Order, and therefore no response is required. To the extent a response is required, denied.

435.    The allegations in Paragraph 435 were pled in support of a claim that the Court dismissed in its March 20 Order, and therefore no response is required. To the extent a response is required, denied.

436.    The allegations in Paragraph 436 were pled in support of a claim that the Court dismissed in its March 20 Order, and therefore no response is required. Moreover, the allegations in Paragraph 436 state legal conclusions, and therefore no response is required. To the extent a response is required, denied.

437.    The allegations in Paragraph 437 were pled in support of a claim that the Court

dismissed in its March 20 Order, and therefore no response is required.  To the extent a response is required, denied.

438.    The allegations in Paragraph 438 were pled in support of a claim that the Court dismissed in its March 20 Order, and therefore no response is required.  To the extent a response is required, denied.

439.    The allegations in Paragraph 439 were pled in support of a claim that the Court dismissed in its March 20 Order, and therefore no response is required.  Moreover, the allegations in Paragraph 439 state legal conclusions, and therefore no response is required.  To the extent a response is required, denied.

440.    The allegations in Paragraph 440 were pled in support of a claim that the Court dismissed in its March 20 Order, and therefore no response is required.  Moreover, the allegations in Paragraph 440 state legal conclusions, and therefore no response is required.  To the extent a response is required, denied.

441.    Deutsche Bank repeats and re-alleges its responses to Paragraphs 1 to 440 as if set forth fully herein.

442.    The allegations in Paragraph 442 state legal conclusions, and therefore no response is required.  To the extent a response is required, denied.

443.    The allegations in Paragraph 443 state legal conclusions, and therefore no response is required.  To the extent a response is required, denied.

444.    The allegations in Paragraph 444 state legal conclusions, and therefore no response is required.  To the extent a response is required, denied.

445.    Deutsche Bank respectfully refers the Court to the filings and other materials from *U.S. v. Epstein* and *U.S. v. Maxwell* for a true and complete statement of what they purport to say, and denies any allegations regarding such contents that are inconsistent therewith.

446.    Denied.

447.    Denied.

448.    Denied.

449.    The allegations in Paragraph 449 state legal conclusions, and therefore no response is required.  To the extent a response is required, denied.

450.    The allegations in Paragraph 450 state legal conclusions, and therefore no response is required.  To the extent a response is required, denied.

451.    Denied.

452.    Denied.

453.    Denied.

454.    Denied.

455.    Denied.

456.    Denied.

457.    Denied.

458.    Denied.

459.    The allegations in Paragraph 459 state legal conclusions, and therefore no response is required.  To the extent a response is required, denied.

460.    Denied.

461.    Denied.

462.    Denied.

463.    The allegations in Paragraph 463 state legal conclusions, and therefore no response is required.  To the extent a response is required, denied.

464.    The allegations in Paragraph 464 state legal conclusions, and therefore no response is required.  To the extent a response is required, denied.

465.     The allegations in Paragraph 465 were pled in support of a claim that the Court dismissed in its March 20 Order, and therefore no response is required.  To the extent a response is required, Deutsche Bank repeats and re-alleges its responses to Paragraphs 1 to 464 as if set forth fully herein.

466.     The allegations in Paragraph 466 were pled in support of a claim that Court dismissed in its March 20 Order, and therefore no response is required.  Moreover, the allegations in Paragraph 466 state legal conclusions, and therefore no response is required.  To the extent a response is required, denied

467.     The allegations in Paragraph 467 were pled in support of a claim that the Court dismissed in its March 20 Order, and therefore no response is required.  Moreover, the allegations in Paragraph 467 state legal conclusions, and therefore no response is required.  To the extent a response is required, denied.

468.     The allegations in Paragraph 468 were pled in support of a claim that the Court dismissed in its March 20 Order, and therefore no response is required.  To the extent a response is required, denied.

469.     The allegations in Paragraph 469 were pled in support of a claim that the Court dismissed in its March 20 Order, and therefore no response is required.  Moreover, the allegations in Paragraph 469 state legal conclusions, and therefore no response is required.  To the extent a response is required, denied.

470.     The allegations in Paragraph 470 were pled in support of a claim that the Court dismissed in its March 20 Order, and therefore no response is required.  Moreover, the allegations in Paragraph 470 state legal conclusions, and therefore no response is required.  To the extent a response is required, denied.

