# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Jane Doe 1, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Deutsche Bank Akteingesellschaft, et. al.,<br><br>Defendants. | Case No. 1:22-CV-10018 (JSR) |

I, Paul G. Cassell, hereby declare as follows:

1. I am a lawyer in Utah, co-counsel to Plaintiffs and putative class representative Jane Doe 1. I am an attorney at law duly licensed to practice before the courts of the state of Utah and numerous federal courts. I am currently the Ronald N. Boyce Presidential Professor of Criminal Law and Distinguished University Professor of Law at the S.J. Quinney College of Law at the University of Utah, although I am working on this litigation in my own individual capacity.

2. I make this declaration in support of Plaintiffs' Motion for Class Certification filed on April 28, 2023. I have knowledge of the facts stated herein from my personal knowledge and, if called as a witness, I could and would competently testify thereto.

3. I have significant experience in complex litigation—and particularly in litigation involving crime victims' rights—which I have gained over more than thirty years of law practice.

4. I received a B.A. from Stanford University in 1981. I then graduated Order of the Coif from Stanford Law School in 1984, serving as President of the *Stanford Law Review*. In 1984-85, I clerked for then-Judge Antonin Scalia when Scalia was on the U.S. Court of Appeals

for the D.C. Circuit and the following year for Chief Justice Warren E. Burger on the U.S. Supreme Court.

5. From 1986 to 1988, I served as an Associate Deputy Attorney General for U.S. Department of Justice. I was responsible for providing advice to the Deputy Attorney General on a wide range of matters, including complex civil and criminal litigation. My portfolio included providing advice on constitutional, criminal justice, natural resources, and antitrust issues.

6. From 1988 to 1992, I was an Assistant Attorney General in the U.S. Attorney's Office for the Eastern District of Virginia, handling general felony cases. I was recognized by the Attorney General with a Special Achievement Award.

7. In 1992, I began teaching at the S.J. Quinney College of Law. Classes I taught included evidence, criminal procedure, and crime victims' rights. I also published widely in leading academic journals on crime victims' rights and other criminal justice issues, including articles in the *Northwestern University Law Review*, *Michigan Law Review*, and *Stanford Law Review*. I also worked on complex civil litigation as "Special Counsel" to the Salt Lake City civil law firm of Hatch, James and Dodge.

8. In 2002, I was confirmed by the U.S. Senate to serve as a U.S. District Court Judge for the District of Utah. While on the District Court, I handled various civil and criminal cases, including putative class actions cases. I resigned from my judicial position in 2007 to return to law teaching and advocating for criminal and civil justice reform.

9. I currently teach crime victims' rights, criminal law, and other courses at the S.J. Quinney College of Law at the University of Utah. I have published widely in various law reviews, including *The Federal Sentencing Reporter*, *The George Washington Law Review*, *The Wake Forest Law Review*, and *The Boston University Law Review*.

10. In May 2020, I was ranked as one of the Top 250 most cited law scholars of all time by HeinOnline. My articles have been cited by numerous courts around the country, including in a United States Supreme Court opinion.

11. Along with Doug Beloof, Meg Garvin, and Steve Twist, I am a co-author of *Victims in Criminal Procedure*, the only law school casebook on victims' rights.

12. I have also testified several times before Congressional committees on criminal justice and other issues, as well as before state legislative committees in Florida, Idaho, Iowa, Nevada, New Hampshire, Tennessee, Wisconsin, and Utah.

13. I maintain an active pro bono law practice and have argued complex cases in federal and state courts across the county. I have argued two cases before the United States Supreme Court. In 2000, I was appointed by Chief Justice Rehnquist to argue in defense of a federal statute that modified the *Miranda* warnings—*United States v. Dickerson*. In 2014, I argued for a child sex abuse victim in a case involving allocation of restitution—*Paroline v. United States and Amy*. This was the first time that a crime victim had appeared before the U.S. Supreme Court to protect her own rights in a criminal case filed by a prosecutor.

14. Among other complex cases, from 2008 to 2022, along with co-counsel Bradley J. Edwards, I represented victims sexually abused by Jeffrey Epstein in an effort to obtain criminal prosecution of those responsible for the sexual abuse. The case was filed under the Crime Victims' Rights Act (CVRA). During the fifteen years that I was involved in the case, I argued multiple times in support of Epstein's victims, including several arguments before the district court and the Eleventh Circuit. Ultimately, along with Mr. Edwards, I obtained a summary judgment ruling in favor of Epstein's victims. But then, after Epstein's apparent suicide, the district court dismissed the case. I then argued before the Eleventh Circuit and Eleventh Circuit en banc, unsuccessfully

trying to overturn the mootness ruling. The Supreme Court denied certiorari on the case in early 2022. The difficulties that Epstein's victims had in asserting their rights during the case lead to remedial congressional legislation in 2015 and pending legislation before recent Congresses.

15. I have also worked on several civil cases on behalf of Epstein victims, including the civil cases against Ghislaine Maxwell litigated before this Court. *Virginia Giuffre v. Ghislaine Maxwell*, 15-cv-07433-RWS. In that case, I worked closely with attorneys from Boies Schiller Flexner LLP and Edwards Pottinger LLC. As I result, I have developed effective working relationships with these firms and many of the lead individuals working on this case.

16. In 2021, I began representing fifteen families who lost loved ones in the crashes of two Boeing 737 MAX aircraft, challenging a secret deferred prosecution deal reached between the Justice Department and Boeing. In October 2022, I obtained a ruling from the U.S. District Court for the Northern District of Texas that the U.S. Department of Justice violated the rights of the families under the Crime Victim's Rights Act. But in February 2023, Judge O'Connor concluded that families could not obtain any remedies under the CVRA. I have just finished filing mandamus briefing on the issue to the U.S. Court of Appeals for the Fifth Circuit.

17. I have been a member of the American Law Institute since 2016 and a Fellow of the American Bar Foundation since 2016. In October 2020, I received the Ronald Wilson Reagan Public Policy Award – National Crime Victims' Service Award, from the U.S. Department of Justice, Office for Victims of Crime.

18. I believe it is fair to say that I am widely regarded as one of the nation's leading experts on crime victims' rights. For example, during the victim impact hearing concerning the dismissal of criminal charges against Jeffrey Epstein after his death, Judge Berman commented on my writings and described me as "a noted expert in victims rights." *U.S. v. Jeffrey Epstein,* No.

19-cr-490 (RMB), Tr. at 7 (S.D.N.Y. Aug. 27, 2019). As another example, in its opinion on Mr. Edwards' and my CVRA challenge to the Epstein non-prosecution agreement, the 11th Circuit described me as "one of the nation's foremost authorities on victims' rights issues." *In re Wild*, 955 F.3d 1196, 1207 n.9 (11th Cir. 2020).

19. As a member of the legal team representing Jane Doe 1 in this matter, I have frequently used my experience on crime victims' rights issues to inform the team's briefing and arguments. Given the types of claims filed in this case—involving victims of the sex trafficking and sex abuse—it appears that crime victims' issues will be important and recurring.

20. I declare under penalty of perjury that the foregoing is true and correct.

Executed this 28th day of April, 2023.

By: /s/ Paul G. Cassell