# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Jane Doe 1, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Deutsche Bank Aktiengesellschaft, et. al.,<br><br>Defendants. | Case No. 1:22-CV-10018 (JSR) |

## <u>STIPULATION OF SETTLEMENT</u>

This Stipulation of Settlement, dated May 26, 2023 (the "Stipulation"), is made and entered into by and between: (i) Settlement Class Representative Jane Doe 1 ("Jane Doe 1" or "Settlement Class Representative"), on behalf of herself and each Class Member, by and through her counsel of record in the Litigation;[1] and (ii) Defendants Deutsche Bank Aktiengesellschaft, Deutsche Bank AG New York Branch, and Deutsche Bank Trust Company Americas (collectively, "Deutsche Bank" or the "Bank") by and through their counsel of record in the Litigation. The Stipulation is intended to fully, finally, and forever resolve, discharge, and settle the Released Claims, subject to the approval of the Court and the terms and conditions set forth herein.

## I.    THE LITIGATION

The Litigation is currently pending before Judge Jed S. Rakoff in the United States District Court for the Southern District of New York (the "Court"). The initial complaint in this action

---

[1] All capitalized terms not otherwise defined shall have the meanings ascribed to them in § IV.1 herein.

1

was filed on November 24, 2022, and Deutsche Bank moved to dismiss the initial complaint on December 30, 2022.   Settlement Class Representative filed an Amended Complaint (the "Complaint") on January 13, 2023, which alleged that Defendants violated the Trafficking Victims Protection Act ("TVPA"), 18 U.S.C. §§ 1591, 1594, 1595, and the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1962, 1964. The Complaint further alleged Defendants aided, abetted, and facilitated battery, committed intentional infliction of emotional distress, negligently failed to exercise reasonable care to prevent physical harm, and negligently failed to exercise reasonable care as a banking institution providing non-routine banking services. The Complaint alleged that, throughout the Class Period (August 19, 2013 through August 10, 2019, inclusive), Defendants knowingly and intentionally participated in, assisted, supported, and facilitated Jeffrey Epstein's sex trafficking venture by providing Jeffrey Epstein and his associates with (1) the ability to withdraw hundreds of thousands of dollars in cash, (2) access to wire services, and (3) other banking and investment services while Defendants ignored red flags and failed in their compliance and regulatory responsibilities.   Settlement Class Representative alleged Class Members – the victims of Jeffrey Epstein's sex trafficking venture – were harmed by Defendants' conduct.   Defendants contend that they did not violate the TVPA, RICO, or commit any common law negligence torts, as the Bank merely provided routine banking services to Epstein between 2013 and 2018 and was not part of, and did not know of, Epstein's criminal sex trafficking venture.   Defendants deny, *inter alia*, that Class Members, including Settlement Class Representative, suffered any damages due to the Bank's conduct, while acknowledging allegations of abuse by Epstein are serious and may entitle Settlement Class Representative or other Class Members to compensation from Epstein's estate, his criminal co-conspirators, or others.

On February 7, 2023, Defendants moved to dismiss the Complaint.  The Court granted in

part and denied in part the motion on March 20, 2023. Notably, Settlement Class Representative's RICO claims were dismissed. Defendants answered the Complaint on April 10, 2023. On April 28, 2023, Settlement Class Representative moved for class certification.

Class counsel avers that it has worked on the Epstein case for years. Starting back in 2021, Class Counsel began conducting fact investigation and witness interviews and analyzing potential claims related to Defendants, which included the research and drafting of an initial complaint. Throughout the case, the Settling Parties engaged in hard-fought litigation. The Settling Parties conducted extensive fact, class certification, and expert discovery, taking depositions, producing and reviewing hundreds of thousands of pages of documents, and exchanging reports and rebuttal reports of four expert witnesses. The Class had more than 25 lawyers working on the case, and Deutsche Bank had a number of lawyers working for a large, prominent law firm. Class Counsel spent extensive hours working with the lead Plaintiff to gather, review, and produce her relevant communications and documents and prepare for her deposition. Class Counsel also conducted extensive fact research and interviewed over fifty witnesses, including several dozen potential victims who were collectively instrumental in identifying the nature of the claims and the extent of the purported liability in this matter. Class Counsel then spent hundreds of hours communicating with potential class members throughout the duration of the case due to the nature and sensitivity of this matter and the importance of the matter to all who have been affected.

The Settling Parties also filed numerous other discovery and procedural motions and spent a significant amount of time meeting and conferring with counsel for Defendants on disputed discovery matters and subsequently requesting relief from the Court during many telephonic and in-court discovery conferences. Class counsel filed a Motion for Class Certification in this case,

which required extensive briefing, as well as extensive engagement with experts in support of the Motion. Class counsel then spent weeks preparing the lead Plaintiff for her deposition including via Zoom, telephonically, and in person on the eve of the deposition's expected start date.

In May 2023, Defendants sought (and were granted) leave to file a *Daubert* motion seeking to exclude expert testimony offered in support of Settlement Class Representative's class certification. Also in May 2023, the Parties agreed to engage in mediation. From May 9 to 10, 2023, the Settling Parties participated in a confidential mediation with experienced mediators in this area, including Simone Lelchuk of Melnick ADR. The mediation was preceded by the submission of mediation statements by the Settling Parties. The Settling Parties engaged in good faith negotiations and reached an agreement in principle. The Settling Parties drafted a Confidential Settlement Term Sheet ("Term Sheet"), memorializing their agreement to settle the Class's claims against Deutsche Bank and end the Litigation, and executed the Term Sheet on May 11, 2023. The Term Sheet included, among other things, the Settling Parties' agreement to settle and dismiss with prejudice the Litigation and grant full mutual releases in return for a cash payment of $75 million ($75,000,000) by and/or on behalf of the Bank for the benefit of the Class, subject to the negotiation of the terms of a Stipulation of Settlement and approval by the Court.

## II.   DEUTSCHE BANK'S DENIALS OF LIABILITY

Throughout this Litigation, Deutsche Bank has denied, and continues to deny, each and all of the claims and contentions alleged by Settlement Class Representative, individually and/or on behalf of the Class Members, as well as any and all allegations of fault, liability, wrongdoing, or damages. Among other things, Deutsche Bank has expressly denied, and continues to deny, that it participated in the Jeffrey Epstein sex trafficking venture in any way, that any Class Member, including Settlement Class Representative, has suffered any damages due to Deutsche Bank's

conduct, or that any Class Member, including Settlement Class Representative, was harmed by any conduct alleged in the Litigation or that could have been alleged therein. Deutsche Bank maintains that it has meritorious defenses to the claims alleged in the Litigation. Deutsche Bank is entering into this Stipulation solely to eliminate the burden, expense, and uncertainty of further protracted litigation. Deutsche Bank has determined that it is desirable and beneficial to it that the Litigation be settled in the manner and upon the terms and conditions set forth in this Stipulation. For the avoidance of any doubt, Deutsche Bank makes no admission of liability, fault, damages, or any form of wrongdoing whatsoever, and this Settlement in no way represents, and may not be construed as, an admission of the merits of any claim.

