# EXHIBIT 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Jane Doe 1, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Deutsche Bank Akteingesellschaft, et. al.,<br><br>Defendants. | Case No. 1:22-CV-10018 (JSR) |

**DECLARATION OF SIMONE LELCHUK IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT**

1. I was selected by the parties to mediate the above-captioned action. While the mediation process is confidential, the parties have authorized me to inform the Court of the matters presented in this declaration regarding Plaintiffs' motion for preliminary approval of the settlement. My statements and those of the parties during the mediation proceedings are subject to a confidentiality agreement, and I do not intend to waive that agreement. I make this declaration based on personal knowledge and am competent to testify to the matters set forth herein.

2. I received my B.A. from Ohio University, Athens, Ohio, and my J.D. from the Benjamin N. Cardozo School of Law in New York City. From 2010 to 2014, I was an attorney at the law firm Kasowitz Benson Torres LLP in New York City. In private practice, I handled a wide variety of matters for both plaintiffs and defendants in the firm's litigation and transactional groups.

3. Since my departure from private practice in 2014, I have served as a mediator in

hundreds of cases. I mediate across many practice areas; however, I have extensive experience in sexual harassment and abuse cases. I have been involved in successfully designing the claims process and distribution of settlement funds with a significant amount of my work involving both the sexual misconduct funds set up for the benefit of the victims/survivors and working directly with the victims/survivors themselves. I find the need for extreme sensitivity when handling these types of matters so important that I obtained my Trauma Informed Certification from the National Center for Equity & Agency. Over my almost ten years as a mediator, I have assisted parties in forging settlements of complex disputes involving billions of dollars in the aggregate.

4. I served as co-mediator in connection with the proposed settlement of the above-referenced action, entitled *Jane Doe v. Deutsche Bank Akteingesellschaft*, pending in the United States District Court for the Southern District of New York.

5. I have set forth my background as a mediator to provide context for the comments that follow, and to demonstrate that my perspective on the settlement of this Action is rooted in significant experience in the resolution of complex litigation. As described below, this Action presented complicated legal, factual, and practical issues. The parties were represented during the mediation process through zealous and able counsel, who negotiated aggressively and at arm's-length. I am strongly of the view that the settlement of this Action reached at the end of the mediation process represents a reasonable and practical resolution of highly uncertain litigation. The Court, of course, will make determinations as to the "fairness" of the settlement under applicable legal standards. From my involvement as the co-mediator for the case, I observed firsthand all sides of the case were represented by sophisticated and capable counsel who displayed the highest level of professionalism. The negotiation process was *bona*

*fide* and, at times, extremely contentious, as counsel for each side vigorously advocated their clients' positions, including their clients' potential risks.

## The Mediation Process

6. The formal mediation session in this case was conducted on May 9 and May 10, 2023, in New York City. The parties entered into the binding Term Sheet on May 11, 2023.

7. Prior to mediation, the parties submitted extensive mediation briefs and documentary evidence.

8. In addition to these sessions, there were pre-mediation telephone conferences with counsel for the parties, both individually and together as a group, to develop a fuller understanding of the range of disputes to be settled.

9. In these numerous sessions among all parties, and in small groups, various counsel made vigorous and substantive presentations regarding their clients' positions on key contested issues and damages, and their adversaries responded in kind. All groups negotiated aggressively, effectively, and at arm's length. I believe the parties' advocacy and ultimate compromise of the disputed issues were the result of reasonable, arm's-length bargaining and represent reasonable settlement terms considering the strengths and weaknesses of the parties' factual and legal positions. At the close of the second full-day session, a "mediator's proposal," was made and the Parties reached an agreement on the monetary terms of the settlement.

10. The settlement of this Action provides monetary consideration to the Class of approximately Seventy-Five Million Dollars ($75,000,000).

11. In light of the sophisticated factual, legal, and damages issues involved and the significant time to litigate and negotiate this resolution, I view the total settlement in large part as a testament to the abilities and efforts of a highly talented and committed group of counsel

and dedicated principals on both sides. I can state that each settlement term represents a heavily negotiated and arm's-length compromise of disputed claims among experienced and able counsel.

12. The Court, of course, will make determinations as to the "fairness" of the settlement under applicable legal standards, but based on my experience as a mediator, it is my professional opinion that the proposed settlement is fair, reasonable, and adequate. There is substantial monetary consideration flowing to the Class, with due recognition to the complexity of the facts and legal contentions at issue, and a real threat of years of litigation and appeals. I believe the settlement agreement was the highest number that the plaintiffs could have achieved at this time.

13. Therefore, based on my knowledge of this Action, all the materials provided to me, the efforts of counsel, the intensity of the negotiations, the litigation risks, and the benefits reached in the proposed settlement, I believe that this is a fair, reasonable and adequate settlement of all claims against the Settling Defendants, and I respectfully recommend that it be approved by the Court.

Respectfully submitted this 26 day of May 2023.

                                                */s/ Simone Lelchuk*
                                                Simone Lelchuk, Esq.