```
    N61BDEUC
 1  UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK
 2  ------------------------------x
 3  JANE DOES,
 4                  Plaintiffs,
 5          v.                                22 Civ. 10018 (JSR)
 6  DEUTSCHE BANK
    AKTIENGESELLSCHAFT, et al,
 7
                    Defendants.
 8                                            Conference
    ------------------------------x
 9                                            New York, N.Y.
                                              June 1, 2023
10                                            4:00 p.m.
11  Before:
12                      HON. JED S. RAKOFF,
13                                            District Judge
14                           APPEARANCES
15  BOIES, SCHILLER & FLEXNER, LLP
         Attorneys for Plaintiffs
16  BY:  DAVID BOIES
         PAUL CASSELL
17       ANDREW VILLACASTIN
18       -AND-
19  EDWARDS HENDERSON LEHRMAN, PLLC
         Attorneys for Plaintiffs
20  BY:  BRITTANY HENDERSON
         BRADLEY J. EDWARDS
21
22  ROPES & GRAY, LLP
         Attorneys for Defendants
23  BY:  JAMES P. DOWDEN
         ANDREW CASHMORE
24       DAVID B. HENNES
         LISA H. BEBCHICK
25
```

N61BDEUC

1            (Case called; appearances noted)

2            THE COURT:  Good afternoon, everyone.  We're here on

3    the proposed preliminary approval of the settlement with

4    Deutsche Bank, and I had some questions -- and I guess I'll

5    direct them first to plaintiffs' counsel, although I'm happy to

6    have answers from either side.  I did not see anywhere in your

7    proposed settlement order, approval order, or anywhere else

8    even in your papers an express statement of who the class

9    consist of; such as a sentence that says, the class consist of

10   X.  Now one would have thought that that would be the most

11   elementary item that should have been included given that this

12   is a proposed settlement of a class.  So if I missed it, point

13   it out to me, but I don't see it.

14           MR. BOIES:  Your Honor, we agree completely.  It is

15   the most elemental thing.  It is stated in the complaint, and

16   we probably should have included it.

17           THE COURT:  This is nothing to do with the complaint.

18   Lots of things are stated in the complaint that are challenged.

19   The closest you come, is near as I can tell, is in your

20   proposed notice where -- let me find that.  Hold on one minute.

21   You say -- you address it to "all victims of Jeffrey Epstein

22   sex trafficking venture during the time period between August

23   19, 2013 to August 10, 2019," but that clearly is not a

24   sufficient definition of a class.

25           Then you say in page two of your proposed notice under

N61BDEUC

the heading "Description of the litigation and the class," you say -- you don't define the class, but you say the proposed settlement if approved by the Court will settle claims of the class as defined on pages blank below.  So then I looked through all the unnumbered pages hoping to find a definition of a class.  And the best I could find on page four under the heading, How do I know if I am a class member.  And you say "If you were abused or trafficked by Jeffrey Epstein and/or his associates during the period between August 19, 2013 and August 10, 2019, inclusive and are not otherwise excluded, you are a class member."

Now, if I'm someone reading this, let's say I'm someone who had consensual sex with Jeffrey Epstein when I was a minor, am I covered?

MR. BOIES:  I think that is an excellent question, your Honor.  I would direct the Court's attention first to page six of the stipulation of settlement.

THE COURT:  All right.  Let me look at that.  Hang on.  I've got your proposed order, and I've got your memorandum of law and this was, if I recall, an exhibit.  Let me see if my law clerk has a copy.

MR. CASHMORE:  Your Honor, we may.  I'll furnish a copy.  May I approach?  Thank you.

THE COURT:  All right.  Page six of the stipulation of settlement.

