UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Jane Doe 1, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Deutsche Bank Aktiengesellschaft, et. al.,<br><br>Defendants. | Case No. 1:22-CV-10018 (JSR) |

**DECLARATION OF BRADLEY J. EDWARDS IN SUPPORT OF
MOTION FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES**

I, Bradley J. Edwards, declare as follows:

1.      I am a member in good standing of the bar of the State of New York and am admitted to practice before this Court. I am a Partner at Edwards Henderson Lehrman PLLC ("EHL" or "the Firm"). I make this declaration on my own personal knowledge, and if called as a witness to testify, I could and would testify competently to the following facts.

2.      I am submitting this declaration in support of my Firm's application for an award of attorneys' fees, expenses, and charges ("expenses") in connection with services rendered in the above-entitled action (the "Litigation").

3.      EHL is Co-Lead Counsel of record for the Class certified for settlement purposes and Class Representative Jane Doe 1 ("Class Representative").

4.      The information in this declaration regarding EHL's time and expenses is taken from time and expense reports and supporting documentation prepared and maintained by the Firm in the ordinary course of business. I am the partner who oversaw and conducted the day-to-day

1

activities in the Litigation and I reviewed these reports (and backup documentation where necessary or appropriate) in connection with the preparation of this declaration. The purpose of this review was to confirm both the accuracy of the entries on the printouts as well as the necessity for, and reasonableness of, the time and expenses committed to the Litigation. Based on this review, I believe that the time reflected in the Firm's lodestar calculation and the expenses for which payment is sought herein are reasonable and were necessary for the effective and efficient prosecution and resolution of the Litigation.

5. The number of hours spent on the Litigation by the Firm is 4,971.50. The lodestar amount for attorney/paraprofessional time based on the Firm's 2023 rates is $4,666,130. A breakdown of the lodestar is provided below:

| Name | Position | Hours | Rate | Lodestar |
|---|---|---|---|---|
| Bradley Edwards | Partner | 1,474.60 | $1,250 | $1,843,250 |
| Brittany Henderson | Partner | 1,652.30 | $1,100 | $1,815,960 |
| Catherine Davis | Associate | 133 | $750 | $99,750 |
| Deane Kaire | Associate | 664 | $650 | $431,600 |
| Diane Cuddihy | Associate | 454.90 | $850 | $386,665 |
| Maria Kelljchian | Paralegal | 592.70 | $150 | $88,905 |

6. The hourly rates shown above are the Firm's 2023 rates. These hourly rates are consistent with the hourly rates the Firm bills to clients when litigating in state and federal courts during 2023. The Firm's rates are set based on periodic analysis of rates charged by firms performing comparable work.

7. Additionally, Professor Paul Cassell devoted 505.3 hours to this matter at a rate of $1,250, resulting in a total lodestar of $631,625.

8.      The Firm seeks an award of $536,210.13 in expenses in connection with the prosecution of the Litigation. These are expenses that EHL paid out of pocket and are in addition to expenses paid out of pocket by Boies Schiller Flexner LLP. The categories and amounts of those expenses are:

| Firm Expenses and Charges | |
| --- | --- |
| **Expense Category** | **Amount** |
| Transportation, Travel, and Meals | $56,022.55 |
| Messenger/Delivery Services | $512.46 |
| Telephone/Teleconference | $5.18 |
| Computer Research | $940.13 |
| Court Costs | $917.05 |
| Transcript Expenses | $2,603.90 |
| Document Reproduction | $186.50 |
| Consultants/Experts | $180,040.06 |
| Mediation Fees | $9,000.00 |
| Class Counsel's Share of Claims Administration Costs Paid To Date | $121,732.30 |
| Class Counsel's Share of Future Claims Administration Costs | $164,250 (estimated) |
| **Total** | **$536,210.13** |

9.      The expenses for which the Firm seeks compensation are:

  a.  **Transportation, Travel, and Meals**: $56,022.55. In connection with the prosecution of this case, the Firm has paid for travel and related expenses to, among other things, attend court hearings, meet with witnesses, mediators and opposing counsel, and take or defend depositions.

