UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Jane Doe 1, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Deutsche Bank Aktiengesellschaft, et. al.,<br><br>Defendants. | Case No. 1:22-CV-10018 (JSR) |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF (1) MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND APPROVAL OF THE PLAN OF ALLOCATION AND (2) MOTION FOR AN <u>AWARD OF ATTORNEYS' FEES AND EXPENSES</u>**

BOIES SCHILLER FLEXNER LLP
55 Hudson Yards
New York, NY 10001
Telephone: (212) 446-2300
Fax: (212) 446-2350

EDWARDS HENDERSON LEHRMAN LLC
425 N. Andrews Ave., Suite 2
Fort Lauderdale, FL 33301
Telephone: (954) 524-2820

Paul G. Cassell (*pro hac vice*)
S.J. Quinney College of Law at the
University of Utah[1]
383 S. University St.
Salt Lake City, UT 84112
Telephone: (801) 585-5202
Fax: (801) 585-6833

*Counsel for Settlement Class Representative Jane Doe 1 and the Class*

---

[1] Institutional address for identification purposes, not to imply institutional endorsement.

## TABLE OF CONTENTS

I. INTRODUCTION ............................................................................................................. 1

II. THE CLASS OVERWHELMINGLY SUPPORTS THE SETTLEMENT. ................... 1

III. THE COURT SHOULD OVERRULE JANE DOE 7'S OBJECTION. ......................... 2

    A. Jane Doe 7's History of Frivolous and Irrational Filings ....................................... 3

    B. The Objection Is Unsubstantiated And Meritless. .................................................. 5

        1. Jane Doe 7 Failed to File a Claim and Establish Membership in the Class. 5

        2. The Settlement Amount Is Adequate. ......................................................... 7

        3. Jane Doe 7 Fails to Credibly Allege Any Conflicts of Interests Held by the Claims Administrator or Other Problems with Claims Administration. ..... 8

        4. Jane Doe 7's Objection to the Proposed Attorneys' Fees Is Meritless. ..... 10

        5. Jane Doe 7's Arguments Concerning "Unjoined Co-Defendants" Are Without Merit. .......................................................................................... 11

        6. Jane Doe 7 Lacks Any Basis for Seeking the Class Representative's Identity. ...................................................................................................... 11

        7. Jane Doe 7's Claim of Unwaived Conflicts of Interest Is Unsubstantiated. ........................................................................................................................ 12

IV. CONCLUSION ............................................................................................................. 12

## TABLE OF AUTHORITIES

**Cases**

*Bellifemine v. Sanofi–Aventis U.S. LLC*,
  2010 WL 3119374 (S.D.N.Y. Aug. 6, 2010) .................................................................................. 2

*Davis v. J.P. Morgan Chase & Co.*,
  827 F. Supp. 2d 172 (W.D.N.Y. 2011) ........................................................................................ 2

*In re Citigroup Inc. Sec. Litig.*,
  965 F. Supp. 2d 369 (S.D.N.Y. 2013) .......................................................................................... 3

*In re Petrobras Securities Litigation*,
  363 F. Supp. 3d 426 (S.D.N.Y. 2019) (Rakoff, J.) .................................................................... 14

[REDACTED]

[REDACTED]

[REDACTED]

[REDACTED]

[REDACTED]

*Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*,
  396 F.3d 96 (2d Cir. 2005) .......................................................................................................... 3

*Willix v. Healthfirst, Inc.*,
  2011 WL 754862 (E.D.N.Y. Feb. 18, 2011) ................................................................................ 2

*Wright v. Stern*,
  553 F. Supp. 2d 337 (S.D.N.Y.2008) .......................................................................................... 2

Class Representative Jane Doe 1 ("Class Representative") respectfully submits this reply memorandum of law in further support of her motion for (i) final approval of the Parties' $75 million Settlement and approval of the Plan of Allocation, ECF No. 100; and (ii) Class Counsel's motion for an award of attorneys' fees and expenses, ECF No. 102.[2]

## I. INTRODUCTION

This litigation resulted in a historic, globally publicized $75 million settlement agreement for the survivors of Jeffrey Epstein. In its order granting preliminary approval of the Settlement, the Court found the Settlement to be fair, reasonable, and adequate, and authorized Notice to the Class. ECF No. 95 ¶¶ 1–2. After completing the Court-ordered notice procedures, *see* ECF No. 98-1, there is only one purported "objection" which, as explained below, is meritless, substantively and procedurally deficient, and easily overruled, ECF No. 110 (the "Objection"). The Class's overwhelming support of the Settlement weighs heavily in favor of granting final approval of the Settlement and the requested fee award.

