NAKIDOEC

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

JANE DOE 1, Individually and
on behalf of all others
similarly situated,

          Plaintiffs,

     v.                              22 Civ. 10018 (JSR)

DEUTSCHE BANK
AKTIENGESELLSCHAFT, et al.
                                     Hearing

          Defendants.

------------------------------x
                                     New York, N.Y.
                                     October 20, 2023
                                     2:30 p.m.

Before:

               HON. JED S. RAKOFF,

                                     District Judge

                    APPEARANCES

BOISE
     Attorneys for Plaintiffs
BY:  DAVID BOISE
     SIGRID S. MCCAWLEY
     ANDREW VILLACASTIN

EDWARDS HENDERSON LEHRMAN, PLLC
     Attorneys for Plaintiffs
BY:  BRADLEY J. EDWARDS
     BRITTANY HENDERSON
```

NAKIDOEC

APPEARANCES CONTINUED

PAUL CASSELL
    Attorney for Plaintiffs

ROPES & GARY LLP
    Attorneys for Defendant DEUTSCHE BANK AKTIENGESELLSCHAFT
BY:  DAVID B. HENNES
     LISA h. BEBCHICK
     ANDREW TODRES

Also Present:

Jane Doe 7, appearing telephonically

NAKIDOEC

1            (Case called)
2            MR. BOISE:  Good afternoon, your Honor.  David Boise,
3    of Boise Schiller & Flexner LLP.  With me is my partner, Sigrid
4    McCawley.
5            THE COURT:  Good afternoon.
6            MR. EDWARDS:  Good afternoon.  Bradley Edwards.  I am
7    here with my partner, Brittany Henderson.
8            THE COURT:  Good afternoon.
9            MR. CASSELL:  Paul Cassell.  I'm an attorney in Salt
10   Lake City, Utah.
11           MR. VILLACASTIN:  Andrew Villacastin on behalf of the
12   class as well, your Honor.
13           MR. HENNES:  Good afternoon, your Honor.  David Hennes
14   of Ropes & Grey on behalf of Duetsche Bank along with my
15   partners Lisa Bebchick and Andrew Todres.
16           THE COURT:  Good afternoon.  We are here to consider
17   final approval of the proposed class-action settlement as well
18   as the issue of attorneys' fees.  There were no opt-outs and
19   there was only one objection filed.  Although the objection
20   arguably was technically defective, I have decided to consider
21   it on the merits.  The objector, who we will refer to as "Jane
22   Doe 7" has filed numerous submissions to the Court, all of
23   which I have considered.  But I also, at her request, gave her
24   the opportunity to appear remotely and be heard.
25           So, Jane Doe 7, are you there?

NAKIDOEC

1           JANE DOE 7:  Yes, your Honor.

2           THE COURT:  All right.  So, if there is anything you
3    wanted to add now in addition to your written submissions, now
4    would be the time to do so.

5           JANE DOE 7:  Thank you, your Honor.  I don't
6    necessarily want to add anything.  I did request discovery.  I
7    wanted to assure or be assured that the Court had received that
8    request and was considering it.  And also, I wanted to discuss
9    the interests of having a continuance granted for the final
10   fairness hearing so the request for discovery could be further
11   reviewed by the Court and counsels on the record.

12          THE COURT:  So, I received your submission very
13   recently requesting discovery and requesting a continuance.
14   So, I have had a chance to consider those.  Anything else that
15   you wanted to raise?

16          JANE DOE 7:  No, your Honor.  I believe everything I
17   submitted in writing was pretty detailed.

18          THE COURT:  OK.  So, I should note for the record,
19   that counsel has submitted substantial objections both
20   substantively and otherwise to the submissions of the objector
21   and the only thing that counsel did not have a chance to
22   respond to because it was only submitted very recently was the
23   request for continuance and for discovery.  Does counsel want
24   to say anything about that?

25          MR. BOISE:  Just very briefly, your Honor.  We would

1   urge the Court that that would not be appropriate.  I don't
2   think the objector has identified any area of discovery that
3   would be appropriate and granting the continuance would simply
4   delay getting the money that is available to the victims.  For
5   the reasons that we put in our papers, we don't think the
6   objection is well stated, and there is nothing in with what the
7   objector has said that would indicate how discovery would
8   further the objections that she has raised.
9            THE COURT:  All right.  And is there anything the
10  objector wanted to say in response?
11           JANE DOE 7:  Yes, your Honor.  We haven't had an
