UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JANE DOE 1, Individually and on Behalf of All Others Similarly Situated,

       Plaintiff,

-v-

DEUTSCHE BANK AKTIENGESELLSCHAFT, DEUTSCHE BANK AG NEW YORK BRANCH, DEUTSCHE BANK TRUST COMPANY AMERICAS,

       Defendants.

22-cv-10018(JSR)

OPINION

---

JED S. RAKOFF, U.S.D.J.:

On September 15, 2023, Jane Doe 7[1], a purported class member, filed an objection to the proposed class action settlement with Deutsche Bank. See Objs. to Proposed Settlement, ECF No. 110. Subsequently, on October 19, 2023, Jane Doe 7 filed a request for permission to conduct discovery to substantiate her previously filed objections. See Req. for Permission to Conduct Disc., ECF No. 120. On October 20, 2023, the Court overruled Jane Doe 7's objection, denied her request for discovery, and granted final approval to the settlement. 10/20/23 Hr'g Tr. at 5:23-6:6, 9:17-11:5, ECF No. 123; Order and Final J., ECF No. 122. This Opinion sets forth the reasons for the Court's decision to overrule Jane Doe 7's objection and deny her request for discovery.

---

[1] To protect the identity of the objector, the Court will use the pseudonym, Jane Doe 7.

I.    Background

Jane Doe 7 purports to raise objections, on behalf of herself and a subset of the class, to final approval of the proposed settlement of this class action. Objs. to Proposed Settlement, at 1. Broadly speaking, Jane Doe 7 raises six objections. The first objection relates to the sufficiency of the settlement. The second objection raises issues Jane Doe 7 perceives with the claims administrator and the claims administration process. Her third objection alleges the notice of settlement was inadequate. The fourth complaint is that Jane Doe 1, as well as alleged un-joined defendants, have been kept anonymous. The fifth objection relates to whether an award of attorneys' fees is warranted. Finally, her sixth objection relates to what she alleges are un-waived conflicts of interest between the Court, the claims administrator, class counsel, and lead plaintiff.

Jane Doe 7 is the only individual who filed an objection to the proposed Deutsche Bank settlement. As the Court explained at the final fairness hearing, the objection that Jane Doe 7 filed was technically defective. Jane Doe 7 failed to submit a copy of her objection by first-class mail to class counsel and defendants' counsel as required under the Amended Order Granting Preliminary Approval, and thus her objection was technically waived. See Am. Order Granting Prelim. Approval, ¶¶ 17, 19, ECF No. 95; Objs. to Proposed Settlement, at 4 ("This formal Objection was served electronically to class counsel (Edwards) with request & instructions for him to make appropriate arrangements to assure the Objections were timely filed; & permissions

to appear virtually were in place for the Fairness Hearing."). Despite the technical waiver, however, the Court decided to consider the objection on the merits. See 10/20/23 Hr'g Tr. at 3:19-21. As explained below, on the merits, her objection fails.

## II. Discussion

The first problem with Jane Doe 7's objection is that she failed to submit sufficient proof that she is a class member. Jane Doe 7 never submitted a claim in accordance with the Court-approved procedures; instead, she emailed class counsel stating she is "simply writ[ing] to give . . . formal legal notice in the interest of facilitating legal discussions for paying a multi-million dollar claim to my family & I in this class action lawsuit with JP Morgan." See Pl. Ex. F, at 1-2, ECF No. 115-6; Pl. Reply Mem. of Law, at 6, ECF No. 115; Joint Decl. Boies and Edwards, Ex. A-1, at 2, ECF No. 90-2 ("In order to be eligible to receive any payment from the Settlement, you (or Class Counsel on your behalf) must submit a Tier One Form to the Claims Administrator.").[2] In addition, with her objection, Jane Doe 7 did not submit adequate documentation to show she is a class member in accordance with this Court's order. See Am. Order Granting Prelim. Approval, ¶ 18 (requiring that "[a]ny objections, filings, and other submissions by an objecting Class Member must . . . (iii) include documents sufficient to prove membership in the Class"). All Jane Doe 7 submitted was her own declaration, but several of the statements in

---

[2] At the final fairness hearing, Jane Doe 7 conceded she did not submit a claim to the claims administrator. See 10/20/23 Hr'g Tr. at 9:1-16.

3

her declaration are inconsistent with being a class member. Jane Doe 7 claims to have been trafficked and/or to have suffered abuse between 1989 to 2023, even though Jeffrey Epstein died in 2019, and claims that her "knowledge of the Bank's facilitation of the crimes of the Epstein Enterprise began early on with the trafficking in the early 90s," which is years before Jeffrey Epstein is alleged to have become a client of Deutsche Bank. See Decl. of Jane Doe 7, ¶¶ 6-7, ECF No. 111; First Am. Compl., ¶ 76, ECF No. 42.[3] In sum, Jane Doe 7's failure to adequately show she is a member of the class is a sufficient basis for overruling her objection.

