```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| JANE DOE 1, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>  -v-<br><br>DEUTSCHE BANK AKTIENGESELLSCHAFT, DEUTSCHE BANK AG NEW YORK BRANCH, DEUTSCHE BANK TRUST COMPANY AMERICAS,<br><br>    Defendants. | 22-cv-10018 (JSR)<br><br>ORDER |
| JANE DOE 1, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>  -v-<br><br>JP MORGAN CHASE BANK, N.A.,<br><br>    Defendant. | 22-cv-10019 (JSR) |

JED S. RAKOFF, U.S.D.J.:

The Court previously granted final approval of class action settlements in the two above-captioned cases. Simone Lelchuk was appointed as claims administrator to oversee the distribution of funds pursuant to both settlements. Both settlements laid out an identical set of factors Ms. Lelchuk was to consider in determining the amount each class member would be allocated pursuant to the settlement, including "the circumstances, severity, type and extent of the alleged

1

harm, injury, exploitation, abuse or trafficking, the nature and duration of the relationship with Epstein, any cooperation with government investigations or refusal to cooperate with government investigations or refusal to cooperate with this civil litigation including any convictions relating to Epstein's sex trafficking venture, and the impact of the alleged conduct on the Participating Claimant, and the extent of recovery, if any, in the" other class action settlement (to avoid double recovery, since the classes in these two cases have some overlap).

Beyond these factors, the settlements gave Ms. Lelchuk broad discretion in making allocation determinations. However, at the final fairness hearings in each of these cases, the Court expressed its intent to exercise a continuing, *ex parte*, oversight role to ensure that the allocation of class funds was fair and reasonable as between class members, and all parties agreed to having the Court do so. Pursuant to this oversight, Ms. Lelchuk was directed to provide the Court with a confidential report detailing the allocation determinations made by Ms. Lelchuk during the preceding months and the reasons therefore.

Pursuant to this arrangement Ms. Lelchuk submitted to the Court, *ex parte*, a confidential report, dated December 14, 2023, summarizing the allocation determinations she proposed to make pursuant to the settlements, as well as the methodology she employed in doing so. After reviewing that report, the Court presented further questions, to which Ms. Lelchuk responded with a further detailed confidential

2

report dated January 4, 2024. Having reviewed the excellent reports submitted by Ms. Lelchuk, the Court is fully satisfied that the method she has employed has been fair, reasonable and consistent with the factors laid out in the class action settlements. Accordingly, the Court hereby grants Ms. Lelchuk permission to proceed with the distribution of funds from each of the settlements in accordance with the determinations she has reached and presented to the Court.

    SO ORDERED.

New York, NY
January 5, 2024

_____
JED S. RAKOFF, U.S.D.J.