471.     The allegations in Paragraph 471 were pled in support of a claim that the Court

dismissed in its March 20 Order, and therefore no response is required.  To the extent a response is required, denied.

472.   The allegations in Paragraph 472 were pled in support of a claim that the Court dismissed in its March 20 Order, and therefore no response is required.  To the extent a response is required, denied.

473.   The allegations in Paragraph 473 were pled in support of a claim that the Court dismissed in its March 20 Order, and therefore no response is required.  To the extent a response is required, denied.

474.   The allegations in Paragraph 474 were pled in support of a claim that the Court dismissed in its March 20 Order, and therefore no response is required.  To the extent a response is required, denied.

475.   The allegations in Paragraph 475 were pled in support of a claim that the Court dismissed in its March 20 Order, and therefore no response is required.  To the extent a response is required, Deutsche Bank lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 475, and accordingly denies the same.

476.   The allegations in Paragraph 476 were pled in support of a claim that the Court dismissed in its March 20 Order, and therefore no response is required.  To the extent a response is required, denied.

477.   The allegations in Paragraph 477 were pled in support of a claim that the Court dismissed in its March 20 Order, and therefore no response is required.  To the extent a response is required, denied.

478.   The allegations in Paragraph 478 were pled in support of a claim that the Court dismissed in its March 20 Order, and therefore no response is required.  To the extent a response is required, denied.

479.     The allegations in Paragraph 479 were pled in support of a claim that the Court dismissed in its March 20 Order, and therefore no response is required.  To the extent a response is required, denied.

480.     The allegations in Paragraph 480 were pled in support of a claim that the Court dismissed in its March 20 Order, and therefore no response is required.  To the extent a response is required, denied.

481.     The allegations in Paragraph 481 were pled in support of a claim that the Court dismissed in its March 20 Order, and therefore no response is required.  Moreover, the allegations in Paragraph 481 state legal conclusions, and therefore no response is required.  To the extent a response is required, denied.

482.     The allegations in Paragraph 482 were pled in support of a claim that the Court dismissed in its March 20 Order, and therefore no response is required.  Moreover, the allegations in Paragraph 482 state legal conclusions, and therefore no response is required.  To the extent a response is required, denied.

483.     The allegations in Paragraph 483 were pled in support of a claim that the Court dismissed in its March 20 Order, and therefore no response is required.  To the extent a response is required, denied.

484.     The allegations in Paragraph 484 were pled in support of a claim that the Court dismissed in its March 20 Order, and therefore no response is required.  To the extent a response is required, denied.

485.     The allegations in Paragraph 485 were pled in support of a claim that the Court dismissed in its March 20 Order, and therefore no response is required.  To the extent a response is required, denied.

486.     The allegations in Paragraph 486 were pled in support of a claim that the Court

dismissed in its March 20 Order, and therefore no response is required.   Moreover, the allegations in Paragraph 486 state legal conclusions, and therefore no response is required.   To the extent a response is required, denied.

487.    The allegations in Paragraph 487 were pled in support of a claim that the Court dismissed in its March 20 Order, and therefore no response is required.   Moreover, the allegations in Paragraph 487 state legal conclusions, and therefore no response is required.   To the extent a response is required, denied.

488.    The allegations in Paragraph 488 were pled in support of a claim that the Court dismissed in its March 20 Order, and therefore no response is required.   Moreover, the allegations in Paragraph 488 state legal conclusions, and therefore no response is required.   To the extent a response is required, denied.

489.    The allegations in Paragraph 489 were pled in support of a claim that the Court dismissed in its March 20 Order, and therefore no response is required.   Moreover, the allegations in Paragraph 489 state legal conclusions, and therefore no response is required.   To the extent a response is required, denied.

490.    The allegations in Paragraph 490 were pled in support of a claim that the Court dismissed in its March 20 Order, and therefore no response is required.  To the extent a response is required, denied.

491.    The allegations in Paragraph 491 were pled in support of a claim that the Court dismissed in its March 20 Order, and therefore no response is required.  To the extent a response is required, denied.

492.    The allegations in Paragraph 492 were pled in support of a claim that the Court dismissed in its March 20 Order, and therefore no response is required.  To the extent a response is required, denied.