III.   **SETTLEMENT CLASS REPRESENTATIVE'S CLAIMS AND THE BENEFITS OF SETTLEMENT**

Settlement Class Representative and Class Counsel believe that the claims asserted in the Litigation have merit and that the evidence developed to date supports the claims asserted therein. However, Settlement Class Representative and Class Counsel recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Litigation through trial and through appeals. Settlement Class Representative and Class Counsel also have accounted for the uncertain outcome and the risk of any litigation, especially in complex actions such as this Litigation, as well as the difficulties and delays inherent in this Litigation. Settlement Class Representative and Class Counsel also are mindful of the possible defenses to the TVPA and common law violations alleged in the Litigation. Settlement Class Representative and Class Counsel believe that the Settlement set forth in this Stipulation confers substantial benefits upon the Class. Based on their own investigation and evaluation, Settlement Class Representative and Class Counsel have determined that the Settlement set forth in this Stipulation is in the best interests of Settlement Class Representative and the Class.

## IV.    TERMS OF THE STIPULATION AND AGREEMENT OF SETTLEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and between Settlement Class Representative (on behalf of itself and the Class Members) and Defendants, by and through their respective counsel that, subject to the approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, in consideration of the benefits flowing to the Parties from the Settlement, the Litigation and the Released Claims shall be finally, fully and forever, compromised, settled, released, resolved, relinquished, waived, discharged, and dismissed with prejudice upon and subject to the terms and conditions of this Stipulation, as follows:

### 1.    Definitions

As used in this Stipulation, the following terms, when capitalized, have the meanings specified below:

1.1     "Allocated Amount" means the settlement amount from the Global Settlement Amount assigned to each Participating Claimant by the Claims Administrator in her sole discretion, subject to the terms of this Stipulation.  For the avoidance of doubt, the total of all Allocated Amounts cannot exceed the Global Settlement Amount.

1.2     "Claims Administrator" means Simone Lelchuk and Melnick ADR.  The Claims Administrator may designate other individuals to assist in allocating the Global Settlement Amount; all such designated appointees shall have appropriate qualifications, skills, and relevant experience as determined by the Claims Administrator in her sole discretion.

1.3     ""Class Counsel" means Boies Schiller Flexner LLP, Edwards    Henderson Lehrman, and Paul G. Cassell.

1.4     "Class" means all women who were sexually abused or trafficked by Jeffrey Epstein during the time when Deutsche Bank maintained bank accounts for Epstein from August

19, 2013 to August 10, 2019.  Defendants stipulate, agree, and consent to the definition of "Class" for the sole purpose of the Settlement, and without prejudice to their right to challenge class certification and/or the class definition in the event that this Stipulation or the Settlement is terminated or the Effective Date otherwise fails to occur for any reason.

1.5    "Class Member" or "Member of the Class" means a Person who falls within the definition of the Class as set forth in ¶ 1.4 above.

1.6    "Class Period" means the period from August 19, 2013 to August 10, 2019, inclusive.

1.7    "Court" means the United States District Court for the Southern District of New York.

1.8    "Defendants" means Deutsche Bank Aktiengesellschaft, Deutsche Bank AG New York Branch, and Deutsche Bank Trust Company Americas.

1.9    "Defendants' Counsel" means Ropes & Gray LLP.

1.10    "Effective Date," or the date upon which this Settlement becomes "Effective," means the date that all Eligible Class Members and Participating Claimants have been paid from the Qualified Settlement Fund.

1.11    "Eligible Class Member" means a person whom the Claims Administrator determines to assign to Tier One based on documents and information, including a Tier One Form providing identifying information, furnished to the Claims Administrator by Claimants or Class Counsel.

1.12    "Escrow Agent" means the Claims Administrator.

1.13    "Final" means, with respect to any order or Judgment of the Court, that such order or Judgment represents a final and binding determination of all issues within its scope and has not

been reversed, vacated, or modified in any way and is no longer subject to appellate review, either because of disposition on appeal and conclusion of the appellate process or because of expiration of time for seeking appellate review, without action.  Without limitation, an order or Judgment becomes final when:  (a) either no appeal therefrom has been filed and the time has passed for any notice of appeal to be timely filed therefrom; or (b) an appeal has been filed and either (i) the court of appeals has either affirmed the order or Judgment or dismissed that appeal and the time for any reconsideration or further appellate review has passed, or (ii) a higher court has granted further appellate review and that court has either affirmed the underlying order or judgment or affirmed the court of appeals' decision affirming the Judgment or dismissing the appeal.  For purposes of this paragraph, an "appeal" shall include any motion for reconsideration or petition for a writ of certiorari or other writ that may be filed in connection with approval or disapproval of this Settlement. Any appeal or proceeding seeking subsequent judicial review pertaining solely to an order issued with respect to: (i) attorneys' fees, costs, or expenses, and (ii) the procedures for determining and paying Allocated Amounts, shall not in any way delay, affect, or preclude the Judgment from becoming Final.

1.14    "Global Settlement Amount" means 75 Million U.S. Dollars in cash to be paid by wire transfer to the Qualified Settlement Fund pursuant to ¶ 2.2 of this Stipulation.

1.15    "Judgment" means the Final Judgment to be rendered by the Court, substantially in the form attached hereto as Exhibit B, as well as any form of final judgment that may be entered by the Court in a form other than the form attached hereto as Exhibit B.

1.16    "Litigation" means the action captioned *Jane Doe 1 v. Deutsche Bank Aktiengesellschaft, et. al.*, Case No. 1:22-CV-10018 (JSR) now pending in the United States District Court for the Southern District of New York.

1.17    "Maximum Allocated Amount" means $5 million, which is the maximum amount any Participating Claimant may be awarded (inclusive of the $75,000 available to all Eligible Class Members).

1.18    "Net Settlement Fund" means the Global Settlement Amount less: (i) any Court-awarded attorneys' fees, expenses, and interest thereon; (ii) Notice and Administration Expenses (defined in ¶ 2.8 below); (iii) Taxes (defined in ¶ 2.10(b) below); and (iv) any other Court-approved deductions.

1.19    "Notice" means the notice of settlement to be provided to Class Members, available at Exhibit A-1.  Notice will be provided within 10 calendar days following the Court's preliminary approval of the Settlement.

1.20    "Notice Period" is the period of time from the day of the mailing of the Notice through the deadline to submit a Tier Two Questionnaire and Release.