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

N61BDEUC

1           MR. BOIES:  Look under definitions at the bottom of
2   the page, 1.4.
3           THE COURT:  So there -- this of course is not part of
4   the order you gave me asking me to approve this.  But in any
5   event the stipulation says, class means all women who were
6   sexually abused or trafficked by Jeffrey Epstein during the
7   time when Deutsche Bank maintained bank accounts for Epstein
8   from August 19, 2013 to August 10, 2019. Defendants stipulate,
9   agree and consent to the definition of class for the sole
10  purpose of the settlement and without prejudice, etc., etc.
11          So I'll put to you the same question I just put
12  before, if I am a minor and I had during the relevant period
13  consensual sex with Jeffrey Epstein, am I covered or not?
14          MR. BOIES:  You would be covered, your Honor, and I
15  think --
16          THE COURT:  I think it's clear from those who know the
17  statute and all like that that you would be covered, but this
18  is something that's being sent to the victims and they wouldn't
19  have the slightest idea.
20          MR. BOIES:  I think you're exactly right, your Honor.
21  I think that that is a lapse and that should be explained.
22          THE COURT:  And the term "traffic" again is a term of
23  art that some of the victims might understand and some might
24  not.  So the point of this is that I'm disappointed in the
25  notice.  I'm disappointed in the proposed order, and we will

N61BDEUC

need to get them revised promptly to make them more helpful.

Now let me ask a different question which is, if someone puts in a claim, do I understand it's the claims administrator who determines whether they're a member of the class?

MR. BOIES:  There are two tiers.

THE COURT:  Right.  But who determines whether someone is in tier one, tier two, or not in any tier?

MR. BOIES:  The first tier is a tier that we submit to the claims administrator placed on our records, and the claim administrator accepts that unless the claims administrator has some reason to question whether the individual is an eligible member of the class.

With respect to tier two, that is something where a class member has to fill out a form, and the claims administrator will then analyze the form and take into account whatever additional information the class member provides.

THE COURT:  So my question then is, why should I turn this over to a claims administrator?  And what can you tell me as to why I should select this particular claims administrator?

MR. BOIES:  Those are obviously two different questions.

THE COURT:  That's true.

MR. BOIES:  With respect to the second question, this is somebody who I think has done this -- very experienced, has

N61BDEUC

done this before. I think both parties have confidence in her. We can obviously present her to the Court.

THE COURT: Let me ask this, first of all, what does she charge?

MR. BOIES: We have a budget for that, your Honor. She is relatively reasonable and --

THE COURT: Of course you're saying that from the perspective of the lawyers in this case, but I understand that.

MR. BOIES: The defendants are paying half her cost, so they have an incentive to ensure that it is not --

THE COURT: There we go. Did you or your friends, your former adversaries now your bosom pals, consider anyone else?

MR. BOIES: We did. There was another person who was involved in the mediation who we considered. We also considered a number of other people at various stages, and I think that there was a consensus that this was somebody who was very experienced, was relatively reasonable in terms of time.

THE COURT: When I've appointed, for example, special masters, I always insist on two things. One is that the parties present me with three candidates. And second that if I don't like any of the three, I'll choose the fourth. And given that the claims administrator here is going to be making in effect *quasi* legal determinations, under tier two at least, I think that's the way I'd like to proceed.

N61BDEUC

1       MR. BOIES:  Very well, your Honor.  We'll do that.
2       THE COURT:  Okay.  So the last question I have -- and
3  I don't want to be misunderstood.  I thought that there were
4  many, many respects in which this was an excellent settlement,
5  and I appreciate the hard work of counsel in reaching it -- 30
6  percent seems awfully high.
7       MR. BOIES:  I think in some respects it is, your
8  Honor.  It is a number that finds a lot, as the Court is aware,
9  support both in this --
10      THE COURT:  Well, there are cases all over the lot.  I
11 think it turns on many factors and the case law says as much,
12 for example, in the *Petrobas Securities* fraud case where the
13 attorneys ask -- after a very extensive discovery and motion
14 practice, far more than what was involved here -- recover the
15 huge sum of $3.2 billion, they nevertheless felt that the most
16 they should ask for was 10 percent.  And I felt after review
17 that I should give them six percent, six percent of 3.2
18 billion -- one of the main partners involved has since retired.
19 I can well understand why, but I do think this was excellent
20 work.  As I said, I don't want to be misunderstood, but 30
21 percent strikes me as a little rich under the circumstances.
22      MR. BOIES:  I think one of the things is that when we
23 put in our fee application, we obviously will have lodestar
24 cross check.  And I think the Court will see that this is
25 something that -- there's been a tremendous amount of work done

N61BDEUC

1  in this case, including before the case was filed.