  b.  **Messenger/Delivery Services**: $512.46. The Firm utilized overnight couriers and other messenger services (where necessary) to transmit hard-copy versions of various documents to attorneys, experts, and the Court.

c. **Telephone/Teleconference**: $5.18. These charges relate to the extensive and repeated teleconferences Class Counsel held among its attorneys, co-counsel, and opposing counsel concerning various aspects of the Litigation.

d. **Computer Research**: $940.13. This category includes vendors such as LexisNexis and Westlaw. These resources were primarily used to obtain access to legal research. This expense represents the actual charges paid by EHL for use of these services in connection with this Litigation.

e. **Court Costs**: $917.05. These expenses were paid to the Court for filing fees and to firms or individuals who served subpoenas.

f. **Transcript Expenses**: $2,603.90. EHL paid vendors for the transcription of various depositions.

g. **Document Reproduction**: $186.50. EHL paid vendors for various bulk scanning and printing tasks.

h. **Experts/Consultants**: $180,040.06. EHL paid fees to the following experts and consultants retained by Class Counsel for the Litigation:

   i. <u>Ross Delston</u>—Mr. Delston is a Certified Anti-Money Laundering Specialist who provides expert testimony and consulting on Bank Secrecy Act and Anti-Money Laundering compliance issues. In addition to providing consulting services, Mr. Delston began preparing an expert report in this matter, opining on whether Defendants facilitated Jeffrey Epstein's criminal activities by failing to meet industry standards relating to anti-money laundering, and reviewed many documents produced by Defendants in doing so.

      ii. <u>Vantage Intelligence USA, LLC and VAR Research, Inc</u>.—These consultants provided investigative services to locate and contact potential class members located around the world.

      iii. <u>Byte Forensics</u>—Byte Forensics provided eDiscovery services to assist in recovering data from Class Representative's electronic devices.

i. **<u>Mediation Fees</u>**: $9,000.00. Class Counsel and Defendants' Counsel split fees owed to Simone Lelchuk, who was instrumental in brokering the Settlement.

j. **<u>Class Counsel's Share of Claims Administration Costs Paid To Date</u>**: $121,732.30. Pursuant to Section 2.8 of the Stipulation of Settlement, Class Counsel and Defendants agreed to share equally Notice and Administration Expenses. ECF 90-1 § 2.8. To date, EHL covered costs to the claims and noticing agent retained by the Claims Administrator; an advertising agency and a translator to help facilitate notice to Class Members; and to the Claims Administrator for time spent reviewing Class Members' submissions and interviewing Class Members. EHL's share of those costs as of the date of this filing is $121,732.30. Under Section 2.8 of the Stipulation of Settlement, Class Counsel's portion of the Notice and Administration Expenses shall be paid out of the Global Settlement Amount. ECF No. 90-1 § 2.8. Because the Qualified Settlement Fund will not be funded by Defendants unless and until the Court grants final approval of the Settlement (ECF No. 90-1 § 1.25), to date, Class Counsel has paid both its share and Defendants' share of the Notice and Administration Expenses. Therefore, EHL seeks reimbursement of

$121,732.30, which represents Class Counsel's share of claims administration costs paid to date.

    k. **<u>Class Counsel's Share of Future Claims Administration Costs:</u>** $164,250 (estimated). EHL seeks reimbursement of $164,250, which will be used to reimburse Class Counsel for future Claims Administration expenses. A portion of that amount will be used to reimburse Class Counsel for the expenses that it covers from today through the funding of the QSF. ECF No. 90-1 § 1.25. The remainder will be paid out of the Global Settlement Amount. ECF No. 90-1 § 2.8. This number is based on the Claims Administrator's estimate of Class Counsel's share of September through December expenses. Class Counsel will furnish the Court with an updated accounting of the Notice and Administration Expenses prior to the Final Approval Hearing.

10.     The expenses pertaining to this case are reflected in the books and records of EHL. These books and records are prepared from receipts, expense vouchers, check records, and other documents and are an accurate record of the expenses.

I declare under penalty of perjury that the foregoing is true and correct. Executed September 15, 2023, at New York, New York.

                                                 /s/ Bradley J. Edwards  
                                                 Bradley J. Edwards