The $75 million Settlement, the Plan of Allocation, and Class Counsel's request for fees are fair and reasonable in all respects. Indeed, this Settlement and the requested fee award serve as an example of the justice that can be achieved when attorneys take on hard cases for victims who are too often neglected.

## II. THE CLASS OVERWHELMINGLY SUPPORTS THE SETTLEMENT.

The Settlement, Plan of Allocation, and Fee Award should be approved for the reasons stated in the opening briefs and declarations. *See* ECF Nos. 99–108. With the deadlines now passed, no Class Members submitted opt-out requests and only one person—who has provided no

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the opening brief in support of motion for final approval.

evidence that she is a Class Member and has a history of asserting frivolous claims and objections in Epstein and other sex abuse cases—purported to submit an objection.

As Courts in this Circuit have recognized, support from an overwhelming majority of the Class indicates that the Settlement, Plan of Allocation, and fee and expense requests are fair, reasonable, and adequate. *See e.g., Davis v. J.P. Morgan Chase & Co.*, 827 F. Supp. 2d 172, 177 (W.D.N.Y. 2011) (granting final approval and noting "very little negative reaction by class members to the proposed settlement" where 11 out of 3,800 class members opted out, and 3 objected); *Willix v. Healthfirst, Inc.*, 2011 WL 754862, at *4 (E.D.N.Y. Feb. 18, 2011) (granting final approval of the settlement where 7 out of 2,025 class members objected and 2 opted out); *Bellifemine v. Sanofi–Aventis U.S. LLC*, 2010 WL 3119374, at *3 (S.D.N.Y. Aug. 6, 2010) (granting final approval where there were no objections but 23 of 5,262 opted out, noting that "[a] small number of objections is convincing evidence of strong support by class members"); *Wright v. Stern*, 553 F. Supp. 2d 337, 344–45 (S.D.N.Y.2008) (approving settlement where 13 out of 3,500 class members objected and 3 opted out, noting that "[t]he fact that the vast majority of class members neither objected nor opted out is a strong indication" of fairness); *In re Citigroup Inc. Sec. Litig.*, 965 F. Supp. 2d 369, 382 (S.D.N.Y. 2013) ("A favorable reception by the class constitutes 'strong evidence' that a proposed settlement is fair."). Indeed, "the favorable reaction of the overwhelming majority of class members . . . is perhaps the most significant factor in [the] *Grinnell* inquiry." *Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96, 119 (2d Cir. 2005). Here, no Class Members have objected and the overwhelming support of the Class supports the final approval of the Settlement, Plan of Allocation, and fee request.

### III. THE COURT SHOULD OVERRULE JANE DOE 7'S OBJECTION.

On September 15, 2023, an individual purporting to be an Epstein victim and wishing to remain anonymous under the pseudonym Jane Doe 7, filed purported "Objections to the Proposed

Settlement" and an accompanying declaration, pro se. ECF Nos. 110, 111. Jane Doe 7 filed her objections despite not having submitted a claim with the Claims Administrator or opting out of the Settlement. Jane Doe 7 purports to act "as a class representative raising class-wide & subset/individual objections" that challenge several aspects of the Settlement and Plan of Allocation. ECF No. 110 at 1. As set forth below, the Court should overrule her Objection because she failed to follow the Court-ordered procedure (and thereby waived her ability to make an objection), and because her substantive arguments and factual allegations are baseless.

### A. Jane Doe 7's History of Frivolous and Irrational Filings

By way of background, Jane Doe 7 has attempted (unsuccessfully) to participate in several lawsuits concerning the alleged sexual abuse of her and her family members by various individuals. Her public federal court filings in those cases are littered with implausible factual assertions and irrational legal arguments.

For example, ███████████████████████████████████████████ ███████████████████████. In all instances, ███████████████████████ ███████████████████████████████████████████. *First*, ███████████ ███████████████████████████████████████████████████████ ███████████████████████████████████████████████████████ ███████████████████████████████████████████████████████ ███████████████████████████████████████████████████████ ███████████████████████████████████████████████████████ ███████████████████████████████████████████████████████ ███████████████████████████████████████████████████████

██████████████████████████████████. *Second*, ██████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████. *Third*, ██████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

██████████

Jane Doe 7 also claims ████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████.