12  opportunity to fully read or review the opposition that counsel
13  submitted to discovery or the objections.  And it is my
14  understanding, based upon the limited review that I have made
15  of their opposition to a discovery request or any of the
16  objections raised, is that with discovery, I believe I can
17  better establish the claims raised in my objection.  And I
18  would ask the Court to consider that in my favor and favor
19  granting either the continuance or discovery to allow me time
20  to review the opposition to the objections and to respond to
21  them and also, I do believe discovery would help support the
22  claims raised in the objection.
23           THE COURT:  All right.  Thank you very much.  While I
24  am impressed with the energy of the objector who has filed not
25  just in this case but in other cases numerous objections and

concerns.  In the end, I am not persuaded by them, nor do I see a need for any continuance or discovery.  So, the objector's objection and related requests are denied.  I will, however, issue a written opinion setting forth the reasons for my denial so that the objector will have that in writing and can pursue appeal or the like.

So, let's turn now to the settlement itself.  And I have only two small questions for counsel -- three, I should say.  But I should first note that I have, of course, spent a lot of time considering whether the settlement is fair reasonable and adequate and more particularly the factors highlighted under Rule 23(e) as well as the so-called Grinnell factors and I have considered all nine of those factors at some length.

Having said that, I find I only have three questions.  The first is what is the difference between the tier 1 and tier 2 questionnaires.  That is to say, how much more information must an individual submit with the tier-2 questionnaire in order to be eligible for a payment of up to $5 million.  So, let me stop there and see what the answer is.

MR. BOISE:  Certainly, your Honor.  The questionnaire for tier 2 is really a process for opening the door to not only the submission of additional information, but for interview and the like.  And the claims administrator is and will be conducting not only review of whatever information that the

person wants to submit that will answer the various factors that are identified in the notice in terms of the nature, the duration, and the other aspects of the particular persons' abuse.  And then to the extent that the survivor wants to have an opportunity, she can present orally any additional information.  So, it is really to allow the survivor to come forward with whatever additional information.

The tier one questionnaire simply to identify somebody and make sure that they belong in the class.

THE COURT:  All right.  I should mention, as I did at the previous hearing, that this Court reserves the right to be in contact with the claims administrator to, if necessary, review particular determinations by the claims administrator.  So, the claims administrator does not have a blank check.  Obviously, I selected the claims administrator because I had great confidence in the claims administrator's qualifications.  But we will continue to monitor that situation.

My second question is, I spent some time reviewing your time sheets.  Thank you for providing them.  It certainly reminded why I was so relieved to go on the bench.  But I wanted to be sure -- since we are going to be considering a parallel settlement shortly -- that there is no double billing here, that these are the times submitted with your time sheets were all time spent on the Duetsche Bank and just Duetsche Bank.

1   MR. BOISE: That's correct, your Honor. We have two
2   separate billing numbers. The court will understand, that to
3   some extent, work that was billed to Duetsche Bank had some
4   relevance to JP Morgan and vice versa. But there was no time
5   billed to both.
6   THE COURT: Very good. My last question relates to
7   the schedule of payment of attorneys' fees. My practice for
8   many years has been, after I determine how much attorneys' fees
9   to award, to direct 50 percent of them to be paid immediately
10  and the other 50 percent at the conclusion of the distribution
11  to the class members, both because that gives class counsel
12  motivation to be very attentive to a request for the claims
13  administrator and also, because I just think it's appropriate
14  that counsel not be fully paid until all the victims have been
15  paid. So, is there any objection to that?
16  MR. BOISE: None at all, your Honor. I think that is
17  entirely appropriate way to do it.
18  THE COURT: All right. So --
19  JANE DOE 7: Your honor?