Even setting aside the issue of whether Jane Doe 7 has shown her membership in the class, Jane Doe 7's substantive objections present no obstacles to granting final approval of the settlement. To start, Jane Doe 7 objects that the settlement amount of $75 million is insufficient because it bears no "relation to the damages the members of the class have sustained," will not "deter the Bank from continuing its conduct of facilitating crimes targeting members of the class by compensating the injured members of the class fairly/reasonable," and does not adequately compensate for "profits, rewards [and] benefits" defendants have received and will continue to receive from participating in the trafficking. Objs. to Proposed Settlement, at 4,

---

[3] The additional allegations that Jane Doe 7 makes in her request for discovery also do not provide sufficient evidence to prove she is a class member. See Req. for Permission to Conduct Disc., Addendum, at 2-5.

4

14-15.[4] The Court disagrees. Jane Doe 7 has failed to provide any support, let alone any logical arguments, as to why the settlement amount is insufficient or how the claims process, which permits class members that submit a Tier Two claim to receive up to $5 million depending on the circumstances of the abuse, see Lelchuk Decl., ¶ 4, ECF No. 98-1, would result in an insufficient monetary award. As the Court already found, under Federal Rule of Civil Procedure 23(e) and the "Grinell" factors, this settlement was a "terrific" result for the class, see 10/20/23 Hr'g Tr. at 10:2-3, and nothing in Jane Doe 7's objection undermines that conclusion.

Next, Jane Doe 7 asserts a panoply of arguments about alleged deficiencies with the claims administrator and the claims administration process. First, Jane Doe 7 asserts that the claims administrator has conflicts of interest that were not properly vetted, is biased, and is charging excessive fees. Objs. to Proposed Settlement, at 5-9. That objection again misses the mark. The claims administrator and her proposed fees were properly vetted. The Court required the parties to submit the resumes of potential claims administrators, with proposed hourly fee schedules, before the Court selected Ms. Lelchuk, who charged the lowest hourly rate among the

---

[4] Jane Doe 7 also objects that un-joined defendants "will continue to profit" and a subset of the class has claims that are not adequately compensated because they were "targeted strictly for business data, development [and] investment related profits benefiting the Bank(s)." See Objs. to Proposed Settlement, at 15. It is not clear what claims Jane Doe 7 is referencing nor how un-joined defendants could undermine the validity of the settlement with the named defendants. This objection is baseless.

5

three candidates. See Jointly-Proposed Candidates for Claims Administrator, at 1-2, ECF No. 87; Order Granting Prelim. Approval, ¶ 6, ECF No. 91; Am. Order Granting Prelim. Approval, ¶ 6; 6/1/23 Hr'g Tr. at 6:19-25, ECF No. 92. Jane Doe 7 has also failed to identify any evidence of a conflict of interest or potential source of bias. In sum, her objections to the claims administrator are baseless.

Second, Jane Doe 7 contends the claims administration process is unfair because the claims administrator can deny and decide the value of claims. According to Jane Doe 7, the proper procedure would be for all claims to be evaluated and valued prior to settling. Objs. to Proposed Settlement, at 9-11. That argument is illogical. It is standard practice for claims administrators to deny baseless claims and assess the value of meritorious claims. Here, the factors that will guide the claims administrator in evaluating the claims are explicit and reasonable. See Joint Decl. of Boies and Edwards, Ex. 1 at 23-24, ECF No. 90-1 ("[T]he Claims Administrator shall consider the following information: the circumstances, severity, type, and extent of the alleged abuse or trafficking, the nature and duration of the relationship with Epstein, and the impact of the alleged conduct on the Participating Claimant."). Furthermore, as the Court explained on the record, the Court "reserves the right to be in contact with the claims administrator to, if necessary, review particular determinations by the claims administrator." 10/20/23 Hr'g Tr. at 7:10-13. Accordingly, the Court finds the objections to the claims administration process to be without merit and overrules them.

6

Next, Jane Doe 7 takes issue with the notice of settlement. She argues it is inadequate because it does not describe the settlement, was not published in appropriate places to notify class members, does not explain how claims will be evaluated, and fails to explain that attorneys' fees can be sought. See Objs. to Proposed Settlement, at 11-12. Jane Doe 7 is wrong. The notice of settlement lays out the terms of the settlement (including the availability of attorneys' fees and expenses), information about the litigation, the plan of allocation (including how claims will be evaluated); and also explains how to submit a claim, how to object to the settlement, and how to obtain additional information. See Joint Decl. of Boies and Edwards, Ex. A-1. Furthermore, the notice and settlement forms were sent directly to the potential class members that class counsel identified and were posted on a case-specific website. Lelchuk Decl., ¶¶ 8, 10. In addition, summary notices were published in USA Today and Gazeta Wyborcza. Id. ¶ 9.[5] The Court accordingly finds that the notice of settlement was legally proper. See Wal-Mart Stores, Inc. v. Visa U.S.A., Inc., 396 F.3d 96, 113-14 (2d Cir. 2005) (A settlement notice satisfies due process and Federal Rule of Civil Procedure 23 when it "fairly apprise[s] the prospective members of the class of the terms of the proposed settlement and of the options that are open to them