493.     The allegations in Paragraph 493 were pled in support of a claim that the Court dismissed in its March 20 Order, and therefore no response is required.  To the extent a response is required, denied.

494.     The allegations in Paragraph 494 were pled in support of a claim that the Court dismissed in its March 20 Order, and therefore no response is required.  To the extent a response is required, denied.

495.     The allegations in Paragraph 495 were pled in support of a claim that the Court dismissed in its March 20 Order, and therefore no response is required.  To the extent a response is required, denied.

496.     The allegations in Paragraph 496 were pled in support of a claim that the Court dismissed in its March 20 Order, and therefore no response is required.  Moreover, the allegations in Paragraph 496 state legal conclusions, and therefore no response is required.  To the extent a response is required, denied.

497.     The allegations in Paragraph 497 were pled in support of a claim that the Court dismissed in its March 20 Order, and therefore no response is required.  Moreover, the allegations in Paragraph 497 state legal conclusions, and therefore no response is required.  To the extent a response is required, denied.

498.     The allegations in Paragraph 498 were pled in support of a claim that the Court dismissed in its March 20 Order, and therefore no response is required.  Moreover, the allegations in Paragraph 498 state legal conclusions, and therefore no response is required.  To the extent a response is required, denied.

499.     The allegations in Paragraph 499 were pled in support of a claim that the Court dismissed in its March 20 Order, and therefore no response is required.  Moreover, the allegations in Paragraph 499 state legal conclusions, and therefore no response is required.  To

the extent a response is required, denied.

500.    The allegations in Paragraph 500 were pled in support of a claim that the Court dismissed in its March 20 Order, and therefore no response is required.  Moreover, the allegations in Paragraph 500 state legal conclusions, and therefore no response is required.  To the extent a response is required, denied.

501.    The allegations in Paragraph 501 were pled in support of a claim that the Court dismissed in its March 20 Order, and therefore no response is required.  Moreover, the allegations in Paragraph 501 state legal conclusions, and therefore no response is required.  To the extent a response is required, denied.

502.    The allegations in Paragraph 502 were pled in support of a claim that the Court dismissed in its March 20 Order, and therefore no response is required.  To the extent a response is required, denied.

503.    The allegations in Paragraph 503 were pled in support of a claim that the Court dismissed in its March 20 Order, and therefore no response is required.  Moreover, the allegations in Paragraph 503 state legal conclusions, and therefore no response is required.  To the extent a response is required, denied.

504.    The allegations in Paragraph 504 were pled in support of a claim that the Court dismissed in its March 20 Order, and therefore no response is required.  To the extent a response is required, denied.

505.    The allegations in Paragraph 505 were pled in support of a claim that the Court dismissed in its March 20 Order, and therefore no response is required.  To the extent a response is required, denied.

506.    The allegations in Paragraph 506 were pled in support of a claim that the Court dismissed in its March 20 Order, and therefore no response is required.  To the extent a response

is required, denied.

507.     The allegations in Paragraph 507 were pled in support of a claim that the Court dismissed in its March 20 Order, and therefore no response is required.   Moreover, the allegations in Paragraph 507 state legal conclusions, and therefore no response is required.  To the extent a response is required, denied.

508.     The allegations in Paragraph 508 were pled in support of a claim that the Court dismissed in its March 20 Order, and therefore no response is required.   Moreover, the allegations in Paragraph 508 state legal conclusions, and therefore no response is required.  To the extent a response is required, denied.

509.     The allegations in Paragraph 509 were pled in support of a claim that the Court dismissed in its March 20 Order, and therefore no response is required.   Moreover, the allegations in Paragraph 509 state legal conclusions, and therefore no response is required.  To the extent a response is required, denied.

510.     The allegations in Paragraph 510 were pled in support of a claim that the Court dismissed in its March 20 Order, and therefore no response is required.   Moreover, the allegations in Paragraph 510 state legal conclusions, and therefore no response is required.  To the extent a response is required, denied.

511.     The allegations in Paragraph 511 were pled in support of a claim that the Court dismissed in its March 20 Order, and therefore no response is required.  To the extent a response is required, denied.