1.21    "Opt-Out Form" means the Form completed by any member of the Court-certified settlement class who wishes to opt out of the class.  All such forms must be submitted to the Claims Administrator no later than 30 days after the mailing of Notice.  The Claims Administrator will notify Class Counsel and Defendants' Counsel of the name of each person who submits an Opt-Out Form within 7 days thereafter.

1.22    "Participating Claimant" means each Eligible Class Member who the Claims Administrator determines to assign to both Tier One and Tier Two.  A Participating Claimant Member qualifies for Tier Two provided that (i) she (or Class Counsel) submit the Tier One Form; (ii) she submits the Tier Two Questionnaire and Release to the Claims Administrator, along with any supporting documents, and (iii) she is not deemed ineligible by the Claims Administrator.

1.23     "Person(s)" means an individual, corporation (including all divisions and subsidiaries thereof), limited liability corporation, professional corporation, partnership, limited partnership, limited liability partnership, limited liability company, joint venture, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and all of their respective spouses, heirs, beneficiaries, executors, administrators, predecessors, successors, representatives, or assignees when acting in their capacity as such.

1.24     "Plan of Allocation" means the proposed plan or formula of allocation of the Net Settlement Fund whereby the Net Settlement Fund shall be distributed to Eligible Class Members who submit a Tier One Form and Participating Claimants who submit a Tier Two Questionnaire and Release as determined by the Claims Administrator.

1.25     "Qualified Settlement Fund" means an account maintained at a financial institution where the Global Settlement Amount will be held in escrow. Such account will be funded by Deutsche Bank within ten business days after final approval of the Settlement by the Court.

1.26     "Released Plaintiffs' Claims" means any and all claims, rights and causes of action against Released Defendant Parties of every nature and description, duties, obligations, demands, actions, matters, debts, sums of money, suits, contracts, agreements, promises, issues, judgments, losses, damages and liabilities, including both known and Unknown Claims, whether fixed or contingent, mature or not mature, accrued or unaccrued, liquidated or unliquidated, concealed or hidden, suspected or unsuspected, direct or indirect, regardless of legal or equitable theory and whether arising under federal law, state law, statutory law, common law, foreign law, or any other law, rule, or regulation, whether class, representative, and/or individual in nature, against

10

Released Defendant Parties that the Released Plaintiff Parties (a) asserted in the Litigation against the Released Defendant Parties, (b) could have asserted in the Litigation against the Released Defendant Parties, (c) could in the future assert in any other action or forum assert against the Released Defendant Parties, or (d) have with respect to Epstein. "Released Plaintiffs' Claims" does not include: (i) any claims of any Person who submits an Opt-Out Form that is accepted by the Court; or (ii) claims relating to the enforcement of the Settlement. For avoidance of doubt, this release is only intended to release the Released Defendant Parties and is not intended to release any claims against any Person in the case of *Jane Doe v. JP Morgan Chase N.A.*, 22-cv-10019 or to preclude class member lawsuits against any other individual or entity not specifically named in the Litigation or who is not one of the Released Defendant Parties.

1.27    "Released Defendants' Claims" means any and all claims, rights and causes of action of every nature and description, duties, obligations, demands, actions, matters, debts, sums of money, suits, contracts, agreements, promises, issues, judgments, losses, damages and liabilities, including both known and Unknown Claims, whether fixed or contingent, mature or not mature, accrued or unaccrued, liquidated or unliquidated, concealed or hidden, suspected or unsuspected, direct or indirect, regardless of legal or equitable theory and whether arising under federal law, state law, statutory law, common law, foreign law, or any other law, rule, or regulation, whether class, representative, and/or individual in nature, against Released Plaintiff Parties that arise out of or relate in any way to the institution, prosecution, or settlement of the Litigation, except for claims relating to the enforcement of the Settlement.

1.28    "Released Defendant Party" or "Released Defendant Parties" mean (i) any and all of Defendants and Defendants' Counsel and each of their successors, predecessors, and past, present, and future: parent corporations, sister corporations, subsidiaries, and affiliated Persons

and (ii) any and all of the foregoing's respective past, present, or future: principals, assigns, assignors, legatees, devisees, executors, administrators, estates, heirs, spouses, receivers and trustees, settlors, beneficiaries, members, equity holders, officers, directors, partners, managers, employees, servants, agents, insurers, reinsurers, representatives, attorneys, legal representatives, and successors-in-interest.

1.29    "Released Plaintiff Party" or "Released Plaintiff Parties" means (i) any and all Class Members, Eligible Class Members, Participating Claimants, Settlement Class Representatives, Class Counsel, and each of their successors, predecessors, and past, present, and future: parent corporations, sister corporations, subsidiaries, and affiliated Persons and (ii) any and all of the foregoing's respective past, present, or future: principals, assigns, assignors, legatees, devisees, executors, administrators, estates, heirs, spouses, receivers and trustees, settlors, beneficiaries, members, equity holders, officers, directors, partners, managers, employees, servants, agents, insurers, reinsurers, representatives, attorneys, legal representatives, and successors-in-interest.  Released Plaintiff Parties does not include any Person who would otherwise be a Member of the Class but who properly exclude(s) themselves by filing a valid and timely Opt-Out Form.

1.30    "Settlement" means the resolution of the Litigation in accordance with the terms and provisions of this Stipulation.

1.31    "Settlement Class Representative" means Jane Doe 1.

1.32    "Settlement Forms" means the Tier One Form, the Tier Two Questionnaire and Release, and the Opt-Out Form, collectively.

1.33    "Settlement Hearing" means the hearing to be set by the Court under Rule 23(e)(2) of the Federal Rules of Civil Procedure to consider final approval of the Settlement.

1.34    "Settling Parties" means the Released Defendant Parties and Released Plaintiff Parties.

1.35    "Tier One" means the tier to which Class Members will be assigned if the Claims Administrator determines they are Eligible Class Members.  Such Eligible Class Members will receive $75,000.

1.36    "Tier One Form" means the biographical form contained within the Settlement Forms to be provided to the Claims Administrator by Class Members and/or Class Counsel to identify all members of the Class who will receive a distribution of $75,000 provided that the Claims Administrator first determines they are an Eligible Class Member.    The Tier One Form must be submitted to the Claims Administrator no later than 45 days after the mailing of Notice.

1.37    "Tier Two" means the tier to which Class Members will be assigned if the Claims Administrator determines they are Participating Claimants.    Participating Claimants are eligible to receive an Allocated Amount over $75,000, with a maximum of $5,000,000 in Allocated Amounts (inclusive of the $75,000 available to all Eligible Class Members) from the Settlement.

1.38    "Tier Two Questionnaire and Release" means the forms that each Participating Claimant must submit to be eligible for an Allocated Amount over $75,000.  The Tier Two Questionnaire and Release must be submitted to the Claims Administrator no later than 60 days after the mailing of Notice.