2          THE COURT: That's a fair point. That actually leads
3  me to, I said the last was my final question, but I lied. You
4  know now a lot of the victims. I understand that. But I'm not
5  so clear how you will effectively reach other victims.

6          MR. BOIES: We have two basic approaches. And just as
7  background to the Court, during the years in question, Jeffrey
8  Epstein's focus in terms of the women that he was trafficking
9  and recruiting shifted from what it had been in earlier years,
10 and he was focusing to a very, very large extent on women and
11 girls from Eastern Europe, particularly Poland, the Ukraine.

12         THE COURT: I saw that in your papers, yeah.

13         MR. BOIES: So one of the complications of the case
14 was dealing with a class like this, and we have really two ways
15 of approaching that. First and most important, we have a great
16 deal of information about individuals who had some kind contact
17 with Jeffrey Epstein during this period. That comes from, not
18 only the claims that were submitted to the estate, it comes
19 from looking at emails, looking at the records from various
20 governmental investigations to the extent we have access to
21 them.

22         The records, we took discovery of Jeffrey Epstein's
23 estate, and we have records from that. So we have considerable
24 amount of information about women who had some contact. And
25 what we are going to do is try to contact each one of them,

N61BDEUC

even though they may not be a class member, but to give them notice of this and give them an opportunity to submit a claim.

Second, we've identified newspapers in Poland, the Ukraine and Russia, and assuming that we can get --

THE COURT: Assuming the newspaper is still being published in the Ukraine.

MR. BOIES: And make sure that we don't get sanction for taking an ad in a Russian newspaper, we're going to publish notices there. In addition to that, as part of the investigation of this, we've had investigators who have contacted women in each of these three countries. And we are going to use them to help identify people.

THE COURT: That sounds very helpful. So I'm happy to hear anything any counsel wants to add, but here's my view -- and I will note for the record I very carefully reviewed the submissions. I need to get from you -- and you tell me how long you need, but it shouldn't be a long time -- a revised notice and a revised proposed order that sets out the class, and sets it out with enough specificity and particularity that anyone looking at it who's not a lawyer could understand whether they're a potential member of the class or not.

Secondly, I need a proposal of three people to be the claims administrator, with not only their CVs and experience, but also how much they're charging. And I think for now -- one thing I like was the notice did recite what you were asking for

N61BDEUC

in attorney's fees. I'm not at all sure I'm going to give you 30 percent, but I haven't ruled it out, so I think the notice should, as it does, reflect that's what you're asking for. So if anyone wants to object, they can object. So I don't need anything more now on that, but I will, as you correctly intuited, want to follow-up later on with a lodestar check. So how quickly can you get me the two things I need?

MR. BOIES: We can get you the revised notice very quickly. We can give you that on Monday for sure. The issue in terms of coming up with the three people --

MR. DOWDEN: Your Honor, we would be amendable for ten days to get both of those to you. I think it's going to take us a little bit of time to make sure the additional --

THE COURT: By my standard that's a little slow, but all right. So, let's see, today is the 1st, so that will be June 11. Assuming those are satisfactory to the Court, then I would be inclined to preliminarily approve the settlement, and also of course let you know whether we'll need a hearing on the three candidates or whether I can decide that just from the papers. So anything else we need to take up today?

MR. DOWDEN: Your Honor, one other thing, I think June 11th is a Sunday.

THE COURT: Yes, your normal working day. So the 12th is the -- is the 12th a holiday?

MR. DOWDEN: No, it's not.

```
          N61BDEUC
1                 THE COURT:  That's right.  It's the next week.  I'm
2    sorry. What's the next business day?  That would be the 12th or
3    the 13th?
4                 MR. DOWDEN:  The 12th, your Honor.
5                 THE COURT:  The 12th then is fine.  Okay.  Very good.
6    Anything else anyone else needs to raise with the Court?
7                 MR. BOIES:  No. Thank you, your Honor.
8                 MR. DOWDEN:  Thank you, your Honor.
9                 (Adjourned)
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```