Finally, ██████████████████████████ Jane Doe 7 ███████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████.

Jane Doe 7's filing of the Objection in this case is consistent with her long history of making fraudulent and unsupported claims. Here, she asserts that she "started being trafficked by

4

Epstein as a child under the age of 15, as early as 3 years old." ECF No. 111 ¶ 6. However, she provides no support for these allegations, and nothing in Class Counsel's investigation or review of discovery produced in years of Epstein-related litigation suggests that Jane Doe 7's claims are credible in any way. Given her pattern of irrational filings, the Court should ignore Jane Doe 7's Objection, which is not indicative of bona fide issues that Class Members have with either the Settlement or the Plan of Allocation.

### B. The Objection Is Unsubstantiated And Meritless.

As a threshold matter, the Court should dismiss Jane Doe 7's filings as procedurally deficient because she did not follow the Court-ordered procedure for making an objection.[3] Even if the Court were to consider the Objection despite Jane Doe 7's procedural noncompliance, it should reject Jane Doe 7's arguments against the Settlement and Plan of Allocation. The Objection lists seven distinct paragraphs in its "Argument" section. Each is meritless, and we address them in turn. ECF No. 110 at 3–18.[4]

#### 1. Jane Doe 7 Failed to File a Claim and Establish Membership in the Class.

As an initial matter, Jane Doe 7 falsely claims to have "submitted a claim/Notice of Claim to the class counsel," and that she "qualifies as a *class member*; with standing to object." *Id*. at 3.

---

[3] The Amended Order Granting Preliminary Approval requires an objector to "mail[] copies [of objections and copies of any papers and briefs filed with the Court] thereof by first-class mail to [Class Counsel and Defendants' counsel] no later than twenty-one (21) days prior to the Settlement Hearing, or September 29, 2023." ECF No. 95 at ¶ 17. Jane Doe 7 never mailed copies of her objection to counsel for either side, and therefore failed to comply with the Court's requirements. Accordingly, she is foreclosed from making any objection to the Settlement. *See Id*. ¶ 19 ("Any Class Member who does not make his, her, or its objection *in the manner provided* shall be deemed to have *waived* such objection and shall forever be *foreclosed from making any objection* to the fairness, reasonableness or adequacy of the proposed Settlement as incorporated in the Stipulation, to the Plan of Allocation as described in the Stipulation and Notice, or to the award of fees, costs, charges, and expenses to Class Counsel or Settlement Class Representative, unless otherwise ordered by the Court.") (emphases added).

[4] Pincites to the Objection are to the pages indicated in the ECF stamp at the top of each page.

But Jane Doe 7 has never submitted a claim and has instead only emailed Class Counsel to ask for money under the threat that she would file her Objection if she did not receive payment. By her own words, ███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████████████

██████████████████████████████████████. None of her demand letters comply with the procedure for filing a claim set forth in the Court-approved Notice of Proposed Settlement of Class Action, which provides that Class Members "must submit a Tier One Form to the Claims Administrator." ECF No. 86-2 at 2. Jane Doe 7 does not claim to have ever submitted either a Tier One Form *or* an opt-out form to the Class Administrator before filing her Objection.

Jane Doe 7 also fails to establish that she is a Class Member. The Court's order granting preliminary approval requires that "[a]ny objections, filings, and other submissions by an objecting Class Member must . . . (iii) include documents sufficient to prove membership in the Class." ECF No. 95 ¶ 19. Jane Doe 7 has not done so. Instead, she asserts without specific allegations or corroborating evidence that she is a "surviving victim of sex trafficking & racketeering," ECF No. 110 at 3. The only document she filed with her Objection is her own declaration, which asserts in a conclusory manner that she "started being trafficked by Epstein as a child under the age of 15, as early as 3 years old." ECF No. 111 ¶ 6. And her attempt to establish that she was victimized by Epstein during the Class Period is not credible. She states that she was trafficked by Epstein from 1989 through 2023—four years *after* Epstein died—and that her "knowledge of the Bank's facilitation of the crimes of the Epstein Enterprise began in . . . the early [19]90s—some two decades *before* Deutsche Bank onboarded Epstein as a client. *Id.* ¶¶ 6-7.

In sum, she has not provided any competent or reliable evidence that she was an Epstein victim, let alone during the time period that Epstein was a Deutsche Bank client. Given the

6

implausibility of her factual allegations and her failure to provide corroborating evidence together with her filings, the Court should overrule her objection on the basis that she has failed to establish membership in the Class, as required. ECF No. 95 ¶ 19.