20  THE COURT: I'm sorry?
21  JANE DOE 7: Your Honor, I have an objection.
22  THE COURT: Well, I saw your objections to the
23  attorneys' fees. If you have an objection to the procedure I
24  just mentioned, yes, you may state it now.
25  JANE DOE 7: My objection is that would have some

| | |
|---|---|
| 1 | relation to the claims administrator procedure.  At this time, |
| 2 | I am not sure if the Court is aware I personally -- a copy of |
| 3 | the notice nor any of the questionnaire, and I wasn't able to |
| 4 | submit a claim.  With that said, I guess my question would the |
| 5 | Court or the attorneys solution or instruction for dealing with |
| 6 | that issue? |
| 7 |      THE COURT:  I'm sorry, I am not quite following. |
| 8 | There was a slight interruption.  Would you want to say what |
| 9 | your question is again? |
| 10 |      JANE DOE 7:  So, my question is would the Court have |
| 11 | any order or instructions for how to deal with the fact that I |
| 12 | have not received any of the notices regarding assessment or |
| 13 | any of the claims form or submissions instructions.  I don't |
| 14 | have a claim form submitted with the claims administrator.  So, |
| 15 | I would be concerned or object to the attorneys being paid |
| 16 | immediately when there is still an issue with myself. |
| 17 |      THE COURT:  OK.  So, thank you for raising that.  I |
| 18 | will I don't think that is a sufficient reason to prevent the |
| 19 | immediate payment of half of attorneys' fees.  But I will |
| 20 | address that and consider that as further in my written |
| 21 | response to your various objections.  So, I will add that to |
| 22 | the matters that I will rule on or will have ruled on.  So, |
| 23 | again you will have my written response. |
| 24 |      So, I don't think particularly useful for me to go |
| 25 | through each and every one of the numerous factors that the |

NAKIDOEC

1   Court must consider, though I have done so and have considered
2   them each carefully.  But the bottom line, really, is this is
3   in the Court's view a terrific settlement.  It is very fair.
4   It is very reasonable.  It is very admirable.
5           I am very impressed that counsel for both sides were
6   able in this highly contentious case to come up with such a
7   well-designed settlement.  So, I am going to sign now the
8   proposed order that was submitted which I have also reviewed,
9   proving the settlement.  And I will hand that to my courtroom
10  deputy to docket.
11          With respect to attorneys' fees, although an award of
12  30 percent is not unusual in this district and other districts,
13  this Court has frequently cut the fees back in other cases
14  because I had problems either with the amount of the settlement
15  or the adequacy of the settlement or the amount of work done or
16  a variety of different factors.  And I have also sometimes been
17  impacted by the sheer amount of the settlement.  For example,
18  when I approved, the settlement a couple of years ago, *in re*
19  *Petrobras* where the settlement was $3.2 billion, there was no
20  way I was going to give 30 percent to the lawyers.  I think I
21  gave 6 percent if I remember correctly, but they survived,
22  nonetheless.  But here, I think the performance of counsel was
23  extraordinarily laudable and more than warrants the 30 percent.
24          So, I am accepting that.  That comes to $1,014,763.33
25  together with interest.  And I have taken the proposed order

NAKIDOEC

1  and simply added the following language:  50 percent of the
2  fees shall be paid immediately, the remainder following payment
3  to the class members provided in accordance with the plan of
4  allocation.
5         So, I have signed -- I'm sorry.  Yes?
6         MR. HENNES:  If I might, for a moment -- and I might
7  have to confer my co-counsel -- when you say "immediately,"
8  there is a procedure in the stipulation of settlement that
9  allows for the order to become final upon the exhaustion of
10 appeals and the like.  So, when you say "immediately," I assume
11 that is when the $75 million is payable by the bank.
12        THE COURT:  Yes.  Thank you.  Since I handwrote my
13 additional words, that always causes the clerk to get
14 consternation, I will revise the wording to reflect the good
15 point you just made.
16        MR. HENNES:  Thank you, your Honor.
17        THE COURT:  That will issue later today.
18        So, anything else we need to take up today?
19        MR. BOISE:  Not from the plaintiffs, your Honor.
20        MR. HENNES:  Not from Duetsche Bank.
21        THE COURT:  Very good.  Thanks very much.
22        (Adjourned)
23
24
25