---

[5] For the same reasons, the Court finds Jane Doe 7's suggestion that "[t]he CA(s) has failed to even submit claim forms to members of a subset of the class who contacted class counsel directly when the subset learned of the litigation & settlement via the media" is completely without substantiation or merit. See Objs. to Proposed Settlement, at 11.

in connection with the proceedings" and "if [the notice can] be understood by the average class member.").[6]

Jane Doe 7 also takes aim at the award of attorneys' fees.[7] The basis for her objection is that class counsel did "not act[] in good faith to obtain adequate relief for the class," did not adequately attempt to find class members, did not meet with class members prior to settling, and did not obtain conflicts of interest waivers. Objs. to Proposed Settlement, at 12-13. She also argues that "the majority of the attorneys have not done enough for the putative class to deserve fees." Id. at 13. Yet again, these objections are baseless. Jane Doe 7 has put forward no evidence to substantiate any of her allegations. To the contrary, the evidence in the record indicates that class counsel dedicated over 11,000 hours to successful resolution of this case, see Edwards Decl., ¶¶ 5, 7, ECF No. 105; McCawley Decl., ¶ 5, ECF No. 106, and undertook extensive efforts to find and locate

---

[6] Unless otherwise indicated, case quotations omit all internal quotation marks, alterations, footnotes, and citations.

[7] For the first time at the final fairness hearing, Jane Doe 7 objected to an immediate payment of 50% of the attorneys' fees to class counsel. The basis of her objection was that she had not yet submitted a claim because she allegedly did not receive a "notice[] regarding assessment or any of the claims form or submission instructions." See 10/20/23 Hr'g Tr. at 8:25-9:16. However, Jane Doe 7 plainly knew about the settlement prior to the claims deadlines, as she emailed class counsel notice of her claim on June 30, 2023, which is over a month in advance of the deadline for filing a Tier One claim on August 10, 2023 and the deadline for filing a Tier Two claim on August 27, 2023. Am. Order Granting Prelim. Approval, ¶ 13; Pl. Ex. F. Accordingly, the responsibility for failing to file a claim rests exclusively with Jane Doe 7 and therefore provides no basis upon which to delay the payment of attorneys' fees that class counsel has rightfully earned.

potential class members, Lelchuk Decl., ¶¶ 7-10; Pl. Mem. of Law in Supp. of Mot. for Final Approval, at 10-11, ECF No. 101.

Jane Doe 7 also objects the anonymity of Jane Doe 1 and certain alleged un-joined defendants. See Objs. to Proposed Settlement, at 16-17. First, it is not at all clear from Jane Doe 7's objection who these un-joined defendants are that have remained anonymous. Even if these supposed un-joined, anonymous defendants exist, Jane Doe 7 has provided no explanation or reason why the anonymity of non-parties would be problematic. The anonymity of non-parties is completely irrelevant to assessing the fairness of the proposed settlement. Second, the Court rejects Jane Doe 7's contention that Jane Doe 1's anonymity poses an obstacle to final approval. Jane Doe 7 argues that Jane Doe 1's anonymity deprives her of the ability to assess Jane Doe 1's adequacy to represent the class. That is without merit. Based upon the information provided by counsel, the Court was able to assess Jane Doe 1's adequacy to serve as a Lead Plaintiff without knowing her identity. The Court sees no reason Jane Doe 7 could not do the same. These objections are accordingly overruled.

Finally, Jane Doe 7 argues that "class counsel, [the] settlement administrator, class representative [and] the presiding judicial officer (Jed Rakoff) have known . . . potential conflicts of interest that are . . . unwaived." Objs. to Proposed Settlement, at 17-18. However, Jane Doe 7 never identifies or provides evidence of any such conflict of interest. This objection is accordingly overruled.

9

In what is perhaps a last-ditch effort to save her completely baseless and unsubstantiated objections, Jane Doe 7 filed a last minute request for discovery to further support her objections and develop legal claims related to "misappropriated business data [and] anti-competitive business practices." Req. for Permission to Conduct Disc., at 1. Jane Doe 7 requests a voluminous amount of documentation from class counsel, the claims administrator, and Deutsche Bank. Id. at 3-5. However, "[o]bjectors to a settlement have no automatic right to discovery or an evidentiary hearing in order to substantiate their objections." Charron v. Wiener, 731 F.3d 241, 248 (2d Cir. 2013). Rather, the Second Circuit has explained that "where objectors raise cogent factual objections to the settlement and prior discovery was insufficient or nonadversarial," district courts must "exercise particular care to see to it that the . . . objecting class member has had a full opportunity to develop the basis for [the] objection." Id. Given the baseless nature of her substantive objections and the enormous amount of discovery that the parties undertook prior to settling, the Court finds that allowing Jane Doe 7 to conduct further discovery is not warranted. Her request appears to be nothing more than a fishing expedition that is not likely to unearth any new information that would be relevant to assessing the fairness of the settlement or to fleshing out her objections. The request for discovery is accordingly denied.

10

## III. Conclusion

In conclusion, Jane Doe 7's objection is overruled and her request for discovery is denied.

SO ORDERED.

New York, NY
November 13, 2023

_____
JED S. RAKOFF, U.S.D.J.