512.     The allegations in Paragraph 512 were pled in support of a claim that the Court dismissed in its March 20 Order, and therefore no response is required.   Moreover, the allegations in Paragraph 512 state legal conclusions, and therefore no response is required.  To the extent a response is required, denied.

513.     The allegations in Paragraph 513 were pled in support of a claim that the Court dismissed in its March 20 Order, and therefore no response is required.  To the extent a response is required, denied.

514.     The allegations in Paragraph 514 were pled in support of a claim that the Court dismissed in its March 20 Order, and therefore no response is required.  To the extent a response is required, denied.

515.     The allegations in Paragraph 515 were pled in support of a claim that the Court dismissed in its March 20 Order, and therefore no response is required.  Moreover, the allegations in Paragraph 515 state legal conclusions, and therefore no response is required.  To the extent a response is required, denied.

516.     The allegations in Paragraph 516 were pled in support of a claim that the Court dismissed in its March 20 Order, and therefore no response is required.  To the extent a response is required, Deutsche Bank repeats and re-alleges its responses to Paragraphs 1 to 515 as if set forth fully herein.

517.     The allegations in Paragraph 517 were pled in support of a claim that the Court dismissed in its March 20 Order, and therefore no response is required.  To the extent a response is required, Deutsche Bank repeats and re-alleges its responses to Paragraphs 470 to 514 as if set forth fully herein.

518.     The allegations in Paragraph 518 were pled in support of a claim that the Court dismissed in its March 20 Order, and therefore no response is required.  Moreover, the allegations in Paragraph 518 state legal conclusions, and therefore no response is required.  To the extent a response is required, denied.

519.     The allegations in Paragraph 519 were pled in support of a claim that the Court dismissed in its March 20 Order, and therefore no response is required.  Moreover, the

allegations in Paragraph 519 state legal conclusions, and therefore no response is required.  To the extent a response is required, denied.

520.    The allegations in Paragraph 520 were pled in support of a claim that the Court dismissed in its March 20 Order, and therefore no response is required.  Moreover, the allegations in Paragraph 520 state legal conclusions, and therefore no response is required.  To the extent a response is required, denied.

521.    The allegations in Paragraph 521 were pled in support of a claim that the Court dismissed in its March 20 Order, and therefore no response is required.  To the extent a response is required, denied.

522.    The allegations in Paragraph 522 were pled in support of a claim that the Court dismissed in its March 20 Order, and therefore no response is required.  To the extent a response is required, denied.

523.    The allegations in Paragraph 523 were pled in support of a claim that the Court dismissed in its March 20 Order, and therefore no response is required.  To the extent a response is required, denied.

524.    The allegations in Paragraph 524 were pled in support of a claim that the Court dismissed in its March 20 Order, and therefore no response is required.  Moreover, the allegations in Paragraph 524 state legal conclusions, and therefore no response is required.  To the extent a response is required, denied.

525.    The allegations in Paragraph 525 were pled in support of a claim that the Court dismissed in its March 20 Order, and therefore no response is required.  Moreover, the allegations in Paragraph 525 state legal conclusions, and therefore no response is required.  To the extent a response is required, denied.

526.    The allegations in Paragraph 526 were pled in support of a claim that the Court

dismissed in its March 20 Order, and therefore no response is required. Moreover, the allegations in Paragraph 526 state legal conclusions, and therefore no response is required. To the extent a response is required, denied.

527.    The allegations in Paragraph 527 were pled in support of a claim that the Court dismissed in its March 20 Order, and therefore no response is required. To the extent a response is required, denied.

528.    The allegations in Paragraph 528 were pled in support of a claim that the Court dismissed in its March 20 Order, and therefore no response is required. To the extent a response is required, denied.

529.    The allegations in Paragraph 529 were pled in support of a claim that the Court dismissed in its March 20 Order, and therefore no response is required. Moreover, the allegations in Paragraph 529 state legal conclusions, and therefore no response is required. To the extent a response is required, denied.

530.    The allegations in Paragraph 530 were pled in support of a claim that the Court dismissed in its March 20 Order, and therefore no response is required. Moreover, the allegations in Paragraph 530 state legal conclusions, and therefore no response is required. To the extent a response is required, denied.