1.39    "Unknown Claims" means (a) any and all Released Plaintiffs' Claims against Released Defendant Parties that any of the Released Plaintiff Parties do not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant Parties, which, if known by him, her, or it, might have affected his, her, or its settlement with and release of the Released Defendant Parties, or might have affected his, her, or its decision(s) with respect to the

Settlement, including, but not limited to, whether or not to object to this Settlement; and (b) any and all Released Defendants' Claims that any of the Released Defendant Parties do not know or suspect to exist in his, her, or its favor at the time of the release of Released Plaintiff Parties, which, if known by him, her, or it, might have affected his, her, or its settlement with and release of the Released Plaintiff Parties.  With respect to (a) any and all Released Plaintiffs' Claims, and (b) any and all Released Defendants' Claims, the Settling Parties stipulate and agree that, upon the Effective Date, the Settling Parties shall expressly waive, and each Released Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have, expressly waived the provisions, rights, and benefits of California Civil Code § 1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

The Settling Parties shall expressly waive, and each Released Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code § 1542.  The Released Plaintiff Parties and Released Defendant Parties acknowledge that they may hereafter discover facts, legal theories, or authorities in addition to or different from those which he, she, it or they now know or believe to be true with respect to the subject matter of the Released Claims, but (a) the Released Plaintiff Parties shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Released Plaintiff Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and, upon the Effective Date, and by operation of the Judgment, shall be

deemed to have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Plaintiffs' Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, accrued or unaccrued, whether or not concealed or hidden, which now exist, or heretofore have existed, or may hereafter exist, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities, and (b) the Released Defendant Parties shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish and release, and, upon the Effective Date, and by operation of the Judgment, shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Defendants' Claims against Released Plaintiff Parties, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. The Settling Parties acknowledge, and the Released Plaintiff Parties and Released Defendant Parties shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and is an essential element of the Settlement of which this release is a part.

## 2. The Settlement

2.1     The obligations incurred pursuant to the Stipulation are: (a) subject to approval by the Court and the Judgment (reflecting such approval) becoming Final; and (b) in full and final

disposition of the Litigation and the Released Claims, subject to the terms and conditions set forth herein.

**a.      The Settlement Amount**

2.2      In full and final settlement of the claims asserted in the Litigation and in consideration of the releases specified in ¶¶ 4.1–4.3 herein, Defendants shall pay or cause to be paid the Global Settlement Amount by wire transfer to the Qualified Settlement Fund within ten (10) business days of the Court granting final approval of the Settlement.  The Parties agree that the compensation is for a personal physical injury and personal physical sickness resulting from alleged misconduct and emotional distress attributable to such personal physical injuries and personal physical sickness. If the entire Settlement Amount is not timely paid to the Qualified Settlement Fund, Class Counsel may terminate this Stipulation and the Settlement, but only upon condition that:  (i) Class Counsel has first notified Defendants' Counsel in writing of Class Counsel's intention to terminate this Stipulation and the Settlement, and (ii) the entire Settlement Amount is not transferred to the Qualified Settlement Fund within five (5) business days after Class Counsel has provided such written notice.

2.3      Defendants' sole monetary obligations are to pay or cause to be paid the Global Settlement Amount into the Qualified Settlement Fund set forth in ¶ 2.2 herein.  Funds from the Qualified Settlement Fund will be utilized to pay all costs and expenses related to satisfying the requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 *et seq.* ("CAFA"), and Defendants shall not be liable for any other amount or amounts, including for any attorneys' fees and expenses.  The Released Defendant Parties shall have no responsibility for, interest in, or liability whatsoever with respect to:  (i) any act, omission, or determination by Class Counsel or the Claims Administrator, or any of their respective designees, in connection with the

administration of the Settlement or otherwise; (ii) the management, investment, or distribution of the Settlement Fund; (iii) the Plan of Allocation; (iv) the determination, administration, calculation, or payment of any Claims asserted against the Settlement Fund; (v) any loss suffered by, or fluctuation in value of, the Settlement Fund; or (vi) the payment or withholding of any Taxes, expenses, and/or costs incurred in connection with the taxation of the Qualified Settlement Fund, distributions or other payments from the Qualified Settlement Fund, or the filing of any federal, state, or local returns.

2.4     The Escrow Agent shall hold the Global Settlement Amount deposited pursuant to ¶ 2.2 in a Qualified Settlement Fund insured by the Federal Deposit Insurance Corporation ("FDIC") to the applicable limits.

2.5     The Escrow Agent shall not disburse any part of the Qualified Settlement Fund except as provided in this Stipulation or by an order of the Court.

2.6     Subject to further order(s) and/or directions as may be made by the Court, the Escrow Agent is authorized to execute such transactions as are consistent with the terms of this Stipulation.   The Released Defendant Parties shall have no responsibility for, interest in, or liability whatsoever with respect to the actions of the Escrow Agent or any transaction executed by the Escrow Agent.

2.7     All funds held in the Escrow Account shall be deemed and considered to be in *custodia legis* of the Court and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to this Stipulation and/or further order(s) of the Court.

2.8     Defendants and Class Counsel will share equally Claims Administrator's reasonable costs and expenses actually incurred in connection with providing notice of the Settlement by mail, through a dedicated website, and by publication in *USA Today* and *Gazeta*

*Wyborcza*, assisting with the submission of Claims, processing Settlement Forms, administering the Settlement, and paying any applicable taxes, fees and costs, if any ("Notice and Administration Expenses"). Class Counsel's portion of the Notice and Administration Expenses will be paid from the Global Settlement Amount.

2.9     It shall be the responsibility of Class Counsel and the Claims Administrator to disseminate the Notice, Settlement Forms, and Summary Notice (as defined in ¶ 3.1 below) to Eligible Class Members in accordance with this Stipulation and as ordered by the Court.   The Released Defendant Parties shall have no responsibility for or liability whatsoever with respect to the notice process beyond paying Defendants' equal share of the Notice and Administration Expenses, nor shall they have any responsibility or liability whatsoever for any claims with respect thereto, including any claims that may arise from any failure of the notice process.