### 2. The Settlement Amount Is Adequate.

Jane Doe 7 next argues that the Settlement Amount is not "sufficient to deter the Bank from continuing its conduct" and does not "compensat[e] the injured members of the class fairly/reasonably." ECF No. 110 at 4. As the Court found in granting preliminary approval, however, the Settlement is "fair, reasonable, and adequate," including because it was "the result of good faith, extensive arm's-length and non-collusive negotiations." ECF No. 95 ¶¶ 1, 2.[5]

Jane Doe 7's suggestion that the Settlement Amount should be "in the billions to trillions of dollars" is unsupported by any facts, analysis, or data. ECF No. 110 at 13. In any event, Jane Doe 7 fails to appreciate that any hypothetical amount of damages must take into consideration the delays and uncertainty of success for the Class, including but not limited to the difficulties of obtaining and maintaining class certification through trial, succeeding at trial, and succeeding in appeals. Accounting for these risks, the historic Settlement reached for the Class is an excellent result. *See* Preliminary Fairness Hearing Transcript (Jun. 1, 2023) at 7:3–5 (The Court: "I thought that there were many, many respects in which this was an excellent settlement, and I appreciate the hard work of counsel in reaching it."); *id*. at 7:19–20 (The Court: "I do think this was excellent work.").

Jane Doe 7 also asserts that an undefined "particular subset of the class" suffered more in damages from the alleged conduct, and "adequate relief to this subset has not been provided or

---

[5] Moreover, as set forth in the motion for preliminary approval, the Settling Parties engaged in a two-day mediation process overseen by highly experienced neutrals nationally renowned for helping to facilitate resolutions of cases related to sex abuse.

7

even sought." ECF No. 110 at 4–5. While it is unclear who Jane Doe 7 includes in such a "subset" or why these individuals would be entitled to more than other Class Members, the Settlement remains fair because each Class Member was able to submit a claim and receive an award based on the circumstances, severity, type, and extent of the alleged abuse or trafficking, the nature and duration of the relationship with Epstein, and the impact of the alleged conduct on the Class Member. To the extent any Class Members believed that the compensation they would receive under this process would be below what they were entitled to, they could have opted out before the July 28 deadline. ECF No. 95 ¶ 15.

### 3. Jane Doe 7 Fails to Credibly Allege Any Conflicts of Interests Held by the Claims Administrator or Other Problems with Claims Administration.

***No Conflicts of Interest***. Jane Doe 7 asserts that the "Claims Administrators" have "conflicts where Lelchuck [sic] and Jordana Feldman have repeatedly participated in *Epstein Litigation* where they routinely paid/denied claims in favor of the Defendants." ECF No. 110 at 5. The Court should ignore these baseless allegations. Jordana Feldman— the administrator of the Epstein Victims' Compensation Program, which ended long before this Action was filed and is unrelated to the Settlement—is not a Claims Administrator in this case, and Jane Doe 7 fails to substantiate her assertions either that Feldman or Lelchuk has ever administered funds "in favor of the Defendants" or that the Claims Administrator (Lelchuk) is in any way biased.

***Claims Administrator Was Properly Vetted***. Jane Doe 7's assertions that the Claims Administrator was not vetted properly and that her fees are too high are demonstrably false. The Court selected Lelchuk as Claims Administrator only after requiring the Parties to submit resumés for multiple other candidates together with proposed budgets and fee schedules for each. Preliminary Fairness Hearing Transcript (Jun. 1, 2023) at 6:19–25, 9:22–24.

***Claims Administrator Is Not Biased***. Jane Doe 7's claim that the Claims Administrator is

8

biased is wholly unsupported and fails to appreciate that the Claims Administrator is fully independent of the Settling Parties. *See* ECF No. 110 at 7 (alleging that the "CA is acting as a paid agent" and "not a neutral third party"). Neither party can influence the Claims Administrator's discretion in any way. The Claims Administrator also does not have a financial incentive to reach any specific award decision for any Class Member, which distinguishes the cases Jane Doe 7 cites for the proposition that conflicts of interest exist when an administrator both evaluates a claim *and* has a personal interest in its determination. *See id*.