531.    The allegations in Paragraph 531 were pled in support of a claim that the Court dismissed in its March 20 Order, and therefore no response is required. Moreover, the allegations in Paragraph 531 state legal conclusions, and therefore no response is required. To the extent a response is required, denied.

532.    The allegations in Paragraph 532 were pled in support of a claim that the Court dismissed in its March 20 Order, and therefore no response is required. To the extent a response is required, Deutsche Bank repeats and re-alleges its responses to Paragraphs 1 to 531 as if set

forth fully herein.

533.    The allegations in Paragraph 533 were pled in support of a claim that the Court dismissed in its March 20 Order, and therefore no response is required.   Moreover, the allegations in Paragraph 533 state legal conclusions, and therefore no response is required.  To the extent a response is required, denied.

534.    The allegations in Paragraph 534 were pled in support of a claim that the Court dismissed in its March 20 Order, and therefore no response is required.   Moreover, the allegations in Paragraph 534 state legal conclusions, and therefore no response is required.  To the extent a response is required, Deutsche Bank lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 534, and accordingly denies the same.

535.    The allegations in Paragraph 535 were pled in support of a claim that the Court dismissed in its March 20 Order, and therefore no response is required.   Moreover, the allegations in Paragraph 535 state legal conclusions, and therefore no response is required.  To the extent a response is required, Deutsche Bank lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 535, and accordingly denies the same.

536.    The allegations in Paragraph 536 were pled in support of a claim that the Court dismissed in its March 20 Order, and therefore no response is required.   Moreover, the allegations in Paragraph 536 state legal conclusions, and therefore no response is required.  To the extent a response is required, denied.

537.    The allegations in Paragraph 537 were pled in support of a claim that the Court dismissed in its March 20 Order, and therefore no response is required.   Moreover, the allegations in Paragraph 537 state legal conclusions, and therefore no response is required.  To the extent a response is required, denied.

538.    The allegations in Paragraph 538 were pled in support of a claim that the Court

dismissed in its March 20 Order, and therefore no response is required.  To the extent a response is required, denied.

539.    The allegations in Paragraph 539 were pled in support of a claim that the Court dismissed in its March 20 Order, and therefore no response is required.  To the extent a response is required, denied.

540.    The allegations in Paragraph 540 were pled in support of a claim that the Court dismissed in its March 20 Order, and therefore no response is required.  To the extent a response is required, denied.

541.    The allegations in Paragraph 541 were pled in support of a claim that the Court dismissed in its March 20 Order, and therefore no response is required.  To the extent a response is required, denied.

542.    The allegations in Paragraph 542 were pled in support of a claim that the Court dismissed in its March 20 Order, and therefore no response is required.  To the extent a response is required, denied.

543.    The allegations in Paragraph 543 were pled in support of a claim that the Court dismissed in its March 20 Order, and therefore no response is required.  To the extent a response is required, denied.

544.    The allegations in Paragraph 544 were pled in support of a claim that the Court dismissed in its March 20 Order, and therefore no response is required.  Moreover, the allegations in Paragraph 544 state legal conclusions, and therefore no response is required.  To the extent a response is required, denied.

545.    The allegations in Paragraph 545 were pled in support of a claim that the Court dismissed in its March 20 Order, and therefore no response is required.  Moreover, the allegations in Paragraph 545 state legal conclusions, and therefore no response is required.  To

the extent a response is required, denied.

546.     The allegations in Paragraph 546 were pled in support of a claim that the Court dismissed in its March 20 Order, and therefore no response is required.  To the extent a response is required, Deutsche Bank repeats and re-alleges its responses to Paragraphs 1 to 545 as if set forth fully herein.

547.     The allegations in Paragraph 547 were pled in a support of a claim that the Court dismissed in its March 20 Order, and therefore no response is required.  Moreover, the allegations in Paragraph 547 state legal conclusions, and therefore no response is required.  To the extent a response is required, denied.

548.     The allegations in Paragraph 548 were pled in support of a claim that the Court dismissed in its March 20 Order, and therefore no response is required.  To the extent a response is required, denied.

549.     The allegations in Paragraph 549 were pled in support of a claim that the Court dismissed in its March 20 Order, and therefore no response is required.  To the extent a response is required, denied.

550.     The allegations in Paragraph 550 were pled in support of a claim that the Court dismissed in its March 20 Order, and therefore no response is required.  To the extent a response is required, denied.