### c.     Taxes

2.10    The Settling Parties agree as follows:

(a)     The Parties agree that the compensation is for a personal physical injury and personal physical sickness resulting from alleged misconduct and emotional distress attributable to such personal physical injuries and personal physical sickness. The Parties and the Escrow Agent agree to treat the Qualified Settlement Fund as being at all times a "qualified settlement fund" within the meaning of Treas. Reg. § 1.468B-1 (26 C.F.R. § 1.468B-1), and the regulations promulgated thereunder.   The Parties and the Escrow Agent further agree that the Qualified Settlement Fund shall be established pursuant to the Court's subject matter jurisdiction within the meaning of Treas. Reg. § 1.468B-1(c)(1).   In addition, the Claims Administrator shall timely make such elections as necessary or advisable to carry out the provisions of this ¶ 2.10, including the "relation-back election" (as defined in Treas. Reg. § 1.468B-1(j)(2)(ii)) back to the earliest permitted date.  Such elections

shall be made in compliance with the procedures and requirements contained in such regulations.   It shall be the responsibility of Class Counsel or its designee to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

(b)      For the purpose of section 1.468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" (as defined in Treas. Reg. § 1.468B-2(k)(3)) shall be the Settlement Administrator or its designee.    The Settlement Administrator or its designee shall timely and properly file all informational and other federal, state, or local tax returns necessary or advisable with respect to the earnings on the Qualified Settlement Fund (including, without limitation, the returns described in Treas. Reg. § 1.468B-2(k)).    Such returns (as well as the elections described in ¶ 2.10(a) hereof) shall be consistent with this ¶ 2.10 and in all events shall reflect that all taxes (including any estimated taxes, interest, or penalties) ("Taxes") on the income earned by the Qualified Settlement Fund shall be paid out of the Qualified Settlement Fund.

### 3.      Preliminary Approval Order and Settlement Hearing

3.1      Promptly following execution of this Stipulation, Class Counsel shall submit this Stipulation together with its Exhibits to the Court and shall apply for entry of an order (the "Preliminary Approval Order"), substantially in the form of Exhibit A attached hereto, requesting, *inter alia*, the preliminary approval of the Settlement set forth in this Stipulation, and approval for the mailing of Notice and publication of a summary notice ("Summary Notice"), substantially in the forms of Exhibits A-1 and A-2 attached hereto.   The Notice shall include the general terms of the Settlement set forth in this Stipulation, the proposed Plan of Allocation, the general terms of the Fee and Expense Application (defined in ¶ 6.1 below), and the date of the Settlement Hearing.

3.2     Class Counsel shall cause the Claims Administrator to disseminate the Notice and Summary Notice to the Class in accordance with this Stipulation and as ordered by the Court. Class Members shall have no recourse as to the Released Defendant Parties with respect to any claims they may have that arise from any failure of the notice process.

3.3     Class Counsel shall request that, after notice is given and not earlier than 125 calendar days after the later of the dates on which the appropriate federal official and the appropriate State officials are provided with notice pursuant to CAFA, the Court hold the Settlement Hearing and approve the Settlement of the Litigation as set forth herein.   At or after the Settlement Hearing, Class Counsel also will request that the Court approve the Fee and Expense Application, if any (as defined in ¶ 6.1 below).

**4.     Releases**

4.1     Upon the Effective Date, the Released Plaintiff Parties shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever waived, released, relinquished, discharged, and dismissed with prejudice each and every one of the Released Plaintiffs' Claims against any and all of the Released Defendant Parties and shall forever be barred and enjoined from asserting, commencing, instituting, prosecuting, continuing to prosecute, or maintaining in any court of law or equity, arbitration tribunal, or administrative forum any and all of the Released Plaintiffs' Claims against any and all of the Released Defendant Parties, whether or not such Released Plaintiff Party executes and delivers the Tier One Form or shares in the Global Settlement Amount. Claims to enforce the terms of this Stipulation are not released.

4.2     Upon the Effective Date, each of the Released Defendant Parties shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Defendants' Claims against Released Plaintiff Parties.

4.3     All Class Members who apply for an Allocated Amount over $75,000 will submit an additional release form included within the Tier Two Questionnaire and Release.

**5.     Evaluation of Claims, Plan of Allocation, Final Awards, Supervision and Distribution of the Settlement Fund, and Reversion**

5.1     The Claims Administrator shall evaluate the Claims submitted by Class Members to determine whether they are Eligible Class Members (based upon a Tier One Form) and/or Participating Claimants (based upon a Tier Two Questionnaire and Release), and shall oversee distribution of the Net Settlement Fund to Eligible Class Members and Participating Claimants in accordance with the Plan of Allocation described herein and in the Notice.    The Released Defendant Parties and Class Counsel shall have no responsibility for, or role whatsoever in, the administration of the Settlement or the actions or decisions of the Claims Administrator.   The Released Defendant Parties shall have no liability whatsoever to the Released Plaintiff Parties, including Settlement Class Representative, or any other Class Members, in connection with such administration, which includes, but is not limited to:   (i) any act, omission, or determination by Class Counsel, the Escrow Agent, and/or the Claims Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (ii) the management of the Qualified Settlement Fund or the Net Settlement Fund, or the distribution of the Net Settlement Fund; (iii) the determination, administration, calculation, or payment of any Claims asserted against the Settlement Fund; (iv) any losses suffered by, or fluctuations in value of, the Settlement Fund; or (v) the payment or withholding of any Taxes, expenses, and/or costs incurred with the taxation of the Qualified Settlement Fund or the filing of any federal, state, or local returns.

5.2     The Qualified Settlement Fund shall be applied as follows:

(a)     to reimburse Class Counsel for its equal share of the Notice and

Administration Expenses;

(b)     to pay the Taxes and Tax Expenses described in ¶ 2.10;

(c)     to pay, in accordance with ¶¶ 6.1 – 6.4 herein, attorneys' fees and expenses of Class Counsel and to pay any amount to the Settlement Class Representative for her reasonable costs and expenses, if and to the extent allowed by the Court (the "Fee and Expense Award"); and

(d)     after the Effective Date, to distribute the Net Settlement Fund to Eligible Class Members and Participating Claimants as provided by this Stipulation, subject to any modifications to the Stipulation ordered by the Court.

5.3     All Tier One Forms must be submitted (by Class Members or Class Counsel) to the Claims Administrator for review within forty-five (45) calendar days after (a) the mailing of the Notice, or (b) such other time as may be set by the Court.  On the same date within forty-five (45) calendar days after the entry of the Final Approval Order, at such time as agreed upon by the Settling Parties, the Claims Administrator shall simultaneously inform both Class Counsel and Defendants' Counsel of the names and number of Eligible Class Members.

5.4     Each Eligible Class Member who seeks to receive an additional Allocated Amount as a Participating Claimant pursuant to the terms of this Stipulation shall (in addition to submitting the Tier One Form) be required to submit to the Claims Administrator a completed Tier Two Questionnaire and Release, signed under penalty of perjury and supported by such documents as are specified in the Tier Two Questionnaire and Release.  A Participating Claimant is eligible for an Allocated Amount over $75,000, but not to exceed $5,000,000 (inclusive of the $75,000 available to all Eligible Class Members), with such Allocated Amount to be determined in the Claims Administrator's sole discretion.