***Notice Was Proper***. Jane Doe 7's attempt to criticize the Claims Administrator for various aspects of the Proposed Notice of Settlement also fails for several reasons. *First*, the form and method of Notice, which the Court approved, was carefully constructed to ensure that it was both clear to the reader and widely disseminated. *Second*, Jane Doe 7 cannot claim that she was unaware of the Settlement or identify any specific ways in which the Notice was deficient. To the contrary, she admits that she contacted Class Counsel three days after the Court granted preliminary approval of the Settlement, demonstrating that she had actual notice of the Settlement early on.[6] *Third*, Jane Doe 7's claims that the Notice was "inadequate" because it failed to provide sufficient information on proposed fees or the factors used to evaluate a claim are baseless, as the eleven-page Notice includes entire sections dedicated to the "Statement of Attorneys' Fees and Expenses Sought" and the "Factors" used in "determining an Allocated Amount." ECF No. 86-2 at 3, 5.

***Claims Administration Process Is Fair and Proper***. Jane Doe 7 also argues that any

---

[6] To the extent that Jane Doe 7's objection is that she did not receive the Notice by mail, that is because the Notice was only sent by mail to individuals that were identified by Class Counsel or the Claims Administrator as potential Class Members. As stated above, Class Counsel and the Claims Administrator are not aware of any evidence that would tend to suggest that Jane Doe 7 was a Class Member.

9

claims "evaluations to determine amounts to pay or validity of the claim should be conducted as pre-settlement litigation." ECF No. 110 at 10. But the Court only preliminarily certified the Class in this case upon the Parties reaching a settlement, and it is unclear how Jane Doe 7 believes Class Counsel could have met with and consulted absent Class Members—let alone litigated their claims—*before* the Settlement was reached and the Notice was served. In any event, the Court carefully considered and approved the claims administration process, ECF No. 95, and Jane Doe 7 fails to provide any evidence that it has been unfair or that it has or will result in unfair distributions of the Settlement proceeds. Indeed, a plan of allocation that allows a claims administrator to meet with and evaluate the claims of potential class members—such as the process here—is standard operating procedure for class or mass action sexual abuse settlements.

    **4.**   <u>Jane Doe 7's Objection to the Proposed Attorneys' Fees Is Meritless.</u>

The Court should reject Jane Doe 7's Objection to the proposed attorneys' fees. Without citing any evidence, Jane Doe 7 asserts that Class Counsel "colluded to neglect duties owed to the Class." ECF No. 110 at 12. Equally meritless is Jane Doe 7's assertion that "the majority of the attorneys have not done enough for the putative class to deserve fees." *Id*. at 13. As set forth in the opening brief to the Fees Motion, Class Counsel dedicated over 9,000 hours to the case. ECF No. 90, at 3. The amount requested is fair considering the considerable amount of time spent investigating, filing, and prosecuting this case, which resulted in an unprecedented $75 million dollar settlement on behalf of the Class after an arm's-length mediation before a neutral mediator. Any suggestion that the Parties colluded to reach a "clear sailing" agreement, ECF No. 110 at 13, is utterly without merit.[7]

---

[7] In an October 8 filing, Jane Doe 7 repeats her accusation of "collusion" against Class Counsel. ECF No. 112 at 2. The Court should disregard any additional arguments in this filing as untimely given the September 29, 2023, deadline for submitting objections. In any event, Jane Doe 7's

10

     **5.**  <u>Jane Doe 7's Arguments Concerning "Unjoined Co-Defendants" Are Without Merit.</u>

Jane Doe 7's arguments concerning "unjoined co-defendants" are largely unclear. But under any interpretation, they are meritless. *See* ECF No. 110, at 14–17. To the extent Jane Doe 7 argues that Class Counsel failed to sue "unjoined co-defendants" in this litigation, that should not affect the validity of the Settlement as those claims remain unreleased. This litigation concerned potential civil liability against Defendants (financial institutions) under the Trafficking Victims Protection Act. Joining other individuals or entities that did not have a banking relationship with Epstein would not be proper under the federal rules of procedure governing joinder.

To the extent Jane Doe 7 is instead arguing that certain Class Members had other claims unrelated to sex trafficking that are released by the Settlement, she fails to identify what those claims are. Jane Doe 7 vaguely alludes to "business data, development & investment related profits benefiting the Bank(s)," but fails to specify any allegedly illegal activity or identify what potential claims Class Members may have because of those alleged profits. *Id*. at 15.