551.     The allegations in Paragraph 551 were pled in support of a claim that the Court dismissed in its March 20 Order, and therefore no response is required.  To the extent a response is required, denied.

552.     The allegations in Paragraph 552 were pled in support of a claim that the Court dismissed in its March 20 Order, and therefore no response is required.  Moreover, the allegations in Paragraph 552 state legal conclusions, and therefore no response is required.  To

the extent a response is required, denied.

553.     The allegations in Paragraph 553 were pled in support of a claim that the Court dismissed in its March 20 Order, and therefore no response is required.   Moreover, the allegations in Paragraph 553 state legal conclusions, and therefore no response is required.  To the extent a response is required, denied.

554.     The allegations in Paragraph 554 were pled in support of a claim that the Court dismissed in its March 20 Order, and therefore no response is required.   Moreover, the allegations in Paragraph 554 state legal conclusions, and therefore no response is required.  To the extent a response is required, denied.

555.     Deutsche Bank repeats and re-alleges its responses to Paragraphs 1 to 554 as if set forth fully herein.

556.     The allegations in Paragraph 556 state legal conclusions, and therefore no response is required.  To the extent a response is required, denied.

557.     The allegations in Paragraph 557 state legal conclusions, and therefore no response is required.  To the extent a response is required, denied.

558.     The allegations in Paragraph 558 state legal conclusions, and therefore no response is required.  To the extent a response is required, denied.

559.     Denied.

560.     Denied.

561.     Denied.

562.     Denied.

563.     The allegations in Paragraph 563 state legal conclusions, and therefore no response is required.  To the extent a response is required, denied.

564.     The allegations in Paragraph 564 state legal conclusions, and therefore no

response is required.  To the extent a response is required, denied.

565.    Denied.

566.    The allegations in Paragraph 566 state legal conclusions, and therefore no response is required.  To the extent a response is required, denied.

567.    The allegations in Paragraph 567 state legal conclusions, and therefore no response is required.  To the extent a response is required, denied.

568.    Deutsche Bank repeats and re-alleges its responses to Paragraphs 1 to 567 as if set forth fully herein.

569.    The allegations in Paragraph 569 state legal conclusions, and therefore no response is required.  To the extent a response is required, denied.

570.    The allegations in Paragraph 570 state legal conclusions, and therefore no response is required.  To the extent a response is required, denied.

571.    Denied.

572.    Denied.

573.    Denied.

574.    Denied.

575.    The allegations in Paragraph 575 state legal conclusions, and therefore no response is required.  To the extent a response is required, denied.

576.    Deutsche Bank admits that it is subject to certain regulations concerning anti-money laundering controls and the reporting of suspicious activity, but denies that the allegations in Paragraph 576 represent a full or accurate description of those regulations or Deutsche Bank's duty of care.  As to the remaining allegations in Paragraph 576, denied.

577.    The allegations in Paragraph 577 state legal conclusions, and therefore no response is required.  To the extent a response is required, denied.

578.     The allegations in Paragraph 578 state legal conclusions, and therefore no response is required.  To the extent a response is required, denied.

579.     The allegations in Paragraph 579 state legal conclusions, and therefore no response is required.  To the extent a response is required, denied.

580.     Denied.

581.     Denied.

582.     The allegations in Paragraph 582 state legal conclusions, and therefore no response is required.  To the extent a response is required, denied.

583.     The allegations in Paragraph 583 state legal conclusions, and therefore no response is required.  To the extent a response is required, denied.

584.     The allegations in Paragraph 584 state legal conclusions, and therefore no response is required.  To the extent a response is required, denied.

585.     The allegations in Paragraph 585 state legal conclusions, and therefore no response is required.  To the extent a response is required, denied.

586.     Denied.

587.     Denied.

588.     Denied.

589.     Denied.

590.     Denied.

## **REQUEST FOR RELIEF**

Deutsche Bank denies that Plaintiff is entitled to any relief.

## **AFFIRMATIVE DEFENSES**

Deutsche Bank asserts the following affirmative defenses, without assuming the burden of proof on such defenses that would otherwise rest on Plaintiff.