22

5.5     Following receipt of a Participating Claimant's Tier Two Questionnaire and Release, in order to determine their Allocated Amount, the Claims Administrator shall consider the following information: the circumstances, severity, type, and extent of the alleged abuse or trafficking, the nature and duration of the relationship with Epstein, and the impact of the alleged conduct on the Participating Claimant. Participating Claimants shall submit under penalty of perjury such other supporting documents or material, if any, to the Claims Administrator as the Claims Administrator may request within an agreed upon timeframe.  For the avoidance of doubt, should the Claims Administrator have concerns as to the accuracy of a Participating Claimant's claim form answers, questionnaire answers, allegations, or any other information submitted, the Claims Administrator shall promptly notify the Participating Claimant of those concerns so as to afford the Participating Claimant or her representative an adequate opportunity to respond to any such concerns within a reasonable time period set by the Claims Administrator.  Should the Claims Administrator then find that the Participating Claimant's allegations lack credibility, the Claims Administrator shall take that finding into consideration in making her award and, if appropriate, shall deny such individual any allocation of the Global Settlement Amount.  The Claims Administrator's determination with respect to eligibility shall be final and non-appealable.  The Claims Administrator will hold a meeting (by telephone, video, or in person, at the Claims Administrator's sole discretion) with each Participating Claimant, who (i) submits a Tier Two Questionnaire and Release and/or supporting documentation, and (ii) requests such a meeting.

5.6     Following the Notice Period, the Claims Administrator shall determine the Allocated Amounts for all Participating Claimants and, within ninety (90) calendar days after entry of Final Approval or at such time as agreed upon by the Settling Parties, will provide in writing to Class Counsel and Defendants' Counsel, simultaneously and in a manner that ensures confidentiality,

the Allocated Amounts for all Participating Claimants on the same date.

5.7     Except as provided herein or otherwise ordered by the Court, all Class Members who fail to timely submit a valid Tier One Form shall be forever barred from receiving any payments pursuant to this Stipulation and the Settlement set forth herein, but will, in all other respects, be subject to and bound by the provisions of this Stipulation, the releases contained herein, and the Judgment, and will forever be barred from bringing any action against the Released Defendant Parties concerning the Released Plaintiffs' Claims.   All Class Members who fail to timely submit a valid Tier Two Questionnaire and Release shall be barred from receiving any additional payments above $75,000 but will, in all other respects, be subject to and bound by the provisions of this Stipulation, the releases contained herein, and the Judgment, and will forever be barred from bringing any action against the Released Defendant Parties concerning the Released Plaintiffs' Claims.  All Class Members who fail to timely submit any Settlement Forms shall receive no compensation but will, in all other respects, be subject to and bound by the provisions of this Stipulation, the releases contained herein, and the Judgment, and will forever be barred from bringing any action against the Released Defendant Parties concerning the Released Plaintiffs' Claims.

5.8     Each Claimant who has not excluded herself from the Class shall be deemed to have submitted to the jurisdiction of the Court with respect to such Claimant's claim to the Net Settlement Fund.

5.9     Following the Effective Date, the Net Settlement Fund shall be distributed to the Eligible Class Members and Participating Claimants pursuant to the terms of this Stipulation.

5.10    The Released Defendant Parties shall have no responsibility for, role in, or liability whatsoever with respect to the distribution of the Net Settlement Fund, the determination, administration, or calculation of Claims, the payment or withholding of Taxes or Tax Expenses, or any

losses incurred in connection with any of the foregoing.  No Person shall have any claim of any kind against the Released Defendant Parties with respect to the matters set forth in ¶¶ 5.1–5.10 hereof; and the Released Plaintiff Parties release the Released Defendant Parties from any and all liability and claims arising from or with respect to the administration, investment, or distribution of the Settlement Fund.

5.11    No Person shall have any claim against the Released Defendant Parties, Released Plaintiff Parties, or any other Person designated by Class Counsel based on determinations or distributions made in good faith and substantially in accordance with this Stipulation and the Settlement contained herein, or further order(s) of the Court.

5.12    If, upon the resolution of all claims asserted by the Participating Claimants and after the payment of all other amounts to be paid under this agreement, there is a positive remainder of the Global Settlement Amount, all such funds shall revert to Deutsche Bank within 30 days. Thereafter, Deutsche Bank shall distribute 35% of all such funds to a charitable organization to be determined in a mutually agreeable fashion by the Settling Parties.

## 6.    Class Counsel's Attorneys' Fees and Expenses

6.1    Class Counsel may submit an application (the "Fee and Expense Application") for distribution from the Qualified Settlement Fund for: (a) an award of attorneys' fees of up to 30% of the Global Settlement Amount (pursuant to ¶ 6.3); plus (b) expenses and charges in connection with prosecuting the Litigation; plus (c) any interest earned on such attorneys' fees and expenses at the same rate and for the same periods as earned by the Qualified Settlement Fund (until paid) as may be awarded by the Court.  Defendants shall take no position with respect to such applications.

6.2    Any fees, costs, and expenses, as awarded by the Court, shall be paid to Class Counsel from the Qualified Settlement Fund, as ordered, immediately after the Court enters the Final

Judgment or an order awarding such fees, costs, and expenses, notwithstanding the existence of any timely filed objections thereto or to the Settlement, or potential for appeal therefrom, or collateral proceedings related to this Litigation. Class Counsel may thereafter allocate the attorneys' fees, costs, and expenses in a manner in which it in good faith believes reflects the contributions of each firm to the initiation, prosecution, and resolution of the Litigation. In the event that the award of attorneys' fees is overturned or reduced on appeal, Class Counsel must return such funds to the Qualified Settlement Fund or as ordered by the Court.

6.3     Any fees and/or expenses awarded by the Court shall be paid solely from and out of the Qualified Settlement Fund. With the sole exception of Defendants' obligation to pay or cause the Global Settlement Amount to be paid into the Qualified Settlement Fund as provided for in ¶ 2.2, the Released Defendant Parties shall have no responsibility for, and no liability whatsoever with respect to, any payment of any attorneys' fees and/or expenses (including Taxes). For the avoidance of doubt, any payment of attorneys' fees shall be made solely from and out of the Qualified Settlement Fund, and any payment of fees does not reflect an indemnification by any Defendant or insurer.

6.4     Other than Defendants' obligation to pay or cause the Global Settlement Amount to be paid into the Qualified Settlement Fund as provided in ¶ 2.2, the Released Defendant Parties shall have no responsibility for, and no liability whatsoever with respect to, any attorneys' fees, costs (excluding Defendant's equal share of the Notice and Administration Costs), or expense (including Taxes) incurred by or on behalf of any Released Plaintiff Party, whether or not paid from the Qualified Settlement Fund.

**7.     Conditions of Settlement, Effect of Disapproval, Cancellation, or Termination**

7.1     Within 14 days after the end of the Notice Period, Defendants have a right to

terminate the Settlement pursuant to ¶ 10 of the Term Sheet.

7.2     The Effective Date of the Settlement shall be conditioned on the occurrence of all of the following events:

(a)     the Court has entered the Preliminary Approval Order, or an order substantially in the form of Exhibit A attached hereto or as may be subsequently agreed to by the Settling Parties per ¶ 7.2 below, directing notice to the Class, as required by ¶ 3.1 hereof;

(b)     the Court has approved the Settlement as described herein, following notice to the Class and a hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure, and entered the Judgment, or a judgment substantially in the form of Exhibit B attached hereto or as may be subsequently agreed to by the Settling Parties per ¶ 7.3 below; and

(c)     the Global Settlement Amount has been deposited into the Qualified Settlement Fund.

7.3     Upon the Effective Date, any and all remaining interest or right of the Defendants in the Global Settlement Amount, if any, shall be absolutely and forever extinguished, except as otherwise provided in this Stipulation, including in ¶ 5.12 and ¶ 7.1.  If the conditions specified in ¶ 7.2 hereof are not met, then this Stipulation and the Settlement shall be terminated subject to ¶ 7.4 hereof, unless the Settling Parties mutually agree in writing to proceed with the Settlement.   For avoidance of doubt, no order of the Court or modification or reversal on appeal of any order of the Court concerning the amount of any attorneys' fees, expenses, and interest awarded by the Court to Class Counsel or expenses or awards to Settlement Class Representative shall operate to terminate this Stipulation or constitute grounds for termination of the Stipulation.

7.4     In the event this Stipulation or the Settlement is terminated or the Effective Date otherwise fails to occur for any reason, the Settling Parties shall be restored to their respective

positions in the Litigation within five (5) business days of such failure and shall meet and confer regarding a new case schedule for the Litigation.   In such event, the terms and provisions of the Stipulation shall have no further force and effect with respect to the Parties and shall not be used in this Litigation or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*. No order of the Court or modification or reversal on appeal of any order of the Court concerning the Fee and Expense Award shall operate to terminate this Stipulation or constitute grounds for termination of this Stipulation.

7.5     Defendants warrant and represent that, as of the time of entering this Stipulation, they are not "insolvent" within the meaning of 11 U.S.C. § 101(32), nor will the payment required to be made by it render it insolvent.  In the event of a final order of a court of competent jurisdiction, not subject to any further proceedings, determining the transfer of the Global Settlement Amount, or any portion thereof, by or on behalf of Defendants to be a preference, voidable transfer, fraudulent transfer, or similar transaction under Title 11 of the U.S. Code or applicable state or similar foreign law and any portion thereof is required to be refunded and such amount is not promptly deposited in the Qualified Settlement Fund by or on behalf of Defendants, then, at the election of Class Counsel, this Stipulation and the Settlement may be terminated and the releases given and the judgment entered in favor of Defendants pursuant to the Settlement and this Stipulation shall be null and void.

## 8.     No Admission of Liability

8.1     Neither the Term Sheet, this Stipulation (whether or not consummated), the Motion for Preliminary Approval, including the Exhibits thereto, the negotiations leading to the execution of this Stipulation and the Settlement, nor any proceedings, discussions, communications, drafts,

documents, or agreements taken pursuant to or in connection with this Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a)    shall be offered or received against Defendants as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by Defendants of the truth of any allegations by Settlement Class Representative or any member of the Class or the validity of any claim that has been or could have been asserted in the Litigation, or the deficiency of any defense that has been or could have been asserted in the Litigation or in any other litigation, including, but not limited to, litigation of the Released Plaintiffs' Claims, or of any liability, negligence, fault, or wrongdoing of any kind of Defendants or in any way referred to for any other reason as against Defendants, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

(b)    shall be offered or received against or to the prejudice of Defendants as evidence of a presumption, concession, or admission of liability for any fault, misrepresentation, or omission with respect to any statement or written document approved or made by Defendants, or against Settlement Class Representative or any member of the Class as evidence of any infirmity in the claims of Settlement Class Representative and the Class;

(c)    shall be offered or received against Defendants as evidence of a presumption, concession, or admission of any liability, negligence, fault, or wrongdoing or in any way referred to for any other reason as against any of the parties to this Stipulation, in any other civil, criminal, or administrative action or proceeding; provided, however, that if this Stipulation is approved by the Court, Released Defendant Parties may refer to it to effectuate the releases and rights granted them hereunder; and

(d)    shall be construed against Defendants, Settlement Class Representative, or the

Class as evidence of a presumption, concession, or admission that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial or in any proceeding other than this Settlement.

### 9.    Miscellaneous Provisions

9.1    The Settling Parties:  (a) acknowledge that it is their intent to consummate this Settlement; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Stipulation and to exercise their best efforts to accomplish the foregoing terms and conditions of this Stipulation.

9.2    The Settling Parties intend this Settlement to be a final and complete resolution of all disputes between the Class and the Defendants with respect to the Litigation.   The Settlement shall not be deemed an admission by any Settling Party as to the merits of any claim or defense. Settlement Class Representative, Class Counsel, Defendants, and Defendants' Counsel agree that each has complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the Litigation.  The Parties agree that the Settlement Amount and the other terms of the Settlement were negotiated in good faith by the Settling Parties and reflect a settlement that was reached voluntarily after consultation with competent legal counsel and with the assistance of experienced mediators.

9.3    All the Exhibits to this Stipulation are material and integral parts hereof and are fully incorporated herein by reference.

9.4    This Stipulation, along with its Exhibits, may be amended or modified only by a written instrument signed by or on behalf of all Parties or their respective successors-in- interest.

9.5    This Stipulation and the Exhibits attached hereto, constitute the entire agreement among the Settling Parties hereto as to the subject matter hereof and supersede any prior or

contemporaneous written or oral agreements or understandings between the Settling Parties, including, but not limited to, the Parties' confidential Term Sheet dated May 11, 2023 (except for Paragraph ¶ 10 therein).   Each Settling Party expressly disclaims any reliance on any representations, warranties, or inducements concerning this Stipulation or its Exhibits, other than the representations, warranties, and covenants contained and memorialized in such documents.

9.6     Except as otherwise provided herein, or otherwise agreed to in writing by the Settling Parties, each Settling Party shall bear his, her, or its own fees and costs.

9.7     Class Counsel represents and warrants that it is expressly authorized by Settlement Class Representative to take all appropriate action required or permitted to be taken by the Class pursuant to this Stipulation to effectuate its terms and is expressly authorized to enter into any modifications or amendments to this Stipulation on behalf of the Class which it deems appropriate.

9.8     Each counsel or other Person executing this Stipulation, its Exhibits, or any related Settlement document, on behalf of any Settling Party hereby warrants that such Person has the full authority to do so, and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

9.9     This Stipulation may be executed in one or more counterparts.   All executed counterparts and each of them shall be deemed to be one and the same instrument.   A complete set of executed counterparts shall be filed with the Court.   Signatures sent electronically shall be deemed originals.

9.10     All notices, requests, demands, claims, and other communications hereunder shall be in writing and shall be deemed duly given:   (i) on the day when they are delivered by hand to the recipient law firm or organization; (ii) one (1) business day after being sent to the recipient by reputable overnight courier service (charges prepaid) or by e-mail; or (iii) seven (7) business days

after being mailed to the recipient by certified or registered mail, return receipt requested and

postage prepaid, and addressed to the intended recipient as set forth below:

**If to Settlement Class Representative or to Class Counsel:**

BOIES SCHILLER FLEXNER LLP
David Boies
Sigrid McCawley
Andrew Villacastin
55 Hudson Yards, 20th Floor
New York, NY 10001
smccawley@bsfllp.com

**If to Defendants or to Defendants' Counsel:**

ROPES & GRAY LLP
David B. Hennes
Lisa H. Bebchick
James P. Dowden
Andrew S. Todres
1211 Avenue of the Americas
New York, NY 10036
Lisa.bebchick@ropesgray.com

9.11    This Stipulation shall be binding upon, and inure to the benefit of, the successors and

assigns of the Parties.

9.12    The Court shall retain jurisdiction with respect to implementation and enforcement of

the terms of this Stipulation, and all Settling Parties submit to the jurisdiction of the Court for

purposes of implementing and enforcing the Settlement embodied in this Stipulation and matters

related to the Settlement.

9.13    Any action arising under or to enforce this Stipulation or any portion thereof, shall

be commenced and maintained only in the Court.

9.14    The waiver by one Settling Party of any breach of this Stipulation by any other party

shall not be deemed a waiver by any other Settling Party or a waiver of any other prior or subsequent

breach of this Stipulation.

9.15     No opinion or advice concerning the tax consequences of the proposed settlement to individual Class Members is being given or will be given by the parties or their counsel; nor is any representation or warranty in this regard made by virtue of this Stipulation.  Each Class Member's tax obligations, and the determination thereof, are the sole responsibility of the Class Member, and it is understood that the tax consequences may vary depending on the particular circumstances of each individual Class Member.

9.16     Pending approval of the Court of this Stipulation and its Exhibits, all non-settlement-related proceedings in this Litigation shall be stayed and all Members of the Class shall be barred and enjoined from prosecuting any of the Released Plaintiffs' Claims against any of the Released Defendant Parties.

9.17     This Stipulation shall not be construed more strictly against one Settling Party than another merely because it, or any part of it, may have been prepared by counsel for one of the Settling Parties, it being recognized that the Stipulation is the result of arm's-length negotiations between the Settling Parties and all Settling Parties have contributed substantially and materially to the preparation of this Stipulation.

9.18     The headings in this Stipulation are used for the purpose of convenience only and are not meant to have legal effect.

9.19     All of the Exhibits attached hereto are hereby incorporated by reference as though fully set forth herein.  Notwithstanding the foregoing, in the event that there exists a conflict or inconsistency between the terms of this Stipulation and the terms of any Exhibit attached hereto, the terms of the Stipulation shall prevail.

9.20     Nothing in the Stipulation, or the negotiations relating thereto, is intended to or shall be deemed to constitute a waiver of any applicable privilege or immunity, including, without

limitation, attorney-client privilege, joint defense privilege, or work product protection.

      9.21     Unless otherwise provided, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of this Stipulation without further order of the Court.

      9.22     This Stipulation and its Exhibits shall be considered to have been negotiated, executed and delivered, and to be wholly performed, in the State of New York and the rights and obligations of the parties to the Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of New York without giving effect to its choice-of-law principles, except to the extent that federal law requires that federal law govern.

      9.23     The Settling Parties shall cooperate to determine the form of notice to be provided for the purpose of satisfying the requirements of CAFA ("CAFA Notice") and the identity of those who will receive the CAFA Notice.  The Settling Parties will cooperate to serve the CAFA Notices and will share equally all costs and expenses related thereto.

      IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be executed, by their duly authorized attorneys.

                                **EDWARDS HENDERSON LEHRMAN**

                                */s/ Bradley J. Edwards*
                                BRADLEY J. EDWARDS

                                    David Boies
                                    Andrew Villacastin
                                    Sabina Mariella
                                    Alexander Law
                                    Boies Schiller Flexner LLP
                                    55 Hudson Yards
                                    New York, NY 10001
                                    Telephone: (212) 446-2300
                                    Fax: (212) 446-2350
                                    Email: dboies@bsfllp.com
                                    Email: avillacastin@bsfllp.com

Email: smariella@bsfllp.com
Email: alaw@bsfllp.com

Sigrid McCawley (*pro hac vice*)
Daniel Crispino (*pro hac vice*)
Boies Schiller Flexner LLP
401 E. Las Olas Blvd. Suite 1200
Fort Lauderdale, FL 33316
Telephone: (954) 356-0011
Fax: (954) 356-0022
Email: smccawley@bsfllp.com
Email: dcrispino@bsfllp.com

Bradley J. Edwards
Edwards Henderson Lehrman
425 N. Andrews Ave., Suite 2
Fort Lauderdale, FL 33301
Telephone : (954) 524-2820
Fax : (954) 524-2822
Email: brad@epllc.com

Brittany N. Henderson
Edwards Henderson Lehrman
1501 Broadway
Floor 12
New York, NY 10036
Telephone: (954) 524-2820
Fax: (954) 524-2820
Email: brittany@epllc.com

Paul G. Cassell (*pro hac vice*)
S.J. Quinney College of Law at the
University of Utah
383 S. University St.
Salt Lake City, UT 84112
Telephone: (801) 585-5202
Fax: (801) 585-6833
Email: cassellp@law.utah.edu

(institutional address for identification
purposes, not to imply institutional
endorsement)

*Counsel for Jane Doe 1*

**ROPES & GRAY LLP**

*/s/ David B. Hennes*
DAVID B. HENNES

David B. Hennes
Lisa H. Bebchick
Andrew S. Todres
Ropes & Gray LLP
1211 Avenue of the Americas
New York, NY 10036
Telephone: (212) 596-9000
Email: david.hennes@ropesgray.com
Email: lisa.bebchick@ropesgray.com
Email: andrew.todres@ropesgray.com

James P. Dowden (*pro hac vice*)
Ropes & Gray LLP
Prudential Tower
800 Boylston Street
Boston, MA 02199
Telephone: (617) 951-7970
Email: james.dowden@ropesgray.com

*Counsel for Defendants*