     **6.**  <u>Jane Doe 7 Lacks Any Basis for Seeking the Class Representative's Identity.</u>

Jane Doe 7's assertion that she needs to know Jane Doe 1's identity to assess her ability to represent the class is without any basis in logic or the law. On December 5, 2022, the Court granted Class Representative leave to proceed anonymously, which she requested because of the personal and traumatizing experiences described in her complaint. ECF No. 28. Jane Doe 7 does not need to know the Class Representative's name to assess her adequacy to represent the Class, which was

---

assertion that Class Counsel have failed to assist victims in filing claims or directing them to the Settlement website is demonstrably false. To the contrary, Class Counsel diligently facilitated the filings of claims, leading to hundreds of victims successfully filing claims in this case and in the related action against JPMorgan.

11

explained at length in her prior motions for class certification and in support of approval of the Settlement.  ECF Nos. 71, 101.

Jane Doe 7 claims that "a particular subset of the class has been exposed" to the public "with or without their consent," ECF No. 110 at 16, but the unintentional disclosure of victim names in other litigations is no reason to disclose victim names here.[8]  The Parties have carefully guarded the confidentiality of victims' names throughout this litigation, and a key component of the Claims Administration process is the process of confidentiality to its participants.

### 7. Jane Doe 7's Claim of Unwaived Conflicts of Interest Is Unsubstantiated.

The Court should summarily reject Jane Doe 7's assertions "the class counsel, settlement administrator, class representative & presiding judicial officer (Jed Rakoff) have known & potential conflicts of interest," and that Class Counsel, Defendants Counsel, and the Claims Administrator are part of a "sophisticated cartel." ECF No. 110 at 12, 17–18.  Jane Doe 7 provides no basis for her allegations of collusion, and the Court has therefore no reason to doubt that the Settlement is "fair, reasonable, and adequate," and "the result of good faith, extensive arm's-length and non-collusive negotiations."  ECF No. 95 ¶¶ 1, 2.

## IV. CONCLUSION

The $75 million Settlement is an excellent recovery for the Class, and for the reasons set forth herein and in their opening papers, Class Representative and Class Counsel respectfully request that the Court overrule the Objection,[9] approve the Settlement and Plan of Allocation, and award the requested attorneys' fees and expenses.

---

[8] ████████████████████████████████████████

[9] Given Jane Doe 7's history of frivolous filings, Class Counsel intends to request an appeal bond

Dated: October 13, 2023

Respectfully submitted,

*/s/* David Boies

David Boies
Andrew Villacastin
Sabina Mariella
Alexander Law
Boies Schiller Flexner LLP
55 Hudson Yards
New York, NY
Telephone: (212) 446-2300
Fax: (212) 446-2350
Email: dboies@bsfllp.com
Email: avillacastin@bsfllp.com
Email: smariella@bsfllp.com
Email: alaw@bsfllp.com

Sigrid McCawley (*pro hac vice*)
Daniel Crispino (*pro hac vice*)
Boies Schiller Flexner LLP
401 E. Las Olas Blvd. Suite 1200
Fort Lauderdale, FL 33316
Telephone: (954) 356-0011
Fax: (954) 356-0022
Email: smccawley@bsfllp.com
Email: dcrispino@bsfllp.com

Bradley J. Edwards
Edwards Henderson Lehrman
425 N. Andrews Ave., Suite 2
Fort Lauderdale, FL 33301
Telephone: (954) 524-2820
Fax: (954)-524-2822
Email: brad@cvlf.com

Brittany N. Henderson
Edwards Henderson Lehrman
1501 Broadway

---

to prevent her from filing an appeal that would delay life-changing support from reaching Class Members. The circumstances here easily meet the standard set out by this Court for requiring appeal bonds. *In re Petrobras Securities Litigation*, 363 F. Supp. 3d 426, 435 (S.D.N.Y. 2019) (Rakoff, J.) (1. the appellant's financial ability to post a bond, 2. the risk that the appellant would not pay appellee's costs if the appeal loses, 3. the merits of the appeal, and 4. whether the appellant has shown any bad faith or vexatious conduct).

13

Floor 12
New York, NY
Telephone: (954) 524-2820
Fax: (954) 524-2820
Email: brittany@cvlf.com

Paul G. Cassell (*pro hac vice*)
S.J. Quinney College of Law at the
University of Utah
383 S. University St.
Salt Lake City, UT 84112
Telephone: 801-585-5202
Fax: 801-585-6833
Email: cassellp@law.utah.edu

(institutional address for identification purposes, not to imply institutional endorsement)

*Counsel for Jane Doe 1*