## FIRST DEFENSE

The First Amended Complaint fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

Plaintiff's claims are released by the April 28, 2022 General Release and Settlement Agreement that Plaintiff entered into with the Epstein Estate (the "Settlement Agreement"), which contains a "broad release" of any and all claims, including those relating to "acts of sexual abuse or sex trafficking" by Epstein, against not only Epstein and his Estate, but also against a wide array of other individuals and entities, including any entity that was ever "engaged by" or "worked in any capacity for" Epstein.  In exchange for giving that "broad release," Plaintiff received a substantial settlement payment from the Epstein Estate.

## THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, because Deutsche Bank did not directly, actually, or proximately cause or contribute to any damage, loss, or injury allegedly sustained by Plaintiff.

## FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because the injuries alleged, to the extent any exist, were caused, in whole or in part, by intervening and/or superseding causes unrelated to the alleged conduct of Deutsche Bank and/or by the conduct of third parties for whom Deutsche Bank was not responsible.

## FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff's alleged damages, if any, are speculative, uncertain, and cannot be ascertained.

**SIXTH DEFENSE**

Plaintiff's claims are barred because Plaintiff already has been fully compensated for any harm that Plaintiff allegedly suffered as a result of Plaintiff's receipt of a substantial settlement payment from the Epstein Estate pursuant to the Settlement Agreement.

**SEVENTH DEFENSE**

Plaintiff's alleged damages, loss, or injury, to the extent any exist, must be setoff by the substantial settlement payment Plaintiff received pursuant to the Settlement Agreement with the Epstein Estate.

**EIGHTH DEFENSE**

Plaintiff's claims barred, in whole or in part, because any damage, loss, or liability alleged must be reduced, diminished, and/or barred in proportion to any wrongful conduct of persons or entities other than Deutsche Bank, including, but not limited to, as provided by Article 16 of the New York Civil Practice Law and Rules.

**NINTH DEFENSE**

Plaintiff's claims for punitive damages are limited by the common law of New York and the Due Process Clause of the Fourteenth Amendment of the United States Constitution, including *BMW of North America v. Gore*, 116 U.S. 1589 (1996); *Cooper Industries, Inc. v. Leatherman Tool Group, Inc*., 532 U.S. 424 (2001); *State Farm Mutual Auto Insurance Co. v. Campbell*, 538 U.S. 408 (2003), and their progeny.

**TENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitation and/or repose, and the doctrines of waiver, comparative and contributory negligence or fault, unclean hands, *in pari delicto*, laches, and estoppel.

## ELEVENTH DEFENSE

This action cannot be maintained as a class action as a matter of law and fact.

## TWELFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks standing to assert the claims alleged in this action.

## THIRTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because the statute sued upon is unconstitutionally vague and ambiguous.

## FOURTEENTH DEFENSE

Plaintiff's claims are barred because the New York Adult Survivors Act, under which Plaintiff brings Counts XI and XII, violates the Due Process Clauses of the New York and United States Constitutions.

## ADDITIONAL AFFIRMATIVE DEFENSES

Deutsche Bank hereby gives notice that it intends to rely upon such other and further defenses as may become available or apparent during pre-trial proceedings in this case, and hereby reserves the right to amend this Answer and assert such defenses.

Dated: New York, New York          By:     /s/ David B. Hennes
      April 10, 2023                      David B. Hennes
                                      Lisa H. Bebchick
                                      Andrew S. Todres
                                      Michael Ardeljan
                                      ROPES & GRAY LLP
                                        1211 Avenue of the Americas
                                        New York, NY 10036-8704
                                        Tel: (212) 596-9000
                                        David.Hennes@ropesgray.com
                                        Lisa.Bebchick@ropesgray.com
                                        Andrew.Todres@ropesgray.com
                                        Michael.Ardeljan@ropesgray.com

                                        James P. Dowden (admitted *pro hac vice*)
                                        ROPES & GRAY LLP
                                        Prudential Tower
                                        800 Boylston Street
                                        Boston, MA 02199
                                        Tel: (617) 951-7970
                                        James.Dowden@ropesgray.com

                                        *Counsel for Defendants Deutsche Bank*
                                        *Aktiengesellschaft, Deutsche Bank AG New*
                                        *York Branch, and Deutsche Bank Trust*
                                        